FLEET ENGINEERS, INC.,

    **Plaintiff,**

    *vs.*

MUDGUARD TECHNOLOGIES, LLC,

    **Defendant.**

No. 3:25-mc-00005

**Judge Richardson**

**Magistrate Judge Frensley**

## NOTICE OF CITATION DEFICIENCIES IN NON-PARTY SURTI'S STATUS REPORT

Plaintiff Fleet Engineers, Inc. ("Fleet Engineers") hereby notifies the Court of citation deficiencies in Non-Party[1] Tarun Surti's ("Mr. Surti") status report filed on May 1, 2026 (Doc. 37) to ensure the Court does not inadvertently rely upon authorities that do not exist or do not contain the propositions for which they are cited.

### FACTS

Fleet Engineers obtained a judgment against Defendant Mudguard Technologies, LLC on March 30, 2018. Doc. 1. On June 1, 2018, Tramec Sloan, LLC ("Tramec") acquired the assets of Fleet Engineers. *See* Doc. 8 at PageID #166–177. Fleet Engineers filed this action to enforce the judgment but subsequently moved to substitute Tramec as the plaintiff in this action pursuant to Fed. R. Civ. P. 25(c). *See* Docs. 14 and 15.

Mr. Surti's status report challenges Fleet Engineers' motion to substitute and cites *Bamerilease Capital Corp. v. Nearburg*, 958 F.2d 150 (6th Cir. 1992); *Cranpark, Inc. v. Rogers*

---

[1] As Fleet Engineers explained in its May 1, 2026 status report, the only defendant in this proceeding to register a judgment is the judgment debtor, Mudguard Technologies, LLC. *See* Doc. 36 at PageID# 430; *see, also,* Fleet Engineers' Motion to Alter or Amend Order Requiring Joint Status Report, Doc. 33, at PageID# 390–391.

*Group, Inc.*, 821 F.3d 723 (6th Cir. 2016); *Farmers Insurance Exchange v. Kurzmann*, 257 Mich. App. 412 (2003); *New Hampshire v. Maine*, 532 U.S. 742 (2001); *In re Rice*, 462 B.R. 651 (B.A.P. 6th Cir. 2011); and *Smith v. Thompson*, No. M2006-00441-COA-R3-CV, 2007 WL 1828325 (Tenn. Ct. App. June 26, 2007).

Fleet Engineers has retrieved and reviewed each of these authorities. While the citation to *New Hampshire v. Maine*, 532 U.S. 742 (2001) is not deficient, the remaining citations are deficient. One appears to be a non-existent case, and four do not contain the propositions for which they are cited.

## NON-EXISTENT CASE

Mr. Surti cites *Smith v. Thompson*, No. M2006-00441-COA-R3-CV, 2007 WL 1828325 (Tenn. Ct. App. June 26, 2007) on PageID# 438 for the proposition that "only the party that possesses the substantive right being asserted may enforce a judgment" under Tennessee law. The Westlaw citation "2007 WL 1828325" does not retrieve a Tennessee Court of Appeals opinion, it retrieves *Ryan v. Nuzzo*, No. CV065005836S, 2007 WL 1828325 (Conn. Super. Ct. June 6, 2007), an unpublished decision of the Superior Court of Connecticut about a residential boundary-line dispute. It contains no discussion of any legal principle relevant to this proceeding. A search of the Tennessee case law database in Westlaw using the docket number "M2006-00441-COA-R3-CV" does not return any case.

## NON-EXISTENT PROPOSITIONS

Mr. Surti cites ***Bamerilease Capital Corp. v. Nearburg***, 958 F.2d 150, 153 (6th Cir. 1992) on PageID #436 for the proposition that "Rule 25(c) applies only to transfers occurring after the action is commenced." *Bamerilease* is a Sixth Circuit decision arising from a contract and settlement enforcement dispute in the Northern District of Ohio. The court's discussion of Rule

25(c) concerns a corporate name change and whether the district court properly allowed substitution to reflect that name change. The Sixth Circuit affirmed the district court's grant of substitution, holding that "[t]he matter of substitutions due to a transfer of interest is within the discretion of the district court" and that the appellant had failed to show any abuse of that discretion. 958 F.2d at 154. The opinion does not hold that Rule 25(c) is limited to transfers occurring after the commencement of litigation and does not address the timing of a pre-litigation asset transfer as a bar to substitution.

