**EXHIBIT A**

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TRAMEC SLOAN, LLC,                )
         Plaintiff,                )
                                   )     No. 1:25-cv-374
v.                                )
                                   )     Honorable Paul L. Maloney
TARUN N. SURTI,                   )
         Defendant.                )
_____   )

### ORDER TO SHOW CAUSE

Upon review of Defendant's filings, the Court has discovered a series of irregularities in Defendant's citations to legal authority. "The filing of complaints, papers, or other motions without taking the necessary care in their preparation" is an "abuse of the judicial system" potentially justifying the imposition of sanctions under Federal Rule of Civil Procedure 11. *Cooter & Gell v. Hartmax Corp.*, 496 U.S. 384, 398 (1990). "An attempt to persuade a court or oppose an adversary by relying on fake opinions is an abuse of the adversary system." *Mata v. Avianca, Inc.*, 678 F. Supp. 3d 443, 461 (S.D.N.Y. 2023) (citing *Salavoaara v. Eckert*, 222 F.3d 19, 34 (2d Cir. 2000)). The irregularities that follow raise questions about Defendant's use of the judicial system. Defendant must show cause why his citations described below do not violate his obligations under Federal Rule of Civil Procedure 11(b).

1

## I.

### ECF No. 17: Defendant's Reply in Support of Motion to Dismiss

Defendant twice cites "*United States v. Distler*, 671 F. Supp. 445 (W.D. Ky. 1987)."[1] (ECF No. 17 at PageID.128-29). A case by that name exists, but it is a case from the Sixth Circuit Court of Appeals rather than the United States District Court for the Western District of Kentucky. *See United States v. Distler*, 671 F.2d 954 (6th Cir. 1981). That Sixth Circuit case, though, cannot match the pincites in Defendant's briefing and is entirely irrelevant to the propositions the case is used to support. The citation to the Federal Supplement in Defendant's brief is not the beginning of any case; instead, page 445 is in the middle of *Succession of Bordelon v. Fidelity Brokerage Servs., Inc.*, 671 F. Supp. 442 (E.D. La. 1987). The pages in Defendant's pincites would lie in the middle of *Couvillion v. Nicklos Oil & Gas Co.*, 671 F. Supp. 446 (E.D. La. 1987). Neither of these cases contain anything relevant to the proposition for which Defendant cites "*Distler*," which is that a dissolved corporation lacks capacity to litigate. (ECF No. 17 at PageID.128-29).

Defendant quotes *In re Sealed Case*, 791 F.2d 179, 182 (D.C. Cir. 1986). (ECF No. 17 at PageID.129-30). Specifically, Defendant claims that the opinion gives a definition of fraud, and quotes it as saying that definition is "an unconscionable plan or scheme . . . designed to improperly influence the court in its decision." This passage does not appear on page 182, or anywhere else in the opinion. Further, the case does not involve any issues of fraud at all.

---

[1] To differentiate between cited authority the existence of which the Court has been able to independently verify and authority the Court has not been able to verify, the Court will use quotation marks around unverified authorities. *See Mata*, 678 F. Supp. 3d at 450.

Defendant quotes *Workman v. Bell*, 245 F.3d 849, 852 (6th Cir. 2001), claiming that the opinion contains the exact words, "Fraud on the court is fraud which seriously affects the integrity of the normal process of adjudication." (ECF No. 17 at PageID.130). *Workman* does not contain that sentence on page 852 or anywhere else.

Defendant cites *Rite-Hite Corp. v. Kelley Co.*, 56 F.3d 1538, 1554 (Fed. Cir. 1995). (ECF No. 17 at PageID.133). Defendant claims that *Rite-Hite* contains the exact sentence, "Infringers who engage in willful and deliberate acts of infringement . . . are subject to enhanced damages to deter such behavior." That language does not appear on the cited page or anywhere else in the opinion.

Defendant cites *Blonder-Tongue Labs, Inc. v. Univ. of Ill. Found.*, 402 U.S. 313 (1971). (ECF No. 17 at PageID.135). Defendant does not provide a pincite in this opinion, but claims that it contains the exact words "serial challenges" in a discussion of relitigating claims by corporate successors. Those words do not appear in the opinion, nor does the general issue of corporate succession.

Defendant cites *Beverly Hills Fan Co. v. Royal Sovereign Corp.*, 21 F.3d 1558, 1571 (Fed. Cir. 1994) for the proposition that venue was proper where a defendant had "purposefully shipped the accused product into [the forum] through an established distribution channel." (ECF No. 17 at PageID.136). The opinion contains a similar phrase to the one quoted, albeit one which would require additional bracketed modification to be an exact quote, but it appears on page 1565, not page 1571. Additionally, the phrase appears in a discussion of personal jurisdiction, not venue; the case does not involve venue at all.

**ECF No. 19: Defendant's Motion for Sanctions**

Defendant cites *Demjanjuk v. Petrovsky*, 10 F.3d 338, 348 (6th Cir. 1993). (ECF No. 19 at PageID.239). Defendant claims the opinion contains the phrases, "defile[s] the court itself" and "subvert[s] the integrity of the judicial process." These phrases do not appear anywhere in the opinion.

