**EXHIBIT B**

**IN THE UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT COURT OF MICHIGAN**

| | |
|---|---|
| **TRAMEC SLOAN, L.L.C.**<br>A Delaware Limited Liability Company<br>**Plaintiff,**<br><br>v.<br><br>**TARUN N. SURTI**<br>An Individual<br>**Defendants,** | **Case No. 1:25-CV-00374**<br><br>**Honorable Paul L. Maloney** |

**DEFENDANT'S RESPONSE TO ORDER TO SHOW CAUSE (ECF No. 27)**

Now comes Defendant, Tarun N. Surti, appearing *pro se*, and respectfully submits this Response to the Court's Order to Show Cause (ECF No. 27). For the reasons stated below, Defendant respectfully submits that sanctions are not warranted.

1. **Acknowledgement of Error and Explanation**

Defendant acknowledges the citation errors identified by the Court. These errors were unintentional and resulted from Defendant's good-faith reliance, as a *pro se* litigant without access to commercial databases, on publicly available secondary sources and digital research tools that proved to be unreliable. There was no intent to deceive the Court or opposing counsel.

2. **Immediate Corrective Actions**

To promptly correct the record and streamline the issues before the Court, the Defendant, Mr. Surti, will take the following actions and respectfully moves the Court as follows:

**A.** Mr. Surti hereby voluntarily WITHDRAWS ECF Nos. 19 and 21 (the Motion for Sanctions and its supporting reply).

**B.** Further, to ensure an accurate record, Mr. Surti will file corrected versions of ECF Nos. 17 and 26 within 30 days. The revised filings will remove the citations identified by the Court and will reference only verified and publicly accessible legal authorities.

Mr. Surti submits that **judgment as a matter of law** is now appropriate and should be entered without further delay. His good-faith efforts to resolve preliminary issues are intended to streamline the proceedings and focus the Court's attention on the dispositive core issue: whether Tramec Sloan, as the alleged successor-in-interest that has been litigating since June 1, 2018, can relitigate the validity of the '755 Patent, given that this Court and the CAFC have already upheld both its validity and a finding of infringement (1:12-cv-01143)**.**

### 3. The Citation Errors Are Unrelated to the Case Merits

The procedural citation errors do not diminish the substantive merits of Defendant's case. Defendant's core arguments arise directly from Tramec Sloan's belated and egregious admission, made only after six years of prior litigation and several months into this new action, that it is, in fact, the successor-in-interest to the defunct Fleet Engineers, Inc. These arguments rest on verifiable facts and well-established law.

Tramec's initiation of this lawsuit constitutes a clear affront to judicial economy. At the time it filed this action, Tramec knew it had acquired Fleet Engineers' assets and

liabilities through the June 1, 2018 asset purchase, yet it failed to disclose that transaction to the Court. This omission deprived the Court of information essential to its preliminary screening and jurisdictional analysis. Such nondisclosure was not a mere oversight, it was a tactical decision that enabled Tramec to relitigate issues that had already been conclusively resolved.

Had Tramec fulfilled its **duty of candor** by disclosing its successor status at the outset, this case would have been summarily barred under the doctrine of res judicata, because Tramec, through its predecessor, the now-defunct Fleet Engineers, Inc., had already lost on the merits in Case No. 1:12-cv-01143, where both this Court and the Court of Appeals for the Federal Circuit upheld the validity of the RE44,755 Patent and found infringement. Tramec's egregious belated admission therefore reveals a calculated effort to circumvent final judgments, delay enforcement, and misuse judicial resources to gain procedural advantage.

### 4. The Context Regarding Procedural Fairness

Defendant acknowledges and accepts full responsibility for the procedural errors identified and has taken prompt corrective action to address them. He respectfully submits, however, that his good-faith efforts to comply with the Court's procedures, despite the challenges of proceeding pro se, stand in **contrast to many deceptive representations made by opposing counsel**, which remain part of the record in prior filings. While Defendant does not seek to relitigate those matters here, he notes this disparity solely to underscore the importance of consistent and even-handed scrutiny. It is his sincere hope that inadvertent and promptly remedied missteps by a pro se litigant will be viewed in

context and not subjected to greater severity than conduct by represented parties. This submission is made in good faith and reflects Defendant's continued commitment to resolving this case with its merit and commitment to complying with all applicable rules and orders.

### 5. Conclusion and Request for Relief

Defendant assures the Court of his commitment to full compliance with Rule 11(b) and will exercise scrupulous care in all future filings. For the reasons stated herein, Defendant respectfully requests that the Court accept this good-faith response, decline to impose sanctions, and permit him to correct the record as outlined.

Respectfully submitted,

Dated: October 21, 2025

By: *TARUN N. SURTI*
_____

Tarun N Surti, *Pro Se, Defendant*
5928 Westheimer Drive
Brentwood, Tennessee 37027
615-812-6164 – email: vflaps@gmail.com

**IN THE UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT COURT OF MICHIGAN**

| | |
|---|---|
| **TRAMEC SLOAN, L.L.C.**<br>A Delaware Limited Liability Company<br>     **Plaintiff,**<br><br>**v.**<br><br>**TARUN N. SURTI**<br>An Individual<br>     **Defendants,** | **Case No. 1:25-CV-00374**<br><br>**Honorable Paul L. Maloney** |

**CERTIFICATE OF SERVICE**

I certify that on this 21st day of October 2025, a copy of the following document was served upon the following via ECF:

1.  Defendant's Response to Order to Show Cause (ECF No.27)


G. Thomas Williams (P53734)

Andrea R. Jacobson, Sr. Litigation Paralegal

Attorneys for Plaintiff

MCGARRY BAIR PC

5355 Northland Dr. NE – Suite C#226

Grand Rapids, Michigan 49525

Tel: (616) 742-3538

G. Thomas Williams gtw@mcgarrybair.com

Andrea R. Jacobson arj@mcgarrybair.com

*TARUN N. SURTI*

Tarun N Surti, *Pro Se, Defendant*

5928 Westheimer Drive

Brentwood, Tennessee 37027

615-812-6164 – email: vflaps@gmail.com