| | |
|---|---|
| **FLEET ENGINEERS, INC.,**<br><br>**Plaintiff,**<br><br>v.<br><br>**MUDGUARD TECHNOLOGIES, LLC and TARUN N. SURTI,**<br><br>**Defendants,** | **Case No. 3:25-mc-00005**<br><br>**HON. JUDGE RICHARDSON**<br>**Magistrate Judge Frensley** |

**DEFENDANT TARUN SURTI'S RESPONSE TO PLAINTIFF'S NOTICE OF CITATION
DEFICIENCIES, WITHDRAWAL OF CITATIONS, AND NOTICE TO THE COURT
REGARDING PLAINTIFF'S COUNSEL'S CONDUCT**

Defendant Tarun Surti ("Mr. Surti"), appearing pro se, respectfully submits this response to

Plaintiff Fleet Engineers, Inc.'s ("Fleet Engineers") Notice of Citation Deficiencies in Non-Party

Surti's Status Report (Doc. 39, filed July 16, 2026). As set forth in Section III below, Mr. Surti is

named as a Defendant in this action in Plaintiff's own operative Notice of Deposition, Doc. 5-1,

and no order has ever removed him from that caption; he accordingly appears here as Defendant,

notwithstanding Plaintiff's use of "Non-Party" in the title of its Notice. Mr. Surti withdraws the

five citations identified in Plaintiff's Notice, states that this correction does not affect the merits of

the position stated in his status report and gives notice to the Court of the record evidence, set out

below, bearing on Plaintiff's counsel's own duty of candor to the tribunal.

## I.   WITHDRAWAL OF CITATIONS

Mr. Surti has reviewed Plaintiff's Notice and, upon reflection, withdraws the following five

citations from his May 1, 2026 status report (Doc. 37): Bamerilease Capital Corp. v. Nearburg,

958 F.2d 150 (6th Cir. 1992); Cranpark, Inc. v. Rogers Group, Inc., 821 F.3d 723 (6th Cir. 2016); Farmers Insurance Exchange v. Kurzmann, 257 Mich. App. 412 (2003); In re Rice, 462 B.R. 651 (B.A.P. 6th Cir. 2011); and the citation identified as Smith v. Thompson, 2007 WL 1828325. Mr. Surti does not contest Plaintiff's showing that these citations do not support the propositions for which they were offered, and he regrets the error. None of the five withdrawn citations is relied upon in this filing or in any future filing by Mr. Surti in this matter.

Mr. Surti notes, and Plaintiff's Notice itself confirms, that his citation to New Hampshire v. Maine, 532 U.S. 742 (2001), the case on which his judicial estoppel argument principally rests, is not among the citations identified as deficient.

## II. THE WITHDRAWAL DOES NOT AFFECT THE MERITS OF MR. SURTI'S POSITION

The withdrawal of the five citations above goes to citation form, not to the substance of Mr. Surti's opposition to Plaintiff's motion to substitute Tramec Sloan, LLC ("Tramec") as plaintiff under Fed. R. Civ. P. 25(c). That opposition rests on the sworn and documentary record now before this Court, described in Section III below and attached as Exhibits 1 through 11, including the JS-44 civil cover sheet under which the underlying judgment was registered in the name of Fleet Engineers, Inc.; two sworn affidavits of Greg Lambert offering differing characterizations of Fleet Engineers, Inc.'s corporate status; Fleet Engineers, Inc.'s own certificate of name change on file with the Michigan Department of Licensing and Regulatory Affairs; Plaintiff's counsel's own Motion and Memorandum arguing that Fleet Engineers, Inc. is a "non-existent" entity; Plaintiff's counsel's Notice of Deposition captioning Mr. Surti as a Defendant; sworn trial testimony of Wes Eklund; Fleet Engineers, Inc.'s Rule 29.6 disclosure to the Supreme Court of the United States; Tramec's April 23, 2026 characterization, in Case No. 3:25-cv-00122, Doc. 50, of a related

misstatement as an "insignificant procedural error"; Mr. Surti's Memorandum in Lieu of Oral Argument filed in the related Federal Circuit appeal, No. 26-1117, detailing the asset-versus-stock distinction underlying this dispute; and Mr. Surti's own judgment against Fleet Engineers, Inc., which remains uncollectible against that same entity. Mr. Surti will address the legal significance of this record, including under the judicial estoppel doctrine of New Hampshire v. Maine, 532 U.S. 742 (2001), in his substantive opposition to the pending motion to substitute.