Mr. Surti cites *Cranpark, Inc. v. Rogers Group, Inc.*, 821 F.3d 723 (6th Cir. 2016) on PageID#438–439 for the proposition that "only the party that possesses the substantive right being asserted may enforce a judgment." *Cranpark* is a Sixth Circuit decision arising from a breach of contract and promissory estoppel dispute in which the plaintiff, Cranpark, Inc., sold its business assets before obtaining a judgment and thereafter continued to prosecute its pending claims. The question before the Sixth Circuit was whether a party that had transferred its cause of action prior to judgment retained Article III standing to continue litigating and to obtain a verdict. The court held that it did, reversing the district court's post-verdict dismissal and reinstating a $15.6 million jury award. 821 F.3d at 731. Cranpark does not address post-judgment asset transfers, post-judgment enforcement, or substitution of parties under Federal Rule of Civil Procedure 25(c).

Mr. Surti cites *Farmers Insurance Exchange v. Kurzmann*, 257 Mich. App. 412, 418 (2003) on PageID# 437 for the proposition that "under Michigan law, an assignment of a judgment must be in writing," pairing the citation with a reference to Mich. Comp. Laws § 566.106. *Farmers* is a Michigan Court of Appeals decision concerning whether a household exclusion clause in an automobile liability insurance policy was ambiguous and void as against public policy. The opinion contains no discussion of any legal principle relevant to this proceeding. Additionally,

**Mich. Comp. Laws § 566.106**, cited alongside *Farmers Insurance*, is Michigan's statute of frauds applicable to conveyances of interests in land; it does not govern the assignment of judgments.

Mr. Surti cites **In re Rice,** 462 B.R. 651 (B.A.P. 6th Cir. 2011) on PageID #439 for the proposition that "Rule 17(a)(3) does not allow substitution to cure a complete lack of standing at filing." *Rice* is a decision of the Sixth Circuit Bankruptcy Appellate Panel addressing whether a bank, as an assignee of a motor vehicle security interest, had standing to seek relief from the automatic stay in a Chapter 7 bankruptcy proceeding under 11 U.S.C. § 362(d). The opinion analyzes Ohio's Certificate of Title Act and Article 9 of the Uniform Commercial Code as adopted in Ohio and holds that an assignee of a perfected security interest in a motor vehicle is not required to re-note the assignment on the certificate of title in order to maintain its perfected status and to have standing to seek stay relief. The case addresses the definition of "party in interest" under the Bankruptcy Code, not the scope or limits of Rule 17(a)(3) as applied to civil standing defects at the time of filing. The opinion contains no discussion of any legal principle relevant to this proceeding.

## PRIOR DEFICIENT CITATIONS

Mr. Surti has a history of submitting false or inaccurate legal citations. In a related case, *Tramec Sloan, LLC v. Tarun N. Surti*, Case No. 1:25-cv-00374 (W.D. Mich.), the district court issued a show-cause order finding that Mr. Surti had submitted false or inaccurate legal citations, which Mr. Surti acknowledged. *See* Order to Show Cause dated October 15, 2025, and Mr. Surti's Response to that Order, dated October 21, 2025, attached as Exhibits A and B to this notice.

Dated July 16, 2026.

Respectfully submitted,

**SPENCER FANE LLP**

/s/ W. Justin Adams
W. Justin Adams, TNBPR 022433
511 Union Street, Suite 1000
Nashville, Tennessee 37219-1778
615-238-6300 (Telephone)
615-238-6301 (Facsimile)
wjadams@spencerfane.com

*Counsel for Fleet Engineers, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that a true and exact copy of the foregoing has been served via the Court's

CM/ECF system on:

Mr. Tarun Surti
5928 Westheimer Dr.
Brentwood, TN 37027
vflaps@gmail.com

Individually and as Registered Agent for Defendant Mudguard Technologies, LLC

today, July 16, 2026.

/s/ W. Justin Adams