Defendant cites *Keystone Driller Co. v. General Excavator Co.*, 290 U.S. 240, 245 (1933). (ECF No. 19 at PageID.241). Defendant claims that the opinion contains the exact phrase, "immediate and necessary relation to the matter in litigation." The correct phrase from the opinion, however, is "immediate and necessary relation to the equity that he seeks in respect of the matter in litigation."

**ECF No. 21: Defendant's Reply in Support of Motion for Sanctions**

Defendant cites *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008). (ECF No. 21 at PageID.266, 273). Defendant claims that the citation supports the proposition that preclusion does not permit a party to relitigate by hiding behind the label of a "new party." The phrase "new party" does not appear anywhere in the opinion, and page 892 only discusses the broad outlines of issue and claim preclusion.

Defendant cites *Sprint Commc'ns Co. v. APCC Servs., Inc.*, 554 U.S. 269, 273 (2008), for the proposition that standing doctrine requires parties to assert their own legal rights rather than those of others. (ECF No. 21 at PageID.266). While this page features a discussion of standing doctrine, no support for that proposition appears on it.

Defendant cites "*Truck Owners & Shippers*, 209 F.3d 929." (ECF No. 21 at PageID.268). This could be an erroneous short-form citation to a case never cited in full;

however, page 929 of 209 F.3d is not the beginning of a case at all, instead falling in the middle of *Managed Health Care Associates, Inc. v. Kethan*, 209 F.3d 923 (6th Cir. 2000). There is a case which could be cited in short form as *Truck Owners & Shippers*, but that would be a 1924 case from the Supreme Court of California. *See Truck Owners & Shippers, Inc. v. Superior Ct.*, 228 P. 19 (Cal. 1924).

Defendant quotes "*Blaikie v. City of New York*, No. 02CV5420, 2003 WL 1888717, at *3 (S.D.N.Y. Apr. 15, 2003)." (ECF No. 21 at PageID.268). This Westlaw citation does not appear to exist. There is a case called *Blaikie v. City of New York*, but it is a New York state court case from 1963. 245 N.Y.S.2d 121 (N.Y. Sup. Ct. 1963). There is a case from the United States District Court for the Southern District of New York with a Westlaw citation *close* to the one Defendant provides, but that case is *Brown v. Barnhart*, No. 02 Civ. 4523(SHS), 2003 WL 1888727 (S.D.N.Y. Apr. 15, 2003). That case does not contain the quoted text or anything close to it.

Defendant quotes "*Pac. Indem. Co. v. Kalima Microelectronics, Inc.*, 86 F. Supp. 3d 341, 356 (D.N.J. 2015)." (ECF No. 21 at PageID.269). No case by this name exists, and the pages indicated are in the middle of the lengthy opinion in *Perez v. Koresko*, 86 F. Supp. 3d 293 (E.D. Pa. 2015). The quoted language does not appear in that opinion.

Defendant cites "*Salomon v. A. Salomon & Co.* [1897] AC 22." (ECF No. 21 at PageID.269). The Court cannot identify any case by this name, nor can it deduce to what it may be referring.

Defendant quotes *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238, 246 (1944). (ECF No. 21 at PageID.273). However, the first phrase Defendant quotes does not

appear on that page of the opinion, and the second phrase does not appear in the opinion at all.

Defendant quotes *Demjanjuk*, 10 F.3d at 352. (ECF No. 21 at PageID.273). However, the quoted language does not appear in the opinion, as with Defendant's citation in prior documents.

**ECF No. 26: Defendant's Reply in Support of Motion for Judgment as a Matter of Law**

Defendant repeatedly cites *Allied Chemical Corp. v. Mackay*, 695 F.2d 854, 855-56 (5th Cir. 1983), for propositions related to when a party is the real party in interest. (*See, e.g.,* ECF No. 26 at PageID.315). *Allied Chemical* involved interpretation of a Mississippi usury statute and the question of whether a party waived a usury defense. *Allied Chem. Corp.*, 695 F.2d at 855-56. The case involved no dispute of who was a real party in interest and the opinion contains no discussion of related issues or law.

Defendant quotes *Hughes v. United States*, 953 F.2d 531, 536 (9th Cir. 1992), as containing the sentence, "In determining the applicability of a rule, we look to the substance of the motion rather than its label." (ECF No. 26 at PageID.321). The opinion does not contain this sentence or anything close to it. Defendant also cites *Hughes* for a similar proposition to the supposedly quoted language. (ECF No. 26 at PageID.316). *Hughes* does not contain discussion of any relevant issues to support that proposition.

## II.

Based on this Court's review of Defendant's submissions, it appears that there are many erroneous citations of legal authority, and citations to fabricated legal authority, used to attempt to persuade the Court. Defendant must show cause and file a response to this

order within seven (7) days indicating how he has not violated his obligations under Federal Rule of Civil Procedure 11(b). Failure to explain the defects documented in this order may result in the imposition of sanctions.

Defendant must **SHOW CAUSE** and file a response to this order within (7) seven days of the date on this order.

**IT IS SO ORDERED.**

Date:  October 15, 2025                                    /s/ Paul L. Maloney
                                                                    Paul L. Maloney
                                                                    United States District Judge

7