### III.   NOTICE TO THE COURT REGARDING PLAINTIFF'S COUNSEL'S CONDUCT

Mr. Surti brings the following to the Court's attention not as a basis for the citation correction above, but because Plaintiff's Notice asks this Court to scrutinize the accuracy of Mr. Surti's filings while the record reflects unresolved inconsistencies in Plaintiff's own sworn and written representations, across five proceedings and as to Mr. Surti's own status as a party, regarding the identity and current status of the real party in interest and the parties to this action.

1. On March 31, 2025, Plaintiff's counsel filed a Motion to Quash Service and a supporting Memorandum in this same case, both asserting that "Fleet Engineers, Inc." is a "non-existent business entity" and a "non-existent corporate entity," and that "'Fleet Engineers, Inc.' no longer exists and any service directed to it is insufficient." Motion to Quash Service, Doc. 15; Memorandum in Support, Doc. 16 (Exhibits 4, 5). Twenty-four days later, on April 24, 2025, the same law firm registered the foreign judgment underlying this action, naming "Fleet Engineers, Inc." as the Plaintiff and representing it as a currently existing entity with a county of residence of Muskegon, Michigan. JS-44 Civil Cover Sheet, Doc. 1-2 (Exhibit 1).

2. Michigan's own corporate registry shows that Fleet Engineers, Inc. amended its Articles of Incorporation to change its name to Eklund Holdings, Inc., an amendment adopted by the board on June 1, 2018, the same date Tramec's counsel identifies as the effective date of the

asset sale, and filed with the State of Michigan on June 6, 2018. The registry further shows Eklund Holdings, Inc. has continued to file annual reports through at least 2024, with Wesley K. Eklund listed as its president, treasurer, secretary, and sole director. Certificate of Amendment to the Articles of Incorporation and LARA corporate summary (Exhibit 3).

3. The practical consequence of Fleet Engineers, Inc.'s shifting corporate status falls directly on Mr. Surti. Following the October 6, 2021 jury verdict on his counterclaim against Fleet Engineers for infringement of Group A products, judgment entered in Mr. Surti's favor and against Fleet Engineers, Inc. in the amount of $228,000.00. W.D. Mich. Case No. 1:12-cv-01143, ECF No. 379 (Exhibit 11). On June 11, 2025, Mr. Surti registered that judgment in this District, M.D. Tenn. Case No. 3:25-mc-00010, together with a letter to the Clerk explaining that Fleet Engineers, Inc. had changed its name to Eklund Holdings, Inc. in 2018 and that Plaintiff's counsel in related proceedings had by then described Fleet Engineers, Inc. as a "non-existent company." Registration of Foreign Judgment, Case No. 3:25-mc-00010, Docs. 1, 1-1 (Exhibit 11). Mr. Surti has been unable to collect on that judgment against the same entity that Plaintiff treats as existing for purposes of registering and enforcing the judgment at issue in this action, and as non-existent for purposes of evading service and discovery elsewhere. Mr. Surti submits that this record illustrates the concrete unfairness that results from Plaintiff's inconsistent positions regarding Fleet Engineers, Inc.'s corporate status, and is directly relevant to the equitable considerations underlying judicial estoppel.

4. Fed. R. Civ. P. 17(a) and 17(b)(2) require that an action be prosecuted in the name of the real party in interest.

5. If, as Plaintiff's counsel now contends, Tramec Sloan, LLC became the real party in interest effective June 1, 2018 by virtue of the asset purchase, Fed. R. Civ. P. 17(a) required that

related actions be prosecuted in Tramec's name from that point forward, and Fed. R. Civ. P. 25(c) provided the mechanism to substitute Tramec for Fleet Engineers, Inc. upon that transfer of interest. Plaintiff's counsel did not seek that substitution in 2018 when the transfer is alleged to have occurred, nor at any point during the roughly eight years of related litigation that followed, including the trial that produced the October 6, 2021 jury verdict in W.D. Mich. Case No. 1:12-cv-1143. Rule 25(c) substitution must be sought within a reasonable time, and courts may consider both the reason for delay and any resulting prejudice. Mr. Surti submits that the Court should consider the timing of this substitution request in that light, including its coincidence with Mr. Surti's still-disputed effort to assert Claim 19 infringement against Group-A and Group-B products during the same period, an issue raised in the pending Federal Circuit appeal, No. 26-1117 (Exhibit 10), and respectfully submits that a substitution sought only now, nearly eight years after the transfer it relies upon, warrants scrutiny rather than routine approval.

6.  On February 4, 2025, Greg Lambert, Chief Financial Officer of Tramec Sloan, LLC, swore under oath that "Fleet Engineers, Inc. ... is a subsidiary of Tramec Sloan, L.L.C.," describing it as a presently existing entity, without disclosing that Fleet Engineers, Inc. had changed its name to Eklund Holdings, Inc. nearly seven years earlier. Affidavit of Greg Lambert, W.D. Mich. Case No. 1:12-CV-1143, ECF No. 17-2 (Exhibit 2).

7.  On March 31, 2025, the same day Plaintiff's counsel filed the non-existence Motion and Memorandum described in Point 1, the same affiant swore in a supporting affidavit that Tramec Sloan "purchased the assets and business of Fleet Engineers, Inc. ... effective June 1, 2018," and that "Fleet Engineers is not a division of Tramec Sloan." This second affidavit attached, as its own Exhibit C, the Michigan certificate documenting Fleet Engineers, Inc.'s

name change to Eklund Holdings, Inc., the same certificate underlying counsel's own non-existence argument. Affidavit of Greg Lambert, (Exhibit 3).

8. Fleet Engineers, Inc.'s Rule 29.6 disclosure to the Supreme Court of the United States likewise represented that it "is subsidiary of Tramec Sloan LLC, a division of Tramec LLC," again without reference to the 2018 name change reflected in Michigan's own corporate records. Brief in Opposition, Surti v. Fleet Engineers, Inc., No. 23-1142 (Exhibit 6).

9. On April 23, 2026, Tramec's counsel characterized the resulting discrepancy, a corporate disclosure statement "that erroneously identified Fleet Engineers, Inc. as a subsidiary of Tramec Sloan, LLC, when Tramec Sloan had not acquired its stock but merely its assets", as an "insignificant procedural error." Reply Brief, M.D. Tenn. Case No. 3:25-cv-00122, Doc. 50 at PageID #: 680 (Exhibit 7).

10. On October 5, 2021, Wes Eklund testified under oath at jury trial that in the June 1, 2018 transaction he "sold the majority share of business to the current majority owner, Tramec Sloan," that he is "still part owner of the business," and that his title changed to "executive vice president of engineering and product development." W.D. Mich. Case No. 1:12-cv-01143, ECF No. 395, PageID.4241 (Exhibit 8). This testimony — describing continued ownership and an ongoing executive role in "the business" — is difficult to reconcile with a characterization of the June 1, 2018 transaction as a clean asset sale severing Fleet Engineers, Inc. from any ongoing interest, or with treating Fleet Engineers, Inc. as a wholly separate, non-existent predecessor entity.

11. Mr. Surti has already presented this asset-versus-stock distinction, and its bearing on Fleet Engineers, Inc.'s corporate identity, in detail to the United States Court of Appeals for the Federal Circuit in a related appeal arising from this same course of conduct. See Appellant's

Memorandum in Lieu of Oral Argument, Tramec Sloan, LLC v. Tarun N. Surti, No. 26-1117 (Fed. Cir. June 8, 2026), Doc. 28 (Exhibit 10). That memorandum explains that Tramec's own Asset Purchase Agreement documents an asset acquisition rather than a stock acquisition; that Wes Eklund's sworn trial testimony describing a sale of the "majority share of business" is irreconcilable with the instrument he personally negotiated and signed on Fleet Engineers, Inc.'s behalf; and that Tramec represented to the Federal Circuit and the Supreme Court, across multiple filings under Fed. Cir. R. 47.4(b) and Sup. Ct. R. 29.6, that Fleet Engineers "operates as a subsidiary or division of Tramec Sloan" without ever correcting that representation, notwithstanding its later concession that the misidentification was merely an "insignificant procedural error."

12. On May 30, 2025, Plaintiff's counsel served Mr. Surti with a Notice of Deposition captioned "Fleet Engineers, Inc., Plaintiff, v. Mudguard Technologies, LLC and Tarun Surti, Defendants," naming Mr. Surti individually as a Defendant in this action. Pursuant to that notice and an accompanying Fed. R. Civ. P. 34 document request, Plaintiff's counsel directed Mr. Surti to sit for a deposition and to personally produce twenty-four categories of records, including his individual federal and state tax returns, monthly bank and investment account statements, pay stubs, loan and credit applications, life insurance policies, gift and loan records, and current personal financial statements. Notice of Deposition of Tarun Surti, Doc. 5-1 (Exhibit 9). No motion to dismiss, sever, or otherwise remove Mr. Surti as a defendant has been filed or granted in this action, and the caption identifying him as a Defendant has never been amended. Notwithstanding that unaltered caption and the extensive personal discovery Plaintiff's counsel pursued against him individually, Plaintiff's July 16, 2026 Notice repeatedly refers to Mr. Surti as a "Non-Party," including in a footnote asserting that "the only

defendant in this proceeding to register a judgment is the judgment debtor, Mudguard Technologies, LLC."

13. Plaintiff's counsel is subject to the duty of candor toward the tribunal under Tenn. Sup. Ct. R. 8, RPC 3.3, which prohibits knowingly making a false statement of fact or law to a court.

14. Plaintiff's counsel has not, as of the date of this filing, produced the asset purchase agreement said to document the June 1, 2018 transfer, despite having initiated post-judgment execution and deposition proceedings against Mr. Surti in this District. On July 29, 2026, Mr. Surti filed a Motion to Compel Production of Asset Transfer Document (Doc. 40) and a supporting Memorandum (Doc. 41) in this action, seeking an order requiring Plaintiff/Tramec Sloan, LLC to produce a full, true, and unredacted copy of that document within fourteen days. That motion remains pending. Plaintiff's counsel has not explained why the motion to substitute Tramec as the real party in interest was filed nearly seven years after the transfer is alleged to have occurred, without the underlying instrument ever having been produced.

15. Mr. Surti respectfully submits that these are the kind of inconsistent factual representations across proceedings that New Hampshire v. Maine, 532 U.S. 742 (2001), and the doctrine of judicial estoppel address, and that they warrant the same scrutiny this Court is being asked to apply to Mr. Surti's own filings.

Mr. Surti raises this record not to excuse his own citation errors, which he has corrected above, but because he believes the Court should have the full picture before ruling on Plaintiff's motion to substitute, and because Mr. Surti, whom Plaintiff's own operative deposition notice and personal discovery requests have treated as a defendant, should not be held to a stricter standard of candor than the represented party seeking relief against him, regardless of how Plaintiff's Notice now chooses to characterize his status.

8

### IV.   CONCLUSION

For the foregoing reasons, Mr. Surti respectfully requests that the Court accept the withdrawal of the five citations identified in Plaintiff's Notice, find that the withdrawal does not warrant sanctions given the prompt and complete correction, and consider the matters raised in Section III in connection with Plaintiff's pending motion to substitute.

Date: July 30, 2026

Respectfully Submitted

By: *TARUN SURTI*

Tarun N Surti, *Pro Se, Defendant*
5928 Westheimer Drive
Brentwood, Tennessee 37027
Phone: 615-812-6164
email: vflaps@gmail.com

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on July 30, 2026, I filed the foregoing using the Court's CM/ECF system, which will serve all registered counsel of record and a copy will be served upon the lead counsel via email.

1. **DEFENDANT TARUN SURTI'S RESPONSE TO PLAINTIFF'S NOTICE OF CITATION - DEFICIENCIES, WITHDRAWAL OF CITATIONS, AND NOTICE TO THE COURT REGARDING PLAINTIFF'S COUNSEL'S CONDUCT**

W. Justin Adams, TNBPR 022433
SPENCER FANE, LLP (Counsel for Plaintiff Fleet Engineers, Inc.)
511 Union Street, Suite 1000
Nashville, Tennessee 37219-1778
615-238-6300 (Telephone)
615-238-6301 (Facsimile)
wjadams@spencerfane.com

CC: VIA EMAIL TO LEAD COUNSEL
G. Thomas Williams
McGarry Bair PC (Counsel for Plaintiff Fleet Engineers, Inc.)
5355 Northland Drive NE, Suite C, #226
Grand Rapids, MI 49525
gtw@mcgarrybair.com

*TARUN N. SURTI*

Tarun N Surti, *Pro Se, Defendant*
5928 Westheimer Drive
Brentwood, Tennessee 37027
615-812-6164 – email: vflaps@gmail.com

## **EXHIBIT INDEX**

Exhibit 1 — JS-44 Civil Cover Sheet, Case No. 3:25-mc-00005, Doc. 1-2 (filed Apr. 24, 2025)

Exhibit 2 — Affidavit of Greg Lambert, W.D. Mich. Case No. 1:12-CV-1143, ECF No. 17-2 (dated Feb. 4, 2025)

Exhibit 3 — Affidavit of Greg Lambert, Case No. 3:25-cv-00122, Doc. 16-2, with attached Exhibits A and C, Doc. 16-3 (filed Mar. 31, 2025)

Exhibit 4 — Motion to Quash Service and to Dismiss, Case No. 3:25-cv-00122, Doc. 15 (filed Mar. 31, 2025)

Exhibit 5 — Memorandum in Support of Motion to Quash Service and to Dismiss, Case No. 3:25-cv-00122, Doc. 16 (filed Mar. 31, 2025)

Exhibit 6 — Brief in Opposition and Rule 29.6 Statement, Surti v. Fleet Engineers, Inc., No. 23-1142 (U.S.)

Exhibit 7 — Defendant's Reply Brief in Support of Its Motion to Dismiss or in the Alternative to Transfer Venue, Case No. 3:25-cv-00122, Doc. 50 (filed Apr. 23, 2026)

Exhibit 8 — Excerpt of Trial Testimony of Wes Eklund, W.D. Mich. Case No. 1:12-cv-01143, ECF No. 395, PageID.4241 (Oct. 5, 2021)

Exhibit 9 — Notice of Deposition of Tarun Surti, Case No. 3:25-mc-00005, Doc. 5-1 (dated May 30, 2025, filed June 20, 2025)

Exhibit 10 — Appellant's Memorandum in Lieu of Oral Argument, Tramec Sloan, LLC v. Tarun N. Surti, No. 26-1117 (Fed. Cir.), Doc. 28 (filed June 8, 2026)

Exhibit 11 — Judgment, W.D. Mich. Case No. 1:12-cv-01143, ECF No. 379 (entered Oct. 19, 2021), and Registration of Foreign Judgment with cover letter, M.D. Tenn. Case No. 3:25-mc-00010, Docs. 1, 1-1 (filed June 11, 2025)