# EXHIBIT-1

JS 44 (Rev. 07/16)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

FLEET ENGINEERS, INC.

## DEFENDANTS

MUDGUARD TECHNOLOGIES, LLC

**(b)** County of Residence of First Listed Plaintiff   Muskegon
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Spencer Fane LLP, 511 Union St., Ste. 1000, Nashville, TN 37219
(615) 238-6300

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | |
|---|---|
| ❑ 1  U.S. Government Plaintiff | ❑ 3  Federal Question *(U.S. Government Not a Party)* |
| ❑ 2  U.S. Government Defendant | ☒ 4  Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ❑ 1 | ❑ 1 | Incorporated *or* Principal Place of Business In This State | ❑ 4 | ☒ 4 |
| Citizen of Another State | ❑ 2 | ❑ 2 | Incorporated *and* Principal Place of Business In Another State | ☒ 5 | ❑ 5 |
| Citizen or Subject of a Foreign Country | ❑ 3 | ❑ 3 | Foreign Nation | ❑ 6 | ❑ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ❑ 110 Insurance<br>❑ 120 Marine<br>❑ 130 Miller Act<br>❑ 140 Negotiable Instrument<br>❑ 150 Recovery of Overpayment & Enforcement of Judgment<br>❑ 151 Medicare Act<br>❑ 152 Recovery of Defaulted Student Loans (Excludes Veterans)<br>❑ 153 Recovery of Overpayment of Veteran's Benefits<br>❑ 160 Stockholders' Suits<br>❑ 190 Other Contract<br>❑ 195 Contract Product Liability<br>❑ 196 Franchise | **PERSONAL INJURY**<br>❑ 310 Airplane<br>❑ 315 Airplane Product Liability<br>❑ 320 Assault, Libel & Slander<br>❑ 330 Federal Employers' Liability<br>❑ 340 Marine<br>❑ 345 Marine Product Liability<br>❑ 350 Motor Vehicle<br>❑ 355 Motor Vehicle Product Liability<br>❑ 360 Other Personal Injury<br>❑ 362 Personal Injury - Medical Malpractice | **PERSONAL INJURY**<br>❑ 365 Personal Injury - Product Liability<br>❑ 367 Health Care/ Pharmaceutical Personal Injury Product Liability<br>❑ 368 Asbestos Personal Injury Product Liability<br>**PERSONAL PROPERTY**<br>❑ 370 Other Fraud<br>❑ 371 Truth in Lending<br>❑ 380 Other Personal Property Damage<br>❑ 385 Property Damage Product Liability | ❑ 625 Drug Related Seizure of Property 21 USC 881<br>❑ 690 Other | ❑ 422 Appeal 28 USC 158<br>❑ 423 Withdrawal 28 USC 157<br><br>**PROPERTY RIGHTS**<br>❑ 820 Copyrights<br>❑ 830 Patent<br>❑ 840 Trademark | ❑ 375 False Claims Act<br>❑ 376 Qui Tam (31 USC 3729(a))<br>❑ 400 State Reapportionment<br>❑ 410 Antitrust<br>❑ 430 Banks and Banking<br>❑ 450 Commerce<br>❑ 460 Deportation<br>❑ 470 Racketeer Influenced and Corrupt Organizations<br>❑ 480 Consumer Credit<br>❑ 490 Cable/Sat TV<br>❑ 850 Securities/Commodities/ Exchange<br>☒ 890 Other Statutory Actions<br>❑ 891 Agricultural Acts<br>❑ 893 Environmental Matters<br>❑ 895 Freedom of Information Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | **LABOR**<br>❑ 710 Fair Labor Standards Act<br>❑ 720 Labor/Management Relations<br>❑ 740 Railway Labor Act<br>❑ 751 Family and Medical Leave Act<br>❑ 790 Other Labor Litigation<br>❑ 791 Employee Retirement Income Security Act | **SOCIAL SECURITY**<br>❑ 861 HIA (1395ff)<br>❑ 862 Black Lung (923)<br>❑ 863 DIWC/DIWW (405(g))<br>❑ 864 SSID Title XVI<br>❑ 865 RSI (405(g))<br><br>**FEDERAL TAX SUITS**<br>❑ 870 Taxes (U.S. Plaintiff or Defendant)<br>❑ 871 IRS—Third Party 26 USC 7609 | ❑ 896 Arbitration<br>❑ 899 Administrative Procedure Act/Review or Appeal of Agency Decision<br>❑ 950 Constitutionality of State Statutes |
| ❑ 210 Land Condemnation<br>❑ 220 Foreclosure<br>❑ 230 Rent Lease & Ejectment<br>❑ 240 Torts to Land<br>❑ 245 Tort Product Liability<br>❑ 290 All Other Real Property | ❑ 440 Other Civil Rights<br>❑ 441 Voting<br>❑ 442 Employment<br>❑ 443 Housing/ Accommodations<br>❑ 445 Amer. w/Disabilities - Employment<br>❑ 446 Amer. w/Disabilities - Other<br>❑ 448 Education | **Habeas Corpus:**<br>❑ 463 Alien Detainee<br>❑ 510 Motions to Vacate Sentence<br>❑ 530 General<br>❑ 535 Death Penalty<br>**Other:**<br>❑ 540 Mandamus & Other<br>❑ 550 Civil Rights<br>❑ 555 Prison Condition<br>❑ 560 Civil Detainee - Conditions of Confinement | **IMMIGRATION**<br>❑ 462 Naturalization Application<br>❑ 465 Other Immigration Actions | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | | |
|---|---|---|---|---|---|---|
| ❑ 1 Original Proceeding | ❑ 2 Removed from State Court | ❑ 3 Remanded from Appellate Court | ❑ 4 Reinstated or Reopened | ☒ 5 Transferred from Another District *(specify)* | ❑ 6 Multidistrict Litigation - Transfer | ❑ 8 Multidistrict Litigation - Direct File |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S. Code 1963

Brief description of cause:
Registration of Foreign Judgment

## VII. REQUESTED IN COMPLAINT:

❑ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
**JURY DEMAND:**   ❑ Yes   ☒ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*   JUDGE _____   DOCKET NUMBER _____

DATE
04/24/2025

SIGNATURE OF ATTORNEY OF RECORD
/s/ Gabriella Rush

**FOR OFFICE USE ONLY**

RECEIPT #_____   AMOUNT_____   APPLYING IFP_____   JUDGE_____   MAG. JUDGE_____

Case 3:25-cr-00005Document41-1-2   Filed 07/24/25   Page 2 of 192 PageID #: 3487

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed.  The attorney filing a case should complete the form as follows:

**I.(a)  Plaintiffs-Defendants.**  Enter names (last, first, middle initial) of plaintiff and defendant.  If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations.  If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b)  County of Residence.**  For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing.  In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing.  (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c)  Attorneys.**  Enter the firm name, address, telephone number, and attorney of record.  If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.  Jurisdiction.**  The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings.  Place an "X" in one of the boxes.  If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff.  (1) Jurisdiction based on 28 U.S.C. 1345 and 1348.  Suits by agencies and officers of the United States are included here.
United States defendant.  (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question.  (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States.  In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship.  (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states.  When Box 4 is checked, the citizenship of the different parties must be checked.  (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III.  Residence (citizenship) of Principal Parties.**  This section of the JS 44 is to be completed if diversity of citizenship was indicated above.  Mark this section for each principal party.

**IV.  Nature of Suit.**  Place an "X" in the appropriate box.  If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerk(s) in the Administrative Office to determine the nature of suit.  If the cause fits more than one nature of suit, select the most definitive.

**V.  Origin.**  Place an "X" in one of the seven boxes.
Original Proceedings.  (1) Cases which originate in the United States district courts.
Removed from State Court.  (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.  When the petition for removal is granted, check this box.
Remanded from Appellate Court.  (3) Check this box for cases remanded to the district court for further action.  Use the date of remand as the filing date.
Reinstated or Reopened.  (4) Check this box for cases reinstated or reopened in the district court.  Use the reopening date as the filing date.
Transferred from Another District.  (5) For cases transferred under Title 28 U.S.C. Section 1404(a).  Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer.  (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File.  (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.**  Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI.  Cause of Action.**  Report the civil statute directly related to the cause of action and give a brief description of the cause.  **Do not cite jurisdictional statutes unless diversity.**  Example: U.S. Civil Statute: 47 USC 553  Brief Description: Unauthorized reception of cable service

**VII.  Requested in Complaint.**  Class Action.  Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand.  In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand.  Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.  Related Cases.**  This section of the JS 44 is used to reference related pending cases, if any.  If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.**  Date and sign the civil cover sheet.

# EXHIBIT-2

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MICHIGAN

**FLEET ENGINEERS, INC.**
    a Michigan Corporation,

    Plaintiff

v.

**MUDGUARD TECHNOLOGIES, LLC**
    a Tennessee limited liability company,
**TARUN SURTI**
    an Individual,

    Defendant.

Case No. 1:12-CV-1143

Hon. Paul L. Maloney

### AFFIDAVIT OF GREG LAMBERT

NOW COMES Greg Lambert, being duly sworn upon his oath, deposes and says as follows:

1.     My name is Greg Lambert and I am the Chief Financial Officer of Tramec Sloan, L.L.C.

2.     Fleet Engineers, Inc. ("Fleet Engineers"), the Plaintiff in the above-captioned matter, is a subsidiary of Tramec Sloan, L.L.C.

3.     I have direct knowledge about the facts contained in this Affidavit.

4.     The unit sales and revenue identified in the exhibits to the Expert Report of Philip Kline provided to Mr. Surti on September 28, 2021, are correct and complete through June 30, 2021. *Exhibit A*.

5.     A jury trial was held in this matter and the jury entered a verdict on October 6, 2021, finding that only the "Group A" products infringed the '755 Patent. *Exhibit B.*

6.     Attached as *Exhibit C* is an updated report identifying all Group A product sales from 2012-2022 and the sales value of Group A product remaining on hand.

7.    In the third and fourth quarter of 2021, Fleet Engineers sold 27,642 units of Group A products totaling $458,992 in sales, resulting in total 2021 sales of $859,798.

8.    In 2022, Fleet Engineers sold 8,290 units of Group A products totaling $146,619 in sales. **Exhibit C.**

9.    Fleet Engineers has sold 0 additional units of Group A products in 2023, 2024, and 2025.

10.    Fleet Engineers has 10,293 units of Group A products remaining on hand. If these products were to be sold, such sales would total $105,010. **Exhibit C.**

11.    Fleet Engineers will destroy any remaining units of Group A products remaining on hand.

12.    I state under penalty of perjury that the foregoing is true and correct.

**FURTHER, AFFIANT SAYETH NOT**.

Dated: ___2/4/25___                    By: _____

STATE OF KANSAS        )
                       ) ss.
COUNTY OF *Johnson*

On this __4__ day of ~~January~~ *February* 2025, personally appeared before me the above-named Greg Lambert, to me known and known to me to be the person described in and who executed the foregoing instrument, and the affiant has read the foregoing Affidavit and he knows the contents thereof, and acknowledged to me that the same is true to deponent's own knowledge except as to the matters therein stated to be alleged on information and belief, and that as to those matters, deponent believes it to be true.

NOTARY PUBLIC - State of Kansas
PAMELA BISWAS
My Appt. Expires 04/21/2027

_____
Notary Public, *Johnson* County, Kansas
My Commission Expires: *04/21/2027*

G1889915.DOCX

# EXHIBIT-3

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE

**TARUN N. SURTI**
pro se,

Plaintiff

v.

**FLEET ENGINEERS, INC,**
DIVISION OF TRAMEC SLOAN

Defendant.

Case No. 3:25-CV-0122

Judge Waverly D. Crenshaw, Jr.

## AFFIDAVIT OF GREG LAMBERT

NOW COMES Greg Lambert, being duly sworn upon his oath, deposes and says as follows:

1.      My name is Greg Lambert, and I am the Chief Financial Officer of Tramec Sloan, L.L.C.

2.      I have direct knowledge about the facts contained in this Affidavit.

3.      Tramec Sloan, L.L.C. ("Tramec Sloan") purchased the assets and business of Fleet Engineers, Inc. ("Fleet Engineers") effective June 1, 2018.

4.      Since that time, Tramec Sloan has operated the prior Fleet Engineers business as c combined business with Tramec Sloan.

5.      Fleet Engineers is not a division of Tramec Sloan.

6.      Lori Johnson is employed by Tramec Sloan as a buyer in the purchasing department.

7.      Lori Johnson is not an officer, managing or general agent, or any other agent authorized to receive process on behalf of Tramec Sloan.

**EXHIBIT B**

**FURTHER, AFFIANT SAYETH NOT.**

Dated: _3/31/2025_     By: _[signature]_
                           Greg Lambert

STATE OF KANSAS     )
                    ) ss.
COUNTY OF _Johnson_ )

On this _31st_ day of _March_ 2025, personally appeared before me the above-named Greg Lambert, to me known and known to me to be the person described in and who executed the foregoing instrument, and the affiant has read the foregoing Affidavit and he knows the contents thereof, and acknowledged to me that the same is true to deponent's own knowledge except as to the matters therein stated to be alleged on information and belief, and that as to those matters, deponent believes it to be true.

_Landon Harris LitS_

Notary Public, _Johnson_ County, Kansas

My Commission Expires: _12/17/2028_

NOTARY PUBLIC - State of Kansas
LANDON HARRIS
My Appt. Expires _12/17/2028_



Form Revision Date 07/2016

# CERTIFICATE OF AMENDMENT TO THE ARTICLES OF INCORPORATION
### For use by DOMESTIC PROFIT CORPORATION

*Pursuant to the provisions of Act 284, Public Acts of 1972,the undersigned corporation executes the following Certificate:*

The identification number assigned by the Bureau is:

800000163

The name of the corporation is:

FLEET ENGINEERS, INC.

The Articles of Incorporation is hereby amended to read as follows:

**Article I**

The name of the corporation as amended, is:

EKLUND HOLDINGS, INC.

2. The foregoing amendment to the Articles of Incorporation proposed by the board was duly adopted on: 06/01/2018        by the

shareholders at a meeting in accordance with Section 611(3) of the Act.

This document must be signed by an authorized officer or agent:

Signed this 6th Day of June, 2018 by:

| Signature | Title | Title if "Other" was selected |
|---|---|---|
| Loic M. Dimithe | Authorized Agent | |
| | | |

By selecting ACCEPT, I hereby acknowledge that this electronic document is being signed in accordance with the Act. I further certify that to the best of my knowledge the information provided is true, accurate, and in compliance with the Act.

○ Decline        ◉ Accept

**EXHIBIT**

**C**

# *MICHIGAN DEPARTMENT OF LICENSING AND REGULATORY AFFAIRS*

# *FILING ENDORSEMENT*

**This is to Certify that the**   CERTIFICATE OF AMENDMENT TO THE ARTICLES OF INCORPORATION

*for*

EKLUND HOLDINGS, INC.

**ID Number:**      800000163

**received by electronic transmission on**   June 06, 2018      **, is hereby endorsed.**

**Filed on**   June 06, 2018      **, by the Administrator.**

**The document is effective on the date filed, unless a subsequent effective date within 90 days after received date is stated in the document.**



*In testimony whereof, I have hereunto set my hand and affixed the Seal of the Department, in the City of Lansing, this 6th day of June, 2018.*

*Julia Dale, Director*
*Corporations, Securities & Commercial Licensing Bureau*

# LARA Corporations Online Filing System
## Department of Licensing and Regulatory Affairs

**ID Number: 800000163**

| Request certificate | Return to Results | New search |
| --- | --- | --- |

**Summary for: EKLUND HOLDINGS, INC.**

**The name of the DOMESTIC PROFIT CORPORATION:** EKLUND HOLDINGS, INC.

**The name was changed from:** FLEET ENGINEERS, INC. **on** 06-06-2018

**Entity type:** DOMESTIC PROFIT CORPORATION

**Identification Number:** 800000163 **Old ID Number:** 004336

**Date of Incorporation in Michigan:** 09/27/1963

**Purpose:** All Purpose Clause

**Term:** Perpetual

**Most Recent Annual Report:** 2024          **Most Recent Annual Report with Officers & Directors:** 2024

**The name and address of the Resident Agent:**

Resident Agent Name:          WESLEY K EKLUND

Street Address:          481 SEMINOLE ROAD

Apt/Suite/Other:

City:          NORTON SHORES          State: MI          Zip Code: 49444

**Registered Office Mailing address:**

P.O. Box or Street Address:

Apt/Suite/Other:

City:          State:          Zip Code:

**The Officers and Directors of the Corporation:**

| Title | Name | Address |
| --- | --- | --- |
| PRESIDENT | WESLEY K EKLUND | 481 SEMINOLE MUSKEGON, MI 49442 USA |
| TREASURER | WESLEY K EKLUND | 481 SEMINOLE MUSKEGON, MI 49442 USA |
| SECRETARY | WESLEY K EKLUND | 481 SEMINOLE MUSKEGON, MI 49442 USA |
| DIRECTOR | WESLEY K EKLUND | 481 SEMINOLE MUSKEGON, MI 49442 USA |

**Act Formed Under:** 327-1931 Michigan General Corporation Act

**Acts Subject To:** 284-1972 Business Corporation Act

**Total Authorized Shares:** 50,100

☐ **Written Consent**

EXHIBIT
A


| View Assumed Names for this Business Entity |
| --- |

**View filings for this business entity:**

ALL FILINGS
ANNUAL REPORT/ANNUAL STATEMENTS
ARTICLES OF INCORPORATION
RESTATED ARTICLES OF INCORPORATION
RESTATED ARTICLES OF INCORPORATION

View filings

**Comments or notes associated with this business entity:**

FORM 9. Certificate of Interest

Form 9
Rev. 10/17

**UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT**

Fleet Engineers, Inc. v. Mudguard Technologies, LLC

Case No. 18-2351

**CERTIFICATE OF INTEREST**

Counsel for the:
☐ (petitioner) ☐ (appellant) ☐ (respondent) ☒ (appellee) ☐ (amicus) ☐ (name of party)

Fleet Engineers, Inc.

certifies the following (use "None" if applicable; use extra sheets if necessary):

| 1. Full Name of Party Represented by me | 2. Name of Real Party in interest (Please only include any real party in interest NOT identified in Question 3) represented by me is: | 3. Parent corporations and publicly held companies that own 10% or more of stock in the party |
|---|---|---|
| Fleet Engineers, Inc. | Fleet Engineers, Inc. | None |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

4.    The names of all law firms and the partners or associates that appeared for the party or amicus now represented by me in the trial court or agency or are expected to appear in this court **(and who have not or will not enter an appearance in this case)** are:
n/a

**FORM 9. Certificate of Interest**                                                                     Form 9
                                                                                                        Rev. 10/17

---

5.   The title and number of any case known to counsel to be pending in this or any other court or agency that will directly affect or be directly affected by this court's decision in the pending appeal. *See* Fed. Cir. R. 47. 4(a)(5) and 47.5(b).  (The parties should attach continuation pages as necessary).

n/a

---

9/24/2018
_____
Date

Please Note: All questions must be answered

/s/ G. Thomas Williams
_____
Signature of counsel

G. Thomas Williams
_____
Printed name of counsel

cc: _____

Reset Fields

# UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT

## CERTIFICATE OF SERVICE

I certify that I served a copy on Appellant on by:

September 24, 2018

☐ U.S. Mail

☐ Fax

☐ Hand

☒ Electronic Means (by E-mail or CM/ECF)

| G. Thomas Williams | /s/ G. Thomas Williams |
|---|---|
| Name of Counsel | Signature of Counsel |

| | |
|---|---|
| Law Firm | Tarun N. Surti |
| Address | 5928 Westheimer Dr. |
| City, State, Zip | Brentwood, TN 37027 |
| Telephone Number | (615) 812-6164 |
| Fax Number | |
| E-Mail Address | vflaps@gmail.com |

NOTE: For attorneys filing documents electronically, the name of the filer under whose log-in and password a document is submitted must be preceded by an "/s/" and typed in the space where the signature would otherwise appear. Graphic and other electronic signatures are discouraged.

Reset Fields

FORM 9. Certificate of Interest                                                Form 9 (p. 1)
July 2020

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

## CERTIFICATE OF INTEREST

| | |
|---|---|
| **Case Number** | 2022-2001 |
| **Short Case Caption** | Fleet Engineers, Inc. v. Mudguard Technologies, LLC |
| **Filing Party/Entity** | Fleet Engineers, Inc. |

**Instructions:** Complete each section of the form.  In answering items 2 and 3, be specific as to which represented entities the answers apply; lack of specificity may result in non-compliance.  **Please enter only one item per box; attach additional pages as needed and check the relevant box**.  Counsel must immediately file an amended Certificate of Interest if information changes.  Fed. Cir. R. 47.4(b).

I certify the following information and any attached sheets are accurate and complete to the best of my knowledge.

Date: 07/26/2022            Signature:    /s/ G. Thomas Williams

                           Name:         G. Thomas Williams

FORM 9. Certificate of Interest

Form 9 (p. 2)
July 2020

| 1. Represented Entities. Fed. Cir. R. 47.4(a)(1). | 2. Real Party in Interest. Fed. Cir. R. 47.4(a)(2). | 3. Parent Corporations and Stockholders. Fed. Cir. R. 47.4(a)(3). |
|---|---|---|
| Provide the full names of all entities represented by undersigned counsel in this case. | Provide the full names of all real parties in interest for the entities. Do not list the real parties if they are the same as the entities.  ☐ None/Not Applicable | Provide the full names of all parent corporations for the entities and all publicly held companies that own 10% or more stock in the entities.  ☐ None/Not Applicable |
| Fleet Engineers, Inc. | Tramec Sloan LLC Tramec LLC | Tramec Sloan LLC Tramec LLC |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

☐   Additional pages attached

**4. Legal Representatives.**  List all law firms, partners, and associates that (a) appeared for the entities in the originating court or agency or (b) are expected to appear in this court for the entities.  Do not include those who have already entered an appearance in this court.  Fed. Cir. R. 47.4(a)(4).

☑    None/Not Applicable          ☐    Additional pages attached

|  |  |  |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |

**5. Related Cases.**  Provide the case titles and numbers of any case known to be pending in this court or any other court or agency that will directly affect or be directly affected by this court's decision in the pending appeal.  Do not include the originating case number(s) for this case.  Fed. Cir. R. 47.4(a)(5).  See also Fed. Cir. R. 47.5(b).

☑    None/Not Applicable          ☐    Additional pages attached

|  |  |  |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |

**6. Organizational Victims and Bankruptcy Cases**.  Provide any information required under Fed. R. App. P. 26.1(b) (organizational victims in criminal cases) and 26.1(c) (bankruptcy case debtors and trustees).  Fed. Cir. R. 47.4(a)(6).

☑    None/Not Applicable          ☐    Additional pages attached

|  |  |  |
|---|---|---|
|  |  |  |
|  |  |  |

FORM 9. Certificate of Interest

Form 9 (p. 1)
July 2020

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

## CERTIFICATE OF INTEREST

**Case Number** 2022-2076

**Short Case Caption** Fleet Engineers, Inc. v. Mudguard Technologies, LLC

**Filing Party/Entity** Fleet Engineers, Inc.

**Instructions:** Complete each section of the form.  In answering items 2 and 3, be specific as to which represented entities the answers apply; lack of specificity may result in non-compliance.  **Please enter only one item per box; attach additional pages as needed and check the relevant box**.  Counsel must immediately file an amended Certificate of Interest if information changes.  Fed. Cir. R. 47.4(b).

I certify the following information and any attached sheets are accurate and complete to the best of my knowledge.

Date: 08/08/2022

Signature: /s/ G. Thomas Williams

Name: G. Thomas Williams

| 1. Represented Entities. Fed. Cir. R. 47.4(a)(1). | 2. Real Party in Interest. Fed. Cir. R. 47.4(a)(2). | 3. Parent Corporations and Stockholders. Fed. Cir. R. 47.4(a)(3). |
|---|---|---|
| Provide the full names of all entities represented by undersigned counsel in this case. | Provide the full names of all real parties in interest for the entities. Do not list the real parties if they are the same as the entities.  ☐ None/Not Applicable | Provide the full names of all parent corporations for the entities and all publicly held companies that own 10% or more stock in the entities.  ☐ None/Not Applicable |
| Fleet Engineers, Inc. | Tramec Sloan LLC Tramec LLC | Tramec Sloan LLC Tramec LLC |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |

☐    Additional pages attached

FORM 9. Certificate of Interest

Form 9 (p. 3)
July 2020

**4. Legal Representatives.** List all law firms, partners, and associates that (a) appeared for the entities in the originating court or agency or (b) are expected to appear in this court for the entities. Do not include those who have already entered an appearance in this court. Fed. Cir. R. 47.4(a)(4).

☑    None/Not Applicable      ☐    Additional pages attached

| | | |
|---|---|---|
| | | |
| | | |
| | | |

**5. Related Cases.** Provide the case titles and numbers of any case known to be pending in this court or any other court or agency that will directly affect or be directly affected by this court's decision in the pending appeal. Do not include the originating case number(s) for this case. Fed. Cir. R. 47.4(a)(5). See also Fed. Cir. R. 47.5(b).

☐    None/Not Applicable      ☐    Additional pages attached

| | | |
|---|---|---|
| Fleet Engineers, Inc. v. Mudguard Technologies, LLC, Case No. 2022-2001 | | |
| | | |
| | | |

**6. Organizational Victims and Bankruptcy Cases.** Provide any information required under Fed. R. App. P. 26.1(b) (organizational victims in criminal cases) and 26.1(c) (bankruptcy case debtors and trustees). Fed. Cir. R. 47.4(a)(6).

☑    None/Not Applicable      ☐    Additional pages attached

| | | |
|---|---|---|
| | | |
| | | |

# EXHIBIT-4

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE

**TARUN N. SURTI**
    pro se,

    Plaintiff

v.

**FLEET ENGINEERS, INC,
DIVISION OF TRAMEC SLOAN**

    Defendant.

Case No. 3:25-CV-0122

Judge Waverly D. Crenshaw, Jr.

---

## MOTION TO QUASH SERVICE AND TO DISMISS UNDER
## RULE 12(B)(2) AND RULES 12(B)(4) AND 12(B)(5)

NOW COMES, Defendant Fleet Engineers, Inc, Division of Tramec Sloan by and through its attorneys of record and respectfully moves this Court to quash service for insufficient process under Federal Rule of Civil Procedure 12(b)(4), and to dismiss for insufficient service under Rule 12(b)(5). Because process and service are both insufficient, Defendant also moves to dismiss under Rule 12(b)(2) for lack of personal jurisdiction. The grounds for this Motion are as follows:

1.    Plaintiff sued "Fleet Engineers, Inc, Division of Tramec Sloan" in the U.S. District Court for the Middle District of Tennessee on February 3, 2025, and alleged five counts: direct patent infringement, willful patent infringement, induced patent infringement, contributory patent infringement, and tortious interference with business relationship. (Doc. 1, PageID # 12-15, ¶¶42-64).

2.    On February 3, 2025, the Clerk issued a summons as requested by Plaintiff naming the defendant as "Fleet Engineers, Inc. Div. of Tramec Sloan., 1800 E. Keating Ave., Muskegon, MI, 49442." (Doc. 2).

1

3. A copy of the summons and complaint was sent via certified mail to the attention of "Wes Eklund" at "Fleet Engineers, Inc. Div. of Tramec Sloan., 1800 E. Keating Ave., Muskegon, MI, 49442." (Doc 8, PageID # 170).

4. Lori Johnson signed for the certified mail. *Id.*

5. Plaintiff has filed an incomplete proof of service with the court. (Doc. 8, PageID # 169).

6. There is not a legal entity "Fleet Engineers, Inc, Division of Tramec Sloan" and any summons issued to it is insufficient. Fed. R. Civ. P. 12(b)(4).

7. Any attempted service of a summons to "Fleet Engineers, Inc., Division of Tramec Sloan" is insufficient service. Fed. R. Civ. P. 12(b)(5).

8. Any attempted service of a summons to "Fleet Engineers, Inc., Division of Tramec Sloan" was not in compliance with the applicable court rules and is insufficient service. Fed. R. Civ. P. 12(b)(5).

9. A defendant has not been properly named or served. Specially appearing Defendant "Fleet Engineers, Inc, Division of Tramec Sloan" moves to quash the summons as insufficient and to dismiss under Rules 12(b)(2), (4) and 12(b)(5) for insufficient process, insufficient service of process, and lack of personal jurisdiction.

10. This Motion is supported by a corresponding Memorandum and the Affidavit of Greg Lambert.

It is respectfully requested that this honorable Court dismiss this action as to Defendant "Fleet Engineers, Inc, Division of Tramec Sloan" for insufficient process and insufficient service of process, lack of personal jurisdiction, and that costs be awarded pursuant to 28 U.S.C. §§ 1919 and 1920.

2

Respectfully submitted,

Dated: March 31, 2025          By:          */s/ G. Thomas Williams*

G. Thomas Williams
(Michigan Bar P53734)
*Admitted pro hac vice*
**McGarry Bair PC**
5355 Northland Dr. NE, Suite C, #226
Grand Rapids, MI 49525
Tel (616) 742-3514
gtw@mcgarrybair.com
pleadings@mcgarrybair.com

Stephen J. Zralek, BPR No. 18971
**SPENCER FANE LLP**
511 Union Street, Suite 1000
Nashville, Tennessee 37219
(615) 238-6305
szralek@spencerfane.com

## CERTIFICATE OF SERVICE

I certify that I served a copy of the foregoing document, on March 31, 2025, via ECF on:

Tarun N. Surti
5928 Westheimer Drive
Brentwood, TN 37027
vflaps@gmail.com

Dated: March 31, 2025          By: */s/ G. Thomas Williams*

G. Thomas Williams
(Michigan Bar P53734)
*Admitted pro hac vice*
**McGarry Bair PC**

3

# EXHIBIT-5

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | |
|---|---|
| **TARUN N. SURTI** pro se, Plaintiff v. **FLEET ENGINEERS, INC, DIVISION OF TRAMEC SLOAN** Defendant. | Case No. 3:25-CV-0122 Judge Waverly D. Crenshaw, Jr. |

## MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO QUASH SERVICE AND TO DISMISS UNDER RULE 12(B)(2) AND RULES 12(B)(4) AND 12(B)(5)

### I.       INTRODUCTION

Defendant "Fleet Engineers, Inc, Division of Tramec Sloan".[1] moves this Court to quash service for insufficient process under Federal Rule of Civil Procedure 12(b)(4) and to dismiss for insufficient service of process under Rule 12(b)(5). Because process and service are both insufficient, Defendant also moves to dismiss under Rule 12(b)(2) for lack of personal jurisdiction. Plaintiff has filed suit against, and had a summons issued to, the non-existent business entity "Fleet Engineers, Inc, Division of Tramec Sloan," resulting in insufficient process. Attempted service of the summons and complaint by certified mail to "Fleet Engineers, Inc, Division of Tramec Sloan" is insufficient service of process because the entity does not exist, and service was not to an agent or officer of <u>any</u> entity. In addition, the proof of service filed with the Court is incomplete.

---

[1] The undersigned counsel is appearing specially on behalf of the non-existent corporate entity "Fleet Engineers, Inc, Division of Tramec Sloan" to assist the Court in the efficient resolution of this matter.

1

## II. ARGUMENT

Rule 12 sets forth that a party may file via motion the defenses of insufficient process and insufficient service of process. Fed. R. Civ. P. 12(b)(4) and (5). "[T]he requirement of proper service of process is not some mindless technicality." *Friedman v. Estate of Presser*, 929 F.2d 1151, 1156 (6th Cir. 1991) (internal quotation marks and citation omitted)."[W]ithout proper service of process, consent, waiver, or forfeiture, a court may not exercise personal jurisdiction over a named defendant." *King v. Taylor*, 694 F.3d 650, 655 (6th Cir. 2012), *citing Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350, 119 S. Ct. 1322, 143 L. Ed. 2d 448 (1999)."Whether a defendant had notice of the legal action, despite lack of personal service, is immaterial." *Pendleton v. Williams*, No. 3:12-cv-00376, 2013 U.S. Dist. LEXIS 81430 at *5, 2013 WL 2546684 (M.D. Tenn. June 10, 2013), *quoting Harris v. City of Cleveland*, 7 F. App'x 452, 456 (6th Cir. 2001) (internal quotation marks and citation omitted). "Due Process requires proper service of process in order to obtain *in personam* jurisdiction." *Amen v. City of Dearborn*, 532 F.2d 554, 557 (6th Cir. 1976).

> In deciding a motion to dismiss under Rules 12(b)(4) and (5), the court may refer to record evidence in determining the sufficiency of service[,]' including 'uncontroverted affidavits.' *Hobson v. Billotte*, No. 3:21-cv-00405, 2021 U.S. Dist. LEXIS 182102, 2021 WL 4342329, at *3 (M.D. Tenn. Sept. 23, 2021), *report and recommendation adopted*, No. 3:21-cv-00405, 2021 U.S. Dist. LEXIS 200104, 2021 WL 4847191 (M.D. Tenn. Oct. 18, 2021) (quoting *Metro. Alloys*, 416 F. Supp. 2d at 563).

*Ramos v. Marlowe's Inc.*, No. 2:23-cv-02502-SHL-atc, 2024 U.S. Dist. LEXIS 108468, at *5 (W.D. Tenn. May 14, 2024).

Plaintiff filed this complaint and paid the filing fee on February 3, 2025. (Doc. 1). On February 3, 2025, the Clerk issued a summons as requested by Plaintiff naming as the defendant

2

"Fleet Engineers, Inc. Div. of Tramec Sloan., 1800 E. Keating Ave., Muskegon, MI, 49442." (Doc. 2, PageID # 153). This entity does not exist and renders the process insufficient.

A copy of the insufficient summons and the complaint were sent via certified mail to the attention of "Wes Eklund" at "Fleet Engineers, Inc. Div. of Tramec Sloan., 1800 E. Keating Ave., Muskegon, MI, 49442." (Doc. 8, PageID # 170). This service is insufficient because it was not in compliance with the applicable court rules, and the proof of service filed by Plaintiff with the Court is incomplete as it does not indicate who effected service or how. (Doc. 8, PageID #169). For at least these reasons, "Fleet Engineers, Inc, Division of Tramec Sloan" has not been properly named or served, and this cause of action must be dismissed as to it because this Court lacks personal jurisdiction over "Fleet Engineers, Inc, Division of Tramec Sloan."

**A.** **PROCESS ISSUED TO "FLEET ENGINEERS, INC. DIV. OF TRAMEC SLOAN" IS INSUFFICIENT BECAUSE IT DOES NOT EXIST**

Plaintiff has named a non-existing corporation as the defendant in this matter, which is fatal to Plaintiff's claim against that entity. "The corporation named as defendant in the summons is not a corporation. This . . . is a defect of substance or materiality and not one of form." *Sweeney v. Greenwood Index-Journal Co.*, 37 F. Supp. 484, 487 (D.S.C. 1941).

Fleet Engineers, Inc. was incorporated in Michigan on September 27, 1963. **Exhibit A,** *Michigan Business Entity Summary.* Fleet Engineers, Inc. was founded by Lewis E. Eklund, Jr., and later, his son Wesley K. Eklund became President. *Id.* Effective June 1, 2018, Tramec Sloan purchased the assets and business of Fleet Engineers, Inc., and began operating the prior Fleet business as a combined business with Tramec Sloan. **Exhibit B,** *Affidavit of Greg Lambert ("Lambert Aff."), ¶¶3-4.* On June 6, 2018, the Michigan business entity "Fleet Engineers, Inc." changed its name to "Eklund Holdings, Inc." **Exhibit C,** *Certificate of Amendment to the Articles of Incorporation.* "Fleet Engineers, Inc." no longer exists and any service directed to it is

3

insufficient and, importantly, "Fleet Engineers, Inc." never became a division of Tramec Sloan LLC. Ex. B *Lambert Aff., ¶5.* To the extent the Court construes ""Fleet Engineers, Inc, Division of Tramec Sloan"" to mean "Eklund Holdings, Inc.," that entity is not located at 1800 E. Keating Ave., Muskegon, MI, and any attempted service of it there would be ineffective. Ex. A; **Exhibit D**, *2024 Annual Report of Eklund Holdings, Inc.*

> An objection under Rule 12(b)(4) "concerns the form of the process rather than the manner or method of its service. Technically, therefore, a Rule 12(b)(4) motion is proper only to challenge noncompliance with the provisions of Rule 4(b) or any applicable provision incorporated by Rule 4(b) that deals specifically with the content of the summons."

*Phillips v. Tenn. Hotel Supply*, No. 1:04-cv-353, 2006 U.S. Dist. LEXIS 19516, at *2 (E.D. Tenn. Apr. 4, 2006).

> Courts do not 'allow actual knowledge of a lawsuit to substitute for proper service under Fed. R. Civ. P. 4.' *LSJ Inv. Co. v. O.L.D., Inc.*, 167 F.3d 320, 322 (6th Cir. 1999); *see also Mid-Continent Wood Prods., Inc. v. Harris*, 936 F.2d 297, 301 (7th Cir. 1991).

*Collins v. Waste Mgmt.*, No. 17-2704-SHL-dkv, 2017 U.S. Dist. LEXIS 215320, at *3 (W.D. Tenn. Dec. 22, 2017)(per Vescovo, Mag. J.).

Plaintiff has failed to properly identify and serve the defendant. First, the summons is defective because it does not name the defendant properly and is not directed to an actual entity that can appear as a defendant. Fed. R. Civ. P. 4(a)(1). Second, the summons is not properly addressed to an "officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process."

<table>
<tr><td colspan="2" align="center">SUMMONS IN A CIVIL ACTION</td></tr>
<tr><td>To: <i>(Defendant's name and address)</i><br><br>Fleet Engineers, Inc. Div. of. Tramec Sloan<br>1800 E. Keating Ave.<br>Mnskegon MI 49442<br><br>A lawsuit has been filed against you.</td></tr>
</table>

4

(Doc. 8, PageID # 168). The summons is generally addressed to a purported business entity and does not name any specific individual.

Because the summons itself is insufficient, the Court should quash the summons and Plaintiff's complaint as to Defendant "Fleet Engineers, Inc, Division of Tramec Sloan" should be dismissed.

**B.      PLAINTIFF'S ATTEMPTED SERVICE OF PROCESS IS INSUFFICIENT**

Assuming, *arguendo,* that the summons issued in this matter is sufficient, Plaintiff's attempted service of the summons and complaint is insufficient. Rule 4 provides that a corporation can be served "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant." Fed. R. Civ. P. 4(h)(1)(B). Delivery has been interpreted to mean "personal delivery, not service by mail." *Cunningham v. Select Student Loan Help, LLC*, No. 3:15-cv-00554, 2016 U.S. Dist. LEXIS 175877, 2016 WL 7368595, at *3 (M.D. Tenn. Dec. 20, 2016), report and recommendation adopted, 2017 WL 10399393 (M.D. Tenn. May 25, 2017). Plaintiff has not offered any representation that the summons and complaint were attempted to be personally served. Therefore, service under Rule 4(h)(1)(B) is not satisfied.

Rule 4 provides a second method for effecting service on a corporation, by doing so "in the manner prescribed by Rule 4(e)(1) for serving an individual." Fed. R. Civ. P. 4(h)(1)(A). Rule (4)(e)(1) provides that service on individual may be made under the rules where the state is brought or where service is made. Because this action is pending in Tennessee, and service was attempted in Michigan, it is proper to look to the service rules for Michigan and Tennessee. *Id.* Both states provide that an individual may be served through personal delivery, however it appears Plaintiff has not attempted personal service. Rather, a "Certificate of Service" included with the Complaint

5

indicates service via email and mail. (Doc. 1, PageID # 17). The Michigan Court Rules provide for service by mail by "sending a summons and a copy of the complaint by registered or certified mail, return receipt requested, *and delivery restricted to the addressee*." MCR 2.105(A)(2) (emphasis added). Here, the summons and complaint were sent to the attention of Mr. Eklund at the incorrectly-named defendant, however delivery was not restricted to Mr. Eklund. Thus, service under MCR 2.105(A)(2) is not satisfied.



(Doc. 8, PageID # 170 (emphasis added)).

The Tennessee Court Rules provide for service by "registered return receipt or certified return receipt mail to the defendant." Tenn. Civ. R. P. 4.04(10). When service is made by mail, the service is complete when "the return receipt is signed by the defendant, or by person designated by Rule 4.04 or by statute." Tenn. Civ. R. P. 4.03(2). Here, the certified mail return receipt was signed by "Lori Johnson." Ms. Johnson is a buyer in the purchasing department of Tramec Sloan and is not an "officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process," and is not authorized in any way to accept service. Ex. B, *Lambert Aff.,* ¶¶6-7.

6

For service to be effective by mail, such service must comply with the rules, including that the Plaintiff may not personally serve the summons and complaint:

> (c) Service.
>
> (1) In General. A summons must be served with a copy of the complaint. The plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service.
>
> (2) By Whom. Any person who is at least 18 years old *and not a party* may serve a summons and complaint.

Fed. R. Civ. P. (4)(c) (emphasis added); *see also, Griffin v. Parker*, No. 24-1301, 2024 U.S. App. LEXIS 31507, at *5 (6th Cir. Dec. 11, 2024).

The Tennessee Court Rules set forth both how to effect service and how to make a proper return of service:

> (2) When process is served by mail, the original summons, endorsed as below; an affidavit of the person making service setting forth the person's compliance with the requirements of this rule; and, the return receipt shall be sent to and filed by the clerk. The person making service shall endorse over his or her signature on the original summons the date of mailing a certified copy of the summons and a copy of the complaint to the defendant and the date of receipt of return receipt from the defendant. If the return receipt is signed by the defendant, or by person designated by Rule 4.04 or by statute, service on the defendant shall be complete. If not, service by mail may be attempted again or other methods authorized by these rules or by statute may be used.

Tenn. R. Civ. P. 4.03(2).

> "Return of service is a written account of the actions taken by the person making service to show to whom and how the service was made, or the reason service was not made." 3 Nancy Fraas MacLean, *Tennessee Practice Series—Rules of Civil Procedure Annotated* § 4:15 (4th ed. 2008). "The language of Rule 4.03 'set[s] forth a mandatory requirement rather than a discretionary ideal that need not be strictly enforced to confer jurisdiction over a party.'" *Hall v. Haynes*, 319 S.W.3d 564, 577 (Tenn. 2010) (quoting *Estate of McFerren v. Infinity Transp., LLC*, 197 S.W.3d 743, 748 (Tenn. Workers Comp. Panel 2006)). [*16] Moreover, actual notice of a

7

> lawsuit "does not excuse the failure to serve process in compliance with our Rules of Civil Procedure." *Id.* at 574.

*Simmons v. Strickland*, No. W2020-01562-COA-R3-CV, 2022 Tenn. App. LEXIS 231, at *15-16 (Tenn. Ct. App. June 13, 2022).

> Rule 4, read as a whole, requires not only proof of sending the documents to the correct entity at the correct [*12] address, but also evidence of personal acceptance, in the form of a signature, by the defendant or a person given the authority to accept service on the defendant's behalf in order for service by mail to be effective.

*300 Kate St. Partners, LLC v. NIS Trading, Inc.*, No. M2020-01253-COA-R3-CV, 2021 Tenn. App. LEXIS 430, at *11-12 (Tenn. Ct. App. Oct. 28, 2021).

Plaintiff has failed to effect service in compliance with the rules. First, Plaintiff has failed to have documents sent to the correct entity at the correct address. Second, the certified mail was not delivered to Mr. Eklund, or any officer of the named defendant, as required by Tenn. R. Civ. P. 4.04(10). Third, the return of service filed by Plaintiff is incomplete. The Proof of Service indicating how service was effected and who effected it is entirely blank. (Doc. 8, PageID # 169). Plaintiff has simply provided a certified mail return receipt and leads the Court to draw its own conclusions. (Doc. 8, PageID # 170-171).

Plaintiff has been specifically advised by this court that he is "responsible for effecting timely and proper service of process on Defendant in accordance with Rule 4 of the Federal Rules of Civil Procedure" and was provided with information regarding service of process. (Doc. 12, PageID # 182). Plaintiff's status as a pro se party does not excuse him from complying with the Court rules regarding service. This Court has previously found that insufficient service of process by a pro se plaintiff is grounds for dismissal. *See, Emiabata v. Farmers Ins. Corp.,* 2024 U.S. Dist. LEXIS 217359 (M.D. Tenn. Dec. 2, 2024), report and recommendation adopted, 2024 U.S. Dist.

LEXIS 234043 (M.D. Tenn. Dec. 30, 2024) (dismissal of action for insufficient service by pro se plaintiff by certified mail).

### III.    CONCLUSION

For all of the reasons above, it is respectfully submitted that this action should be dismissed as to "Fleet Engineers, Inc, Division of Tramec Sloan" pursuant to Fed. R. Civ. P. 12(b)(2), (4), and (5) because the issued process is insufficient and the attempted service by mail was not in compliance with the applicable court rules, and this Court therefore lacks personal jurisdiction over "Fleet Engineers, Inc, Division of Tramec Sloan." The undersigned hereby requests that costs be awarded pursuant to 28 U.S.C. §§ 1919 and 1920.

Respectfully submitted,

Dated:      March 31, 2025            By:      */s/ G. Thomas Williams*
                                                    G. Thomas Williams
                                                    (Michigan Bar P53734)
                                                    *Admitted pro hac vice*
                                                    **MCGARRY BAIR PC**
                                                    5355 Northland Dr. NE, Suite C, #226
                                                    Grand Rapids, MI 49525
                                                    Tel (616) 742-3514
                                                    gtw@mcgarrybair.com
                                                    pleadings@mcgarrybair.com

                                                    Stephen J. Zralek, BPR No. 18971
                                                    **SPENCER FANE LLP**
                                                    511 Union Street, Suite 1000
                                                    Nashville, Tennessee 37219
                                                    (615) 238-6305
                                                    szralek@spencerfane.com

# CERTIFICATE OF SERVICE

I certify that I served a copy of the foregoing document, on March 31, 2025, via ECF on:

> Tarun N. Surti
> 5928 Westheimer Drive
> Brentwood, TN 37027
> vflaps@gmail.com

Dated:    March 31, 2025          By:    */s/ G. Thomas Williams*
                                         G. Thomas Williams
                                         (Michigan Bar P53734)
                                         *Admitted pro hac vice*
                                         MCGARRY BAIR PC

10

Case 3:25-cv-00012   Document 41-1   Filed 03/31/25   Page 37 of 192 PageID #: 1922

# LARA Corporations Online Filing System
## Department of Licensing and Regulatory Affairs

**ID Number: 800000163**

Request certificate | Return to Results | New search

**Summary for: EKLUND HOLDINGS, INC.**

**The name of the DOMESTIC PROFIT CORPORATION:** EKLUND HOLDINGS, INC.

**The name was changed from:** FLEET ENGINEERS, INC. **on** 06-06-2018

**Entity type:** DOMESTIC PROFIT CORPORATION

**Identification Number:** 800000163  **Old ID Number:** 004336

**Date of Incorporation in Michigan:** 09/27/1963

**Purpose:** All Purpose Clause

**Term:** Perpetual

**Most Recent Annual Report:** 2024          **Most Recent Annual Report with Officers & Directors:** 2024

**The name and address of the Resident Agent:**

Resident Agent Name:             WESLEY K EKLUND

Street Address:                  481 SEMINOLE ROAD

Apt/Suite/Other:

City:                  NORTON SHORES          State: MI          Zip Code:    49444

**Registered Office Mailing address:**

P.O. Box or Street Address:

Apt/Suite/Other:

City:                                State:                  Zip Code:

**The Officers and Directors of the Corporation:**

| Title | Name | Address |
|---|---|---|
| PRESIDENT | WESLEY K EKLUND | 481 SEMINOLE MUSKEGON, MI 49442 USA |
| TREASURER | WESLEY K EKLUND | 481 SEMINOLE MUSKEGON, MI 49442 USA |
| SECRETARY | WESLEY K EKLUND | 481 SEMINOLE MUSKEGON, MI 49442 USA |
| DIRECTOR | WESLEY K EKLUND | 481 SEMINOLE MUSKEGON, MI 49442 USA |

**Act Formed Under:** 327-1931 Michigan General Corporation Act

**Acts Subject To:** 284-1972 Business Corporation Act

**Total Authorized Shares:** 50,100

☐ **Written Consent**


EXHIBIT A

View Assumed Names for this Business Entity

**View filings for this business entity:**

```
ALL FILINGS
ANNUAL REPORT/ANNUAL STATEMENTS
ARTICLES OF INCORPORATION
RESTATED ARTICLES OF INCORPORATION
RESTATED ARTICLES OF INCORPORATION
RESTATED ARTICLES OF INCORPORATION
```

View filings

**Comments or notes associated with this business entity:**

LARA FOIA Process        Transparency        State Web Sites

Michigan.gov Home        ADA        Michigan News        Policies

Copyright 2025 State of Michigan

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE

**TARUN N. SURTI**
   pro se,

   Plaintiff

v.

**FLEET ENGINEERS, INC,**
DIVISION OF TRAMEC SLOAN

   Defendant.

Case No. 3:25-CV-0122

Judge Waverly D. Crenshaw, Jr.

## AFFIDAVIT OF GREG LAMBERT

NOW COMES Greg Lambert, being duly sworn upon his oath, deposes and says as follows:

1.     My name is Greg Lambert, and I am the Chief Financial Officer of Tramec Sloan, L.L.C.

2.     I have direct knowledge about the facts contained in this Affidavit.

3.     Tramec Sloan, L.L.C. ("Tramec Sloan") purchased the assets and business of Fleet Engineers, Inc. ("Fleet Engineers") effective June 1, 2018.

4.     Since that time, Tramec Sloan has operated the prior Fleet Engineers business as c combined business with Tramec Sloan.

5.     Fleet Engineers is not a division of Tramec Sloan.

6.     Lori Johnson is employed by Tramec Sloan as a buyer in the purchasing department.

7.     Lori Johnson is not an officer, managing or general agent, or any other agent authorized to receive process on behalf of Tramec Sloan.

**EXHIBIT B**

**FURTHER, AFFIANT SAYETH NOT**.

Dated: _3/31/2025_        By: _____

                                                        Greg Lambert

STATE OF KANSAS     )
                               ) ss.
COUNTY OF _Johnson_   )

On this _31st_ day of _March_ 2025, personally appeared before me the above-named Greg Lambert, to me known and known to me to be the person described in and who executed the foregoing instrument, and the affiant has read the foregoing Affidavit and he knows the contents thereof, and acknowledged to me that the same is true to deponent's own knowledge except as to the matters therein stated to be alleged on information and belief, and that as to those matters, deponent believes it to be true.

_Landon Harris_    LH

Notary Public, _Johnson_     County, Kansas

My Commission Expires: _12/17/2028_

NOTARY PUBLIC - State of Kansas
LANDON HARRIS
My Appt. Expires _12/17/2028_



Form Revision Date 07/2016

# CERTIFICATE OF AMENDMENT TO THE ARTICLES OF INCORPORATION
## For use by DOMESTIC PROFIT CORPORATION

*Pursuant to the provisions of Act 284, Public Acts of 1972,the undersigned corporation executes the following Certificate:*

The identification number assigned by the Bureau is:

800000163

The name of the corporation is:

FLEET ENGINEERS, INC.

The Articles of Incorporation is hereby amended to read as follows:

### Article I

The name of the corporation as amended, is:

EKLUND HOLDINGS, INC.

2. The foregoing amendment to the Articles of Incorporation proposed by the board was duly adopted on: 06/01/2018          by the

shareholders at a meeting in accordance with Section 611(3) of the Act.

This document must be signed by an authorized officer or agent:

Signed this 6th Day of June, 2018 by:

| Signature | Title | Title if "Other" was selected |
|---|---|---|
| Loic M. Dimithe | Authorized Agent | |
| | | |

By selecting ACCEPT, I hereby acknowledge that this electronic document is being signed in accordance with the Act. I further certify that to the best of my knowledge the information provided is true, accurate, and in compliance with the Act.

○ Decline      ◉ Accept

**EXHIBIT C**

# *MICHIGAN DEPARTMENT OF LICENSING AND REGULATORY AFFAIRS*

# *FILING ENDORSEMENT*

**This is to Certify that the**   CERTIFICATE OF AMENDMENT TO THE ARTICLES OF INCORPORATION

*for*

EKLUND HOLDINGS, INC.

**ID Number:**       800000163

**received by electronic transmission on**   June 06, 2018        , **is hereby endorsed.**

**Filed on**    June 06, 2018       , **by the Administrator.**

**The document is effective on the date filed, unless a subsequent effective date within 90 days after received date is stated in the document.**



*In testimony whereof, I have hereunto set my hand and affixed the Seal of the Department, in the City of Lansing, this 6th day of June, 2018.*

*Julia Dale, Director*
*Corporations, Securities & Commercial Licensing Bureau*

CSCL/CD-2500 (01/24)

**DEPARTMENT OF LICENSING AND REGULATORY AFFAIRS**
**PROFIT CORPORATION ANNUAL REPORT**
# 2024

13-02

**Due May 15, 2024**     File Online at www.michigan.gov/corpfileonline

| Identification Number | Corporation Name |
|---|---|
| **800000163** | **EKLUND HOLDINGS, INC.** |

Resident agent name and mailing address of the registered office

**WESLEY K EKLUND**
**481 SEMINOLE ROAD**
**NORTON SHORES, MI 49444**

FILED

APR 0 2 2024

CORPORATIONS DIVISION

TranInfo:2 25640748-1 02/09/24
Chk#: 1147  Amt: $25.00
ID: 800000163

The address of the registered office
**481 SEMINOLE ROAD**
**NORTON SHORES, MI 49444**

**IF NO CHANGE in the address of the registered office and/or resident agent proceed to Item 4.**

| 1 Change the mailing address of registered office in MICHIGAN (can be a P O Box) | 2 Change the resident agent |
|---|---|
| | |

3 Change the address of the registered office in MICHIGAN (cannot be a P O Box)

4 Describe the general nature and kind of business in which the corporation engaged in during the year covered by this report (REQUIRED)

*Investments in Real Estate & Manufacturing Business*

5 NAME and BUSINESS OR RESIDENCE ADDRESS of officers and directors. (REQUIRED - Print legible and compete names and addresses)

| REQUIRED | President *Wesley K. Eklund 481 Seminole, Muskegon, MI 49444* |
|---|---|
| | Secretary (If different than president) |
| | Treasurer (If different than president) |
| If different than Officers | Director |
| | Director |
| | Director |
| | Director |

| 6 Signature of Authorized officer or agent | Title | Date | Phone (Optional) |
|---|---|---|---|
| X *Wey.E* | *President* | *1-25-24* | |

**Filing Fee: $25.00**
**Report due May 15, 2024.**
**If received by agency after May 15, penalty fees will be assessed.**

Submit
Online: www.michigan.gov/corpfileonline
Save time by filing online  You will get an immediate response and you can elect to receive future notices by email to the resident agent  The agent will also be sent an email when a document is filed, or a CID/PIN is requested  You will need your Customer ID number (CID) and PIN, which can be obtained using the CID/PIN recovery page at www.michigan.gov/corppin
Mail: Return completed report with a check or money order payable to the State of Michigan to
Corporations Division, P O Box 30702, Lansing, MI 48909  (517) 241-6470

If more space is needed, additional pages may be included  Do not staple any items to the report  Signature is required  Section 911 of 1972 PA 284 as amended
Failure to file this report may result in the dissolution of the corporation  Late filing will result in penalty fees

**EXHIBIT**
**D**

# EXHIBIT-6

IN THE

# Supreme Court of the United States

TARUN N. SURTI,

*Petitioner,*

*v.*

FLEET ENGINEERS, INC.,

*Respondent.*

ON PETITION FOR A WRIT OF CERTIORARI TO THE
UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT

## BRIEF IN OPPOSITION

G. THOMAS WILLIAMS
  *Counsel of Record*
MCGARRY BAIR PC
5355 Northland Drive NE, Suite C, #226
Grand Rapids, MI 49525
(616) 742-3500
gtw@mcgarrybair.com

*Counsel for Respondent*

329384



COUNSEL PRESS

(800) 274-3321 • (800) 359-6859

## QUESTIONS PRESENTED

Respondent submits that the four questions presented by Petitioner mischaracterize the factual record and provide no issues that must be resolved by this Court. Respondent presents no questions to this Court.

*ii*

## PARTIES TO THE PROCEEDING AND
## RULE 29.6 STATEMENT

Fleet Engineers, Inc. ("Respondent") was plaintiff in the District Court proceedings. Mudguard Technologies, LLC ("Mudguard") and Mr. Tarun Surti ("Respondent") were the Defendants in the District Court proceedings, however default was entered against Mudguard in 2014.

Pursuant to Rule 29.6, Respondent Fleet Engineers, Inc. states that it is subsidiary of Tramec Sloan LLC, a division of Tramec LLC. No publicly held corporation or other publicly held entity owns 10% or more of Fleet's stock.

# TABLE OF CONTENTS

*Page*

QUESTIONS PRESENTED . . . . . . . . . . . . . . . . . . . . . . .i

PARTIES TO THE PROCEEDING AND
    RULE 29.6 STATEMENT. . . . . . . . . . . . . . . . . . . . . ii

TABLE OF CONTENTS. . . . . . . . . . . . . . . . . . . . . . . . .iii

TABLE OF CITED AUTHORITIES . . . . . . . . . . . . . .vi

OPINIONS BELOW. . . . . . . . . . . . . . . . . . . . . . . . . . . .1

JURISDICTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .1

COUNTERSTATEMENT OF THE CASE . . . . . . . . . .1

REASONS FOR DENYING THE PETITION . . . . . . .4

   I.   Petitioner's Questions are Not Properly
       Before This Court and the Petition Does Not
       Comply with This Court's Rules . . . . . . . . . . . . . .5

   II.  Petitioner's Question 1 is Nothing More
       Than a Grievance with Proper Decisions
       by the District Court . . . . . . . . . . . . . . . . . . . . . . .6

       A.   The Abuse of Discretion Standard . . . . . . . .7

       B.   The District Court Did Not Err by
           Denying a Permanent Injunction . . . . . . . . .8

Table of Contents

*Page*

C.  Petitioner was Not Entitled to An Award of Lost Profits and the Royalty Rate Awarded by the Jury was Reasonable . . . . . . . . . . . . . . . . . . . . . . . .8

D.  The Jury's Verdict of No Willful Infringement is Well Supported . . . . . . . . .10

E.  The District Court Did Not Abuse Its Discretion in Not Awarding Enhanced Damages . . . . . . . . . . . . . . . . . . .10

F.  The District Court Did Not Abuse Its Discretion in Not Awarding Attorney's Fees . . . . . . . . . . . . . . . . . . . . . .11

III. Petitioner's Question 2 is Not Properly Before This Court Because the Jury's Verdict was Based on Substantial Evidence . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .13

A.  The District Court Did Not Err by Not Overturning the Jury's Verdict of Non-Infringement . . . . . . . . . . . . . . . . . . .14

B.  The District Court Did Not Err by Not Finding That "Infringement Begins at the Point of Manufacturing" . . .16

C.  The District Court Did Not Abuse Its Discretion by Finding Claim 19 Was Not in Dispute  . . . . . . . . . . . . . . . . . . .16

*v*

## Table of Contents

*Page*

IV. Petitioner's Questions 3 and 4 Are Not Properly Before This Court Because They Were Decided by the Federal Circuit in 2019 . . . . . . . . . . . . . . . . . . . . . . . . . . . . .18

    A.   Mudguard Is Not a Non-Related Third Party and Petitioner's Publication Was Not Notice Under 35 U.S.C. § 287. . . . . . . . . . . . . . . . . . . . . . . .19

    B.   Judgment Against Mudguard was Proper . . . . . . . . . . . . . . . . . . . . . . . . . . . . .21

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .22

**TABLE OF CITED AUTHORITIES**

*Page*

**CASES:**

*Bartlett v. Stephenson,*
535 U.S. 1301, 122 S. Ct. 1751 (2002) . . . . . . . . . . . . . .5

*Bayer CropScience AG v.*
*Dow Agrosciences LLC,*
851 F.3d 1302 (Fed. Cir. 2017). . . . . . . . . . . . . . . . . . . .7

*Cavazos v. Smith,*
565 U.S. 1, 132 S. Ct. 2 (2011) . . . . . . . . . . . . . . . . . . .10

*eBay Inc. v. MercExchange, L.L.C.,*
547 U.S. 388, 126 S. Ct. 1837 (2006). . . . . . . . . . . . . . .7

*Gen. Elec. Co. v. Joiner,*
522 U.S. 136 (1997). . . . . . . . . . . . . . . . . . . . . . . . . . . .7

*Halo Elecs., Inc. v. Pulse Elecs., Inc.,*
579 U.S. 93, 136 S. Ct. 1923 (2016) . . . . . . . . . . . . . . .12

*Highmark Inc. v. Allcare Health Mgmt.*
*Sys., Inc.,*
572 U.S. 559 (2014) . . . . . . . . . . . . . . . . . . . . . . . . . .7, 12

*Hormel v. Helvering,*
312 U.S. 552, 61 S. Ct. 719 (1941) . . . . . . . . . . . . . . . .19

*Intellectual Ventures I LLC v. Trend Micro Inc.,*
944 F.3d 1380 (Fed. Cir. 2019) . . . . . . . . . . . . . . . . . .12

Case 3:25-mc-00005     Document 42-1     Filed 07/31/26     Page 52 of 192 PageID #: 537

## Cited Authorities

*Page*

*Motorola, Inc. v. Interdigital Tech. Corp.,*
121 F.3d 1461 (Fed. Cir. 1997)....................8

*Newport v. Fact Concerts,*
453 U.S. 247, 101 S. Ct. 2748 (1981) ..............19

*Octane Fitness, LLC v. ICON Health
& Fitness, Inc.,*
572 U.S 545 (2014) ............................12

*Romag Fasteners, Inc. v. Fossil, Inc.,*
866 F.3d 1330 (Fed. Cir. 2017) ...................8

*SRI Int'l, Inc. v. Cisco Sys., Inc,.*
918 F.3d 1368 (Fed. Cir. 2019).........8, 11, 13, 14, 18

*Tex. Instruments Inc. v.
Cypress Semiconductor Corp.,*
90 F.3d 1558 (Fed. Cir. 1996) ...................15

**STATUTES:**

28 U.S.C. § 1254...................................1

35 U.S.C. § 284..................................11

35 U.S.C. § 285..................................12

35 U.S.C. § 287...........................19, 20, 21

*Cited Authorities*

*Page*

**RULES:**

Supreme Court Rule 10 . . . . . . . . . . . . . . . . . . . . . . . . . .4, 5

Supreme Court Rule 13 . . . . . . . . . . . . . . . . . . . . . . . .5, 18

Supreme Court Rule 14 . . . . . . . . . . . . . . . . . . . . . . . . .5, 6

1

## OPINIONS BELOW

The Federal Circuit's August 15, 2023, opinion (Pet. App. 1-27) is available at 2023 U.S.P.Q.2D (BNA) 952, 2023 U.S. App. LEXIS 21178, 2023 WL 5219773.

The Federal Circuit's order denying Petitioner's request for an *en banc* review was issued on September 21, 2023, and is unreported.

## JURISDICTION

Respondent does not dispute this Court's jurisdiction over this case pursuant to 28 U.S.C. § 1254 but denies that this case satisfies the standard set forth in Supreme Court Rule 10.

## COUNTERSTATEMENT OF THE CASE

The origins of this dispute can be summarized succinctly. In April 2010, Petitioner approached Respondent and asked Respondent to offer for sale Petitioner's mudflap product that was called "V-Flap." *District Court Doc. 1-1, Page ID#23.* Respondent initially agreed to do so, but after a series of testing failures and other issues, the business relationship between Petitioner and Respondent was terminated in September 2010. *District Court Doc. 1-1, Page ID#33.* Two years later, Respondent introduced its independently designed mudflap product, the "AeroFlap."

Through counsel, Petitioner corresponded with Respondent and levied accusations of patent infringement against Respondent. *District Court Doc. 1-2, PageID#35-36.* Respondent disagreed with the allegations

and its counsel provided reasons that Respondent did not infringe and why Petitioner's patent may be invalid. *District Court Doc. 1-3, PageID#57-60.*

Apparently dissatisfied with the response received from Respondent, and rather than filing a patent infringement lawsuit, Petitioner sent an email blast to his customers and others in the trucking industry, claiming that purchasers and users of Respondent's product were in "violation of our patent" and stating Respondent had been served with a "Cease and Desist" notice. *District Court Doc. 1-4, PageID#66-67.* This correspondence disturbed and upended numerous of Respondent's customer relationships, leading Respondent to file a declaratory judgment action in the Western District of Michigan in October 2012.

Respondent asked the District Court for findings that: (1) the AeroFlap product did not infringe Petitioner's patent, (2) Petitioner's patent was invalid, and (3) Petitioner and his company, Mudguard, were liable for tortious interference due to their communications to the market. *District Court Doc. 1.* Petitioner and Mudguard, both initially represented by counsel, filed counterclaims for: (1) patent infringement, (2) breach of contract, and (3) misappropriation of trade secrets. *District Court Doc. 8.*

During the pendency of this matter at the District Court, Mudguard was found to be in default, and a default judgment was later entered against it as to Respondent's tortious interference claim. *District Court Doc. 70, 255, 256.* Respondent voluntarily dismissed its tortious interference claim against Petitioner. *District Court Doc. 255.* Petitioner remained a party to the action and proceeded *pro se.*

3

In June 2017, the District Court resolved the parties' cross-motions for summary judgment and found Respondent was entitled to summary judgment of non-infringement and dismissal of Petitioner's counterclaims for breach of contract and misappropriation of trade secrets. *District Court Doc. 236.* The District Court further found that Petitioner was entitled to dismissal of Respondent's claims for patent invalidity. *District Court Doc. 236.* Final judgment was entered in 2018 and Petitioner appealed to the Federal Circuit. The Federal Circuit affirmed-in-part and vacated-in-part, reversing the District Court's grant of summary judgment to Respondent on its non-infringement claim and affirming the grant of summary judgment to Respondent as to Petitioner's breach of contract and misappropriation of trade secret claims. (Pet. App. 93-95)

On remand to the District Court, a jury trial was held in October 2021. At trial, Petitioner advanced claims of patent infringement, contributory infringement, and induced infringement. Petitioner requested damages in the form of lost profits and asked the jury to find that Petitioner's infringement had been willful. The District Court gave much leniency to Petitioner throughout the trial, even allowing Petitioner to reopen his case in chief after Petitioner had rested without offering for admission any exhibits that were introduced during his case.

The District Court granted Judgment as a Matter of Law to Respondent on Petitioner's claims of contributory and induced infringement because Petitioner had not introduced any evidence to support those claims during his case in chief. *District Court Doc. 368.* The remainder of Petitioner's claims went to the jury, who found Respondent liable for patent infringement as to some of its products

4

and awarded Petitioner a reasonable royalty of 4% on sales of those products, but found Petitioner was not entitled to recover lost profits and denied Petitioner's claim that Respondent had committed willful infringement. *District Court Doc. 370.*

The parties filed post-trial motions. Petitioner requested the District Court (1) amend the Judgment as a Matter of Law and find there was induced or contributory infringement; (2) amend the jury verdict to expand the products that were found to infringe; (3) amend the jury verdict to find Respondent's infringement was willful; (4) award Petitioner lost profits; (5) increase the jury's awarded royalty rate; (6) award Petitioner attorney fees; and (7) enter a permanent injunction. The District Court denied Petitioner's motions. Petitioner appealed to the Federal Circuit, and on August 15, 2023, the Federal Circuit affirmed the findings from the District Court. (Pet. App. 27)

**REASONS FOR DENYING THE PETITION**

The Court should deny the Petition. Pursuant to Supreme Court Rule 10, "[r]eview on a writ of certiorari is not a matter of right, but of judicial discretion" and will only be granted for "compelling reasons." The questions asserted by Petitioner are not compelling reasons. Examples of compelling reasons include that "a United States court of appeals has entered a decision in conflict with the decision of another United States court of appeals on the same important matter," "a state court of last resort has decided an important federal question in a way that conflicts with the decision of another state court of last resort or of a United States court of appeals,"

4

or " a state court or a United States court of appeals has decided an important question of federal law that has not been, but should be, settled by this Court, or has decided an important federal question in a way that conflicts with relevant decisions of this Court." Sup. Ct. R. 10. Petitioner does not identify any such situation here because he cannot. The Federal Circuit has reviewed the questions raised in Petitioner's Petition and has agreed with the District Court. This affirmance does not rise to the level of a "compelling reason" to grant certiorari.

## I. Petitioner's Questions are Not Properly Before This Court and the Petition Does Not Comply with This Court's Rules

Petitioner asks this Court to intervene regarding what he believes is an incorrect result in this single case based on factual findings made by the jury and the District Court. "This issue, which has few if any ramifications beyond the instant case, does not satisfy any of the criteria for the exercise of this Court's discretionary jurisdiction. " *Bartlett v. Stephenson*, 535 U.S. 1301, 1304, 122 S. Ct. 1751, 1753 (2002) (*citing* Sup. Ct. R. 10). In addition, Petitioner's Questions 3 and 4 were decided by the Federal Circuit in 2019 on the first appeal in this case. (Pet. App. 61-64.) As a result, they are no longer timely brought to this Court. *See,* Supreme Court Rule 13.

The Petition also does not comply with Supreme Court Rule 14(4), which states that "[t]he failure of a petitioner to present with accuracy, brevity, and clarity whatever is essential to ready and adequate understanding of the points requiring consideration is sufficient reason for

the Court to deny a petition." Sup. Ct. R. 14(4). While Respondent understands that Petitioner has proceeded *pro se* in this matter for many years and puts forth his best effort with court filings, the Petition is not accurate or clear and does not provide a "ready and adequate understanding of the points."

The Petition states that "[t]his Court is the final hope for the Pro Se Petitioner/Defendant to secure the 'Defenseless Patent Owners Rights in America' guaranteed under our patent laws that has been aggressively violated by the 'Corporate Bullies, such as the Respondent' …" (Pet. 7) This is not a clear articulation of how any of the decisions made by the District Court were an abuse of discretion, but rather is simply an expression of discontent with the jury's verdict and decisions of the District Court. Petitioner claims that this Court "needs to reestablish the criteria of 'Infringement,' (Pet. 3) but offers no compelling justification for this Court to overturn its past decisions. Petitioner's Petition should be denied for these reasons alone.

## II. Petitioner's Question 1 is Nothing More Than a Grievance with Proper Decisions by the District Court

The first question posed by Petitioner asserts that the District Court "erred in denying proper compensation, including 'Cease and Desist order.'" (Pet. i) As this Court has held, a finding of infringement does not automatically entitle a patent holder to a permanent injunction.

> A plaintiff must demonstrate: (1) that it has suffered an irreparable injury; (2) that

remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction.

*eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391, 126 S. Ct. 1837, 1839 (2006). Here, the Federal Circuit properly applied the law and found the District Court did not err in finding that Petitioner was not irreparably harmed, but rather could be properly compensated monetarily. (Pet. App. 23-25) Petitioner has identified no error in the application of law by either the District Court or the Federal Circuit.

### A. The Abuse of Discretion Standard

Denial of a motion for a permanent injunction is reviewed on appeal for an abuse of discretion. *eBay,* 547 U.S. at 391. "[D]eference [to the trial court] … is the hallmark of abuse-of-discretion review." *Gen. Elec. Co. v. Joiner,* 522 U.S. 136, 143 (1997). "To meet the abuse-of-discretion standard, the appellant must show that the district court made 'a clear error of judgment in weighing relevant factors or in basing its decision on an error of law or on clearly erroneous factual findings.'" *SRI Int'l, Inc. v. Cisco Sys., Inc.*, 918 F.3d 1368, 1382 (Fed. Cir. 2019) (*quoting Bayer CropScience AG v. Dow Agrosciences LLC*, 851 F.3d 1302, 1306 (Fed. Cir. 2017)); *see also Highmark Inc. v. Allcare Health Mgmt. Sys., Inc.*, 572 U.S. 559, at 563 n.2 (2014). "In matters of judicial discretion, especially with respect to litigation procedures, the appellate court

should exercise restraint in substituting its view for that of the judge who was on the spot." *Romag Fasteners, Inc. v. Fossil, Inc.*, 866 F.3d 1330, 1346 (Fed. Cir. 2017) (*citing Motorola, Inc. v. Interdigital Tech. Corp.*, 121 F.3d 1461, 1468 (Fed. Cir. 1997)).

## B. The District Court Did Not Err by Denying a Permanent Injunction

Petitioner has made no showing to this Court, or the Federal Circuit, how the District Court made a clear error of judgment in weighing relevant factors or based its decision on an error of law or on clearly erroneous factual findings. *SRI*, 918 F.3d at 1382. The Federal Circuit affirmed that the District Court "did not err in determining that [Petitioner's] injury was compensable through the reasonable royalty awarded by the jury." (Pet. App. 24) Petitioner has not demonstrated to <u>any</u> court, including the District Court, how he has suffered *irreparable* harm and that monetary damages are inadequate compensation for how he has been injured. To the contrary, Petitioner argues that he is entitled to additional monetary compensation.

## C. Petitioner was Not Entitled to An Award of Lost Profits and the Royalty Rate Awarded by the Jury was Reasonable

While not specifically articulated in the question, Petitioner presents multiple arguments in the Petition regarding additional monetary damages to which he believes he is entitled. Petitioner states that he could receive a "net damage award of $25,713 …" (Pet. 8) The jury awarded Petitioner a 4% reasonable royalty on the sales of the "Group A" products, which amounted to

9

$228,000. *District Court Doc. 370, 378.* To reach his lower "net damage" amount, Petitioner deducts from the jury award the judgment that was entered against Mudguard. This results in the "net damage" award of $25,713. While this math is correct, any reduction in Petitioner's recovery due to the tortious interference of Mudguard is not attributable to Respondent and does not serve as a basis to adjust a properly calculated jury verdict for a reasonable royalty.

Petitioner is a non-practicing entity and does not personally produce products under the patent, and thus has suffered no lost profits. (Pet. App. 19) The Federal Circuit agreed with Respondent that "the jury should not have even been presented with the question of lost profits because Surti was a non-practicing entity who had no lost profits." (Pet. App. 19) While Petitioner was permitted to argue to the jury a theory that he should be entitled to recover Respondent's profits from sale of the products that were found to infringe, this argument was unpersuasive to the jury. "The jury's finding that [Petitioner] was not entitled to lost profits was therefore supported by substantial evidence." (Pet. App. 19)

In a new and novel argument, Petitioner asserts that after a finding of infringement, a patent owner should be able to "freely negotiate a proper compensation." (Pet. 7) Petitioner cites no basis in law for such a theory of damages calculation post-jury verdict. To the extent Petitioner wished to "freely negotiate" a royalty with Respondent, there were ample opportunities to do so during the pendency of this matter. Instead, Respondent rolled the dice on a jury verdict and did not get the outcome he desired and now makes an emotional plea asking this Court to intervene. Petitioner has made no arguments

that show how the District Court's ruling falls outside the bounds of reasonable judgment, is based on incorrect legal principles, or is unsupported by substantial evidence.

### D. The Jury's Verdict of No Willful Infringement is Well Supported

Petitioner states that "[t]his Court needs to decide whether the damage award … is proper or not after knowing the fact that Respondent engaged in "Willful & Egregious Conduct …" (Pet. 19-20) The jury made a finding that there was no willful infringement, and Petitioner asserts the District Court should had reversed that finding. "[I]t is the responsibility of the jury--not the court--to decide what conclusions should be drawn from evidence admitted at trial. A reviewing court may set aside the jury's verdict on the ground of insufficient evidence only if no rational trier of fact could have agreed with the jury." *Cavazos v. Smith*, 565 U.S. 1, 2, 132 S. Ct. 2, 4 (2011). The Federal Circuit found that the "jury was free to weigh the relevant evidence" and that even contrary evidence "does not mean that the jury's finding of no willfulness was unsupported by substantial evidence." (Pet. App. 21) Petitioner has brought nothing new to this Court to show why the jury verdict of no willful infringement should be disturbed.

### E. The District Court Did Not Abuse Its Discretion in Not Awarding Enhanced Damages

Turning next to whether the District Court abused its discretion in not awarding Petitioner enhanced damages, the answer is "no." The Patent Act establishes that "the court <u>may</u> increase the damages up to three times the

amount found or assessed." 35 U.S.C. § 284 (emphasis added). "Awards of enhanced damages under the Patent Act over the past 180 years establish that they are not to be meted out in a typical infringement case, but are instead designed as a 'punitive' or 'vindictive' sanction for egregious infringement behavior." *Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 579 U.S. 93, 103, 136 S. Ct. 1923, 1932 (2016). Any decision on whether to award enhanced damages is to be reviewed on appeal for an abuse of discretion. *Id.*, at 563.

Petitioner asks this Court if the District Court erred when it "rejected award of triple damages when it concluded, against all undisputable evidences of obviousness to PHOSITA, that the infringement was not willful, wanton and egregious." (Pet. 24) Petitioner then provides a recitation of facts that were previously before both the District Court and the Federal Circuit and makes no attempt at identifying how the District Court made 'a clear error of judgment in weighing relevant factors or in basing its decision on an error of law or on clearly erroneous factual findings.'" *SRI*, 918 F.3d at 1382. Instead, Petitioner is simply asking this Court for a now-third bite at the apple, something he is not entitled to have.

### F. The District Court Did Not Abuse Its Discretion in Not Awarding Attorney's Fees

Petitioner next asks this Court if the District Court erred when it "prematurely and falsely awarded the Respondent $15,579.58 in attorney's fees[1], however,

---

1. Respondent has not been awarded any attorney's fees in this case.

refused the Patentee a reimbursement of $150,000 in attorney fees, for decade long litigation, that the Petitioner had incurred." (Pet. 28)

The Patent Act establishes that the court "in exceptional cases may award reasonable attorney fees to the prevailing party." 35 U.S.C. § 285. "Exceptional" has been defined as "simply one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S 545, 554 (2014). In finding a case to be exceptional, there must be a determination that a party's "conduct, isolated or otherwise, is such that when considered as part of and along with the totality of circumstances, the case is exceptional." *Intellectual Ventures I LLC v. Trend Micro Inc.*, 944 F.3d 1380, 1384 (Fed. Cir. 2019). The case must be looked at as a whole. *Id.* at 1383. Any decision on whether to award attorney's fees is to be reviewed on appeal for an abuse of discretion. *Halo Elecs.*, 579 U.S. at 107, *citing Highmark*, 572 U.S., at 560-561.

Petitioner has submitted zero facts in support of this question and no law for his theory that a *pro se* party who did not incur legal fees should be awarded attorney's fees under 35 U.S.C. § 285. Petitioner has represented himself *pro se* since 2015 and has incurred no legal fees since that time. Petitioner has introduced nothing into the record to show that he paid legal fees prior to that time. In fact, the record is clear that Petitioner's prior legal counsel withdrew because he had *not* paid them. Petitioner makes no attempt at identifying that the District Court made

'a clear error of judgment in weighing relevant factors or in basing its decision on an error of law or on clearly erroneous factual findings.'" *SRI*, 918 F.3d at 1382.

While Petitioner may disagree with the amount of monetary damages awarded to him by the jury in this matter, such a disagreement does not give rise to a proper appeal to this Court.

## III. Petitioner's Question 2 is Not Properly Before This Court Because the Jury's Verdict was Based on Substantial Evidence

Petitioner's second question verges on incomprehensible. Petitioner asks:

> Whether the Court erred when it granted a 'non-infringement' judgment under 'Doctrine of equivalent' by relying on non-infringing elements while neglecting the undisputable intrinsic evidences of infringing elements.

(Pet. i)

At trial, the accused infringing products were divided into "Group A" and "Group B." The jury found that there was direct infringement as to the "Group A" products and not for the "Group B products." The jury next found that the infringement for the "Group A" products was not under the doctrine of equivalents. *District Court Doc. 370.* Following trial, Respondent filed a two-page motion under Rule 59 asking the Court to "complete, alter or amend an unfinished judgment by the jury" and find that the Group B products infringed under the doctrine of equivalents

*District Court Doc. 374.* Petitioner's argument at that time was based on the District Court's construction of the phrase "vertically extending." The District Court denied Petitioner's motion as "functionally seek[ing] reconsideration of the claim construction opinion issued in December 2013." *District Court Doc. 391.* Petitioner appealed to the Federal Circuit which found that "[t]he jury's finding that the Group B products do not infringe under the doctrine of equivalents was therefore supported by substantial evidence." (Pet. App. 18)

As best Respondent understands Petitioner's argument to this Court, he is presenting three different scenarios through which he believes the District Court should have found the Group B products to infringe and that the District Court abused its discretion by not overturing the jury's verdict of non-infringement for the "Group B" products.

### A. The District Court Did Not Err by Not Overturning the Jury's Verdict of Non-Infringement

Petitioner asks this Court to reverse the jury's finding of non-infringement, but has failed to show that there was insufficient evidence for the jury's verdict. *Cavazos,* 565 U.S. at 2. Petitioner has made no showing to this Court, or the Federal Circuit, how the jury's verdict was unfounded and that the District Court made a clear error of judgment in not overturning it. *SRI,* 918 F.3d at 1382.

While Petitioner claims that the Federal Circuit "adversely decided non-infringement of Respondent Group-B mud flaps …", he misconstrues the record. (Pet. 11) In 2019, the Federal Circuit reversed a finding of

summary judgment of non-infringement and remanded to the District Court for the jury to resolve a factual question of whether the Group B products infringed. (Pet. App. 4-5, 61). This factual finding was then made by the jury in its trial verdict. On appeal post-trial, the Federal Circuit found that there was sufficient evidence to support the jury's finding of non-infringement.

> A patent owner must provide 'particularized testimony and linking argument as to the 'insubstantiality of the differences' between the claimed invention and the accused device or processes, or with respect to the function, way, result test when such evidence is presented to support a finding of infringement under the doctrine of equivalents.' *Tex. Instruments Inc. v. Cypress Semiconductor Corp.*, 90 F.3d 1558, 1567 (Fed. Cir. 1996). 'Such evidence must be presented on a limitation-by-limitation basis.' *Id.*

(Pet. App. 17-18)

Petitioner failed to direct the District Court, the Federal Circuit, or this Court to any such evidence in the record. Why? Because it does not exist. Petitioner's arguments to any court on this subject are also devoid of any attempt to demonstrate how the Group B products infringe under the Doctrine of Equivalents.

The Federal Circuit did not adversely decide anything; it affirmed the jury's verdict that was reached after hearing all of the evidence at trial and weighing the credibility of witness testimony. While Petitioner cites to a "triple identify test," (Pet. 11, n.3) no testimony was

introduced at trial regarding such a test. No evidence was provided for how the Group B products were infringing under the Doctrine of Equivalents.

**B.** **The District Court Did Not Err by Not Finding That "Infringement Begins at the Point of Manufacturing"**

Petitioner states "[t]he Federal Circuit Court totally ignored the undisputable fact that infringement first begins at the point of manufacturing." (Pet. 13) Petitioner then summarizes Respondent's manufacturing process and claims that "if the Court had followed the Jury's unanimous verdict than both Group A and Group B are directly infringing …" (Pet. 13) Petitioner has presented this Court with no legal authority for his theory that "infringement begins at the point of manufacturing." Further, Petitioner never advanced this argument to the District Court or the Federal Circuit as a basis for finding that the Group B products infringed. Therefore, Petitioner has waived this argument.

**C.** **The District Court Did Not Abuse Its Discretion by Finding Claim 19 Was Not in Dispute**

Petitioner states that this Court needs to make a factual finding if Claim 19 of the patent-in-suit is infringed. (Pet. 16) Claim 19 was not an asserted claim in the litigation. Petitioner purports to provide a summary of the litigation proceedings below regarding amendment of the pleadings and identification of the asserted claims, however it is littered with errors.

Petitioner states that his Second Amended Counterclaims (*District Court Doc. 115*) reads "Declaring

that Plaintiff has directly infringed, contributorily infringed, and induced infringement of one or more claims of '755 patent, including claim 19." (Pet. 14) The actual Second Amended Counterclaims does not include the "including claim 19" language.

> B. Declaring that Plaintiff has directly infringed, contributorily infringed, and induced infringement of one or more claims of the '755 reissue Patent;

*District Court Doc. 115.*

Petitioner states that "the District Court ignored Surti's request to amend 'validity' and 'infringement' of Surti's reissued '755 patent and its newly added claims, including claim 19." (Pet. 15) There is no citation to the record for this assertion, and Respondent is unaware of any ruling by the District Court not permitting an amendment of the asserted claims. To the contrary, Petitioner *never* asked the District Court for leave to amend the identification of asserted claims.

Petitioner states the "Court made a legal error when it disallow[ed] the second amended complaint of the Petitioner." (Pet. 15) There is no citation to the record for this assertion, and Respondent is unaware of any ruling by the District Court not permitting an amended filing by Petitioner.

Following the first appeal to the Federal Circuit in this matter, the District Court required briefing from the parties regarding the identification of the claims at issue. The District Court then issued an order clarifying claims "1, 2, 5, 8, 9, and 13" were the properly asserted claims. *District Court Doc. 306.* Petitioner raised that determination in the post-trial appeal to the Federal

Circuit, which held that "[t]he district court therefore did not abuse its discretion in determining that claims 1, 2, 5, 8, 9, and 13 were the only claims in dispute." (Pet. App. 11)

Again, Petitioner has failed to provide this Court with any evidence or argument that the District Court made 'a clear error of judgment in weighing relevant factors or in basing its decision on an error of law or on clearly erroneous factual findings.'" *SRI*, 918 F.3d at 1382.

## IV. Petitioner's Questions 3 and 4 Are Not Properly Before This Court Because They Were Decided by the Federal Circuit in 2019

Petitioner's third and fourth questions both relate to whether the District Court erred by entering judgment against Mudguard on Respondent's tortious interference claim. Petitioner previously raised the issues of Questions 3 and 4 to the Federal Circuit and they were resolved in 2019.

> Mr. Surti attempts to appeal the judgment against Mudguard for tortious interference with business relations. But Mudguard is not an appellant. Mr. Surti cannot appeal on behalf of Mudguard. Thus, the judgment against Mudguard must stand.

(Pet. App. 63)

A decision rendered in 2019 cannot be appealed to this Court five years later. Sup. Ct. R. 13. Following resolution of these questions by the Federal Circuit in 2019, they were not re-presented to the District Court in the original or a revised form. "This Court has considered issues

not raised in the courts below only in 'exceptional cases or particular circumstances . . . where injustice might otherwise result.'" *Newport v. Fact Concerts*, 453 U.S. 247, 275 n.4, 101 S. Ct. 2748, 2764 (1981), *quoting Hormel v. Helvering*, 312 U.S. 552, 557, 61 S. Ct. 719, 721 (1941). This is not such a case.

**A. Mudguard Is Not a Non-Related Third Party and Petitioner's Publication Was Not Notice Under 35 U.S.C. § 287**

Mudguard is not a "non-related third party." It is a company formed by Petitioner's wife and Petitioner has held himself out as the sole representative of Mudguard. Petitioner affirmed at trial that "you cannot separate the Mudguard entity from me because, as you know, your Honor, I have been involved from the Day 1 representing both the Mudguard as well as myself." *District Court Doc. 394, PageID.4040; Trial Transcript*, page 10, lines 11-14.

In his argument, Petitioner claims that this Court "needs to decide whether [Petitioner] posting a public notice, required under 35 U.S.C. §287, be considered as a protection of his patent rights or 'Tortious Interference with Business (Michigan law)' because all individual patent owners in the USA are dependent on the clarification of this law." (Pet. 17) Respondent submits that the law is clear and there is no question to be resolved by this Court.

> (B)A written notification from the patent holder charging a person with infringement shall specify the patented process alleged to have been used and the reasons for a good faith belief that such process was used. The patent holder shall include in the notification such information

as is reasonably necessary to explain fairly the patent holder's belief, except that the patent holder is not required to disclose any trade secret information.

35 U.S.C. § 287(5)(B).

The communication Petitioner and Mudguard made in 2012 was not a "public notice" as required by 35 U.S.C. § 287 but was email that identified itself as an "Open Letter To The User of Aero-Flap mudflap by Fleet Engineers," signed by Petitioner and sent by Mudguard to Mudguard's contact list. *District Court Doc. 1, ¶¶43-45, Doc. 1-4, Doc. 1-5.*

## AERO-FLAP in Patent Violation

October 15, 2012

**An Open Letter To The User of Aero-Flap mudflap by Fleet Engineers**

If you have purchased and are using Aero-Flap mudflap by Fleet Engineers, you are in violation of our patent. Fleet Engineers have been served with "Cease and Desist" notice.

For more information please visit www.vflap.com **or** call me at 615-281-9850

Sincerely,

**Tarun N Surti**
vflaps@gmail.com

This communication, along with others, was tortious interference with Respondent's business relationships, and was the subject of Respondent's claim in the Complaint filed October 19, 2012. *Id.* None of these communications meet the standards of 35 U.S.C. § 287(5)(B) for providing notice of infringement to an alleged infringer. Petitioner's communication did not identify the patent accused of infringement, let alone any reasons for a good faith belief that a patented product or process was used by the accused infringer.

### B.   Judgment Against Mudguard was Proper

Petitioner finally asks this Court to find that default judgment should not have been entered against Mudguard on the tortious interference claim but should have been entered against Respondent. (Pet. i) For the reasons stated above, any question regarding the entry of default judgment against Mudguard was resolved by the Federal Circuit in 2019 and cannot be brought before this Court.

22

## CONCLUSION

For the foregoing reasons, the Petition for Certiorari should be denied.

Respectfully submitted,

G. THOMAS WILLIAMS
 *Counsel of Record*
MCGARRY BAIR PC
5355 Northland Drive NE, Suite C, #226
Grand Rapids, MI 49525
(616) 742-3500
gtw@mcgarrybair.com

*Counsel for Respondent*

# EXHIBIT-7

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

TARUN N. SURTI
     pro se,

  Plaintiff

v.

**TRAMEC SLOAN, LLC,**

  Defendant.

**Case No. 3:25-CV-0122**
**Judge Crenshaw**

---

**DEFENDANT'S REPLY BRIEF IN SUPPORT OF ITS MOTION TO DISMISS OR IN THE ALTERNATIVE TO TRANSFER VENUE**

## I.   INTRODUCTION

Defendant Tramec Sloan, LLC ("Tramec Sloan") submits this reply in support of its motion to dismiss this case, or in the alternative, to transfer venue from the Middle District of Tennessee to the Western District of Michigan pursuant to 28 U.S.C. § 1406(a)  and 28 U.S.C. § 1404(a). In his opposition to Tramec Sloan's motion, Plaintiff has offered no evidence to support his cursory jurisdictional allegations and cannot meet his burden to show that the Middle District of Tennessee has jurisdiction over Tramec Sloan or that venue here is proper. For these reasons, and those set forth in its opening memorandum, Tramec Sloan respectfully requests that this honorable Court dismiss this case pursuant to Fed. R. Civ. P. 12(b)(2), or in the alternative, transfer it to the Western District of Michigan.

## II.   THIS COURT DOES NOT HAVE JURISDICTION OVER TRAMEC SLOAN

Plaintiff's First Amended Complaint failed to identify if he is pleading general or specific jurisdiction over Tramec Sloan, and Plaintiff's response to Tramec Sloan's motion continues to remain silent on this issue. It is Plaintiff's burden to establish that this Court has personal jurisdiction over Tramec Sloan. *Neogen Corp. v. Neo GenScreening, Inc.,* 282 F.3d 883, 887 (6th Cir. 2002). If there is not an evidentiary hearing held on this motion, the facts must be construed in the light most favorable to the plaintiff, however the plaintiff may not rely on the pleadings alone after jurisdiction has been challenged. As this Court has recently held: "[i]n response to a [Rule 12(b)(2)] motion to dismiss, the plaintiff may not stand on his pleadings, but must show the specific facts demonstrating that the court has jurisdiction." *Carrico v. Uponor, Inc.*, No. 3:23-cv-00497, 2025 U.S. Dist. LEXIS 60450, at *8-9 (M.D. Tenn. Mar. 31, 2025), quoting *Ramsey v. Greenbush Logistics, Inc.*, 263 F. Supp. 3d 672, 676 n.1 (M.D. Tenn. 2017).

While only a *prima facie* showing of jurisdiction is required from the plaintiff absent an evidentiary hearing, the Plaintiff here has not met this standard. Tramec Sloan made numerous

factual assertions in its motion papers demonstrating its lack of contact with Tennessee. Plaintiff has not disputed many of those factual assertions, and this Court may now consider them. *See*, *Camps v. Gore Capital, LLC,* No. 3:17-cv-1039, 2019 U.S. Dist. LEXIS 110655, at \*7-8 (M.D. Tenn. Jul. 2, 2019) (citing *Conn v. Zakharov*, 667 F.3d 705, 711 (6th Cir. 2012)) (holding that the court may consider the defendant's undisputed factual assertions).

Plaintiff has not offered any affidavits or specific facts establishing that this Court has jurisdiction over Tramec Sloan. *Id. See also*, *Capital Confirmation, Inc. v. Auditconfirmations, LLC*, No. 3:09-cv-0412, 2009 U.S. Dist. LEXIS 77440, at \*10 (M.D. Tenn. Aug. 28, 2009) (citing *Theunissen*, 935 F.2d at 1458). Instead, Plaintiff complains about a Corporate Disclosure Statement filed in previous litigation in the Western District of Michigan that erroneously identified Fleet Engineers, Inc. as a subsidiary of Tramec Sloan, LLC, when Tramec Sloan had not acquired its stock but merely its assets via an asset purchase. That insignificant procedural error in another case has no bearing on this Court's determination of its personal jurisdiction in this case. Tramec Sloan has correctly identified itself as the real party in interest in this case by virtue of its acquisition of Fleet Engineer's assets, and Plaintiff has not offered any evidence to contradict that fact.

Plaintiff has failed to establish that Tramec Sloan has continuous and systematic contact with Tennessee subjecting it to general jurisdiction. Plaintiff has also failed to meet the three-part test of *Southern Machine* to establish that this court has specific jurisdiction over Tramec Sloan. Plaintiff has offered no facts or evidence in either the First Amended Complaint or his Response identifying how Tramec Sloan has either continuous and systemic or purposeful contacts with Tennessee. Plaintiff has provided this Court with a single invoice showing the sale of a single mud flap. Document 49-1. Given that Plaintiff has possession of this invoice, and it is marked as a

"customer copy," it raises the question if Plaintiff himself has made this purchase in an attempt to create infringing activity in this Court. Document 49-1.

As attested to in the supporting declarations of Mr. Cornelius, Mr. Lambert, and Ms. Burton-Landis, Tramec Sloan has no employees, bank accounts, dealers, resident agents, real property, leases, or places of business in Tennessee. See, *Declaration of Kevin Cornelius* (Doc. 39-1), *Declaration of Angela Burton-Landis* (Doc. 39-2), and *Declaration of Greg Lambert* (Doc. 39-3). Of all the Accused Products Tramec Sloan has sold, only 4% of the sales have been shipped to Tennessee. Of note, all of these Accused Products had been manufactured in Michigan and were shipped Michigan. This is not continuous and systemic contact. Plaintiff has not offered any evidence of Tramec Sloan's contacts with Tennessee beyond these limited product sales.

Plaintiff claims for the first time in his response that Tramec Sloan has purposefully availed itself of jurisdiction here by "[placing] accused products in the stream of commerce with the expectation that they will be purchased in the forum state." *Response,* PageID#: 653, citing *Beverly Hills Fan Co. v. Royal Soveirgn Corp.*, 21 F.3d 1558, 1565-1566 (Fed. Cir. 1994). The *Beverly Hills* court discussed whether "an exercise of personal jurisdiction requires more than the mere act of placing a product in the stream of commerce … [or if] there must be in addition '*an action of the defendant purposefully directed toward the forum State.*'" *Beverly Hills Fan Co. v. Royal Sovereign Corp.*, 21 F.3d 1558, 1566, quoting *Asahi,* 480 U.S. at 112. (Emphasis in original). The Middle District of Tennessee has held that it prefers the stream of commerce 'plus' approach:

> Although the Federal Circuit has left unresolved the proper standard for analyzing the stream of commerce theory, this Court, like the Sixth Circuit in which it sits, has a 'preference for Justice O'Connor's stream of commerce 'plus' approach, for the reasons set forth in that opinion.' *Bridgeport Music, Inc. v. Still N The Water Pub.*, 327 F.3d 472, 480 (6th Cir. 2003). Under that standard, the Court finds that it does not have jurisdiction over Defendant because Defendant did not take actions 'purposefully directed; toward

> Tennessee. But even under the lower standard that requires no 'additional conduct,' the Court finds that Defendant's 'conduct and connections' with Tennessee were not 'such that they should reasonably have anticipated being brought into court' here. *Beverly Hills Fan*, 21 F.3d at 1566. Neither the sales of Defendant's software nor the acts that allegedly resulted in modifications to the design and marketing of that software constitute "deliberate" or "significant" contact with Tennessee to allow this Court to exercise jurisdiction.

*EdgeAQ, LLC v. WTS Paradigm, LLC*, No. 3:14-cv-2264, 2015 U.S. Dist. LEXIS 69730, at *18 (M.D. Tenn. May 29, 2015).

Like the defendant in *EdgeAQ,* Tramec Sloan has not taken actions purposefully directed toward Tennessee, and its conduct and connections with Tennessee do not cause it to anticipate being brought into court here. Tramec Sloan's conduct and connections with Tennessee are limited to shipping a small portion of its sales to Tennessee upon a customer request. Tramec Sloan does not have any employees in Tennessee, it does not own or possess any real property in Tennessee, it has no offices in Tennessee, it does not operate a place of business in Tennessee, it does not have any bank accounts in Tennessee, and its website does not allow for the purchase of products directly by consumers. Doc. 39-1, *Cornelius Decl., ¶¶5-13*. Plaintiff has admitted that the Accused Product is manufactured "at Tramec Sloan's Muskegon, Michigan facility." *First Amended Complaint,* ¶6. Plaintiff has not established how a substantial part of the events giving rise to the cause of action resulted from any activities of Tramec Sloan in Tennessee and cannot show that this Court has jurisdiction over Tramec Sloan.

## III.    VENUE IS IMPROPER IN TENNESSEE

Plaintiff also fails to establish that venue in Tennessee is proper. Tramec Sloan is a Delaware limited liability company without a place of business in Tennessee. The company's corporate offices are in Illinois, and the Accused Product is manufactured, warehoused, and shipped from Michigan. Plaintiff is clearly aware of the Michigan ties to this action given the prior

litigation between the parties in the Western District of Michigan that proceeded through trial—a case which Plaintiff never attempted to transfer to Tennessee. In the subsequent Declaratory Judgment action filed by Tramec Sloan in the Western District of Michigan, the district court has found that it has jurisdiction over Tramec Sloan, that venue is proper there, and declined to transfer the dispute to Tennessee. See, *Tramec Sloan v. Surti*, W.D. Mich. Case No. 1:25-cv-00374, at ECF No. 31, Opinion and Order (Oct. 23, 2025).

While Plaintiff may have filed his Complaint in this action prior to Tramec Sloan instituting its Declaratory Judgment action, whether Mr. Surti filed his case first has no bearing on a determination of if the court has jurisdiction over a party or if venue is proper. If Tramec Sloan had not filed its Declaratory Judgment action, it would still be moving this Court to dismiss the action or transfer it to the Western District of Michigan for all the reasons it does so now.

## IV.      CONCLUSION

For all of the reasons above, Tramec Sloan respectfully requests that this honorable Court dismiss this case or, in the alternative, transfer it Western District of Michigan, pursuant to 28 U.S.C. § 1404(a) and 28 U.S.C. § 1406.

Respectfully submitted,

Dated:     April 23, 2026      By:   /s/ G. Thomas Williams

G. Thomas Williams
(Michigan Bar P53734)
*Admitted pro hac vice*
**MCGARRY BAIR PC**
5355 Northland Dr. NE, Suite C, #226
Grand Rapids, MI 49525
Tel (616) 742-3514
gtw@mcgarrybair.com
pleadings@mcgarrybair.com

Local counsel:

Stephen J. Zralek, BPR No. 18971
W. Justin Adams, BPR No. 22433
**SPENCER FANE LLP**
511 Union Street, Suite 1000
Nashville, Tennessee 37219
(615) 238-6305
szralek@spencerfane.com
wjadams@spencerfane.com

*Counsel for Tramec Sloan, LLC*

## CERTIFICATE OF SERVICE

I certify that I served a copy of the foregoing document, on April 23, 2026, via ECF and email on:

Mr. Tarun N. Surti
5928 Westheimer Drive
Brentwood, TN 37027
vflaps@gmail.com

/s/ G. Thomas Williams

# EXHIBIT-8

back down into the five-gallon bucket.  When we left for lunch, we would get in the car and go out to lunch and sometimes blackout because the fumes of the paint were solvent-based.

From there, I started working in the business in high school on a co-op basis, sweeping floors, packing orders and doing routine tasks.  I went to college, graduated from Grand Valley University with a Bachelor's degree in business administration, emphasis on management, economics, and finance.

After my first year in college, I commuted and worked in the business for at least 30 hours a week through the rest of my college.

So I worked through college in the business. Effectively working over 30 hours a week since I was 19 years old.  I worked my whole career at Fleet Engineers, and in 1986, I became vice president of the company.  In 1990, I became president of the company, ran the company for 28 years until June 1st, 2018, when I sold the majority share of business to the current majority owner, Tramec Sloan. I'm still part owner of the business, but my current title is executive vice president of engineering and product development.

Q.   So you were president of the company during most of the time frame of the events of this case?

# EXHIBIT-9



**SpencerFane**

Bone McAllester

Gabby Rush
Direct Dial: (615) 248-4165
grush@spencerfane.com

May 30, 2025

**Via Email**
Tarun Surti
Mudguard Technologies, LLC
5928 Westheimer Dr.
Brentwood, TN 37027
vflaps@gmail.com

> **Re:** Taking Post-Judgment Depositions in *Fleet Engineers, Inc. v. Mudguard Technologies, LLC and Tarun Surti*, Case No. 3:25-mc-00005

Dear Mr. Surti:

We are writing to you directly because we understand that you are representing yourself pro se. If that has changed, please share this letter with your counsel and ask them to contact me. Enclosed please find a notice of deposition to Mudguard Technologies, LLC and you in the matter of *Fleet Engineers, Inc. v. Mudguard Technologies, LLC and Tarun Surti*, Case No. 3:25-mc-00005. If Thursday, June 12, 2025 does not work for you, we are happy to work with you to pick a mutually convenient date that week or the following week. We intend to take both depositions on the same day time permitting. We plan to depose you individually first to allow you to designate testimony for the company if you chose.

Sincerely,

Gabriella Rush

Enclosed:
Notice of Deposition to Tarun Surti
Notice of Deposition to Mudguard Technologies, LLC

cc: G. Thomas Williams
Andrea R. Jacobson

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | | |
|---|---|---|
| FLEET ENGINEERS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:25-mc-00005 |
| | ) | |
| MUDGUARD TECHNOLOGIES, LLC and | ) | |
| TARUN SURTI, | ) | |
| | ) | |
| Defendants. | ) | |

---

## NOTICE OF DEPOSITION OF TARUN SURTI

---

PLEASE TAKE NOTICE that, pursuant to Rule 30 of the Federal Rules of Civil Procedure, Plaintiff Fleet Engineers, Inc., by and through counsel, will take the deposition of **Tarun Surti on Thursday, June 12, 2025, commencing at 9:30 a.m.,** and continuing day to day thereafter until completed, to be held at the offices of Spencer Fane LLP, located at 511 Union Street, Suite 1000, Nashville, Tennessee 37219, or at such other location, date, and time as may be mutually agreed upon by counsel. The deposition will be recorded by stenographer and/or videographer and may be recorded by video means and through the instant visual display of the testimony (*e.g.*, LiveNote), and shall be conducted before a notary public or some other person authorized by law to administer oaths.

The deposition is being taken for the purposes of post-judgment asset discovery, for use at court hearings or trial, and for other purposes permitted under the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Middle District of Tennessee.

1

Pursuant to Fed. R. Civ. Proc. 34, Tarun Surti is directed to produce and allow for copying the following documents on June 12, at 9:30 a.m. CST, at 511 Union Street, Suite 1000, Nashville, Tennessee 37219:

1.    All documents, including monthly statements, which relate in any way to any escrow or trust account into which he has placed property from January 1, 2018, to the present.

2.    All articles of organization, partnership agreements, operating agreements, bylaws, charters, written consents, and resolutions for any corporation, limited liability company, partnership, or other business entity in which he has had any ownership interest, directly or indirectly, from 2018 to the present.

3.    All 1099s, W2s and K1s he has received from January 1, 2018, to the present.

4.    Copies of his federal tax returns for tax years 2018 through the present.

5.    Copies of his state tax returns, if any, for tax years 2018 through the present.

6.    All monthly bank statements regarding all accounts, including operating, payroll, checking, investment, and savings accounts, with any banks, brokerage firms, or other financial institutions, maintained by or for his benefit from January 1, 2018, to the present.

7.    All documents that reflect all money, funds or personal property received by him since January 1, 2018.

8.    All documents which evidence or reflect any ownership interest he has in any corporation, limited liability company, partnership, or any other business entity.

9.    All pay stubs and pay checks he has received for the year 2018 to the present.

10.    All financial statements and net worth statements he has submitted to any bank, lending institution, or any other entity, from January 1, 2018, to the present.

2

11. All loan and credit applications prepared by him or on his behalf from January 1, 2018, to the present.

12. All life insurance policies, certificate on the life of any person, and statements or other documents reflecting cash and surrender values of the same, where he is named as a beneficiary or loss payee.

13. All documents related to any trust that he has been a trustee or beneficiary of since January 1, 2018.

14. All documents related to any gifts with a value of more than $500 which he has made since January 1, 2018.

15. All documents related to any loans with a value of more than $500 which he has made since January 1, 2018.

16. All documents related to any gifts with a value of more than $500 which he has received since January 1, 2018.

17. All documents related to any loans with a value of more than $500 which he has received since January 1, 2018.

18. All documents which evidence, support or reflect any money (income, loans, revenue, etc.) received by him during 2018.

19. All appraisals on any personal or real property in which he has any ownership interest.

20. All documents showing his interest in any personal or real property valued at over $500.

21. His current profit and loss statement, financial statement, and balance sheet.

3

22.     All documents evidencing any debts over $500 he has paid since January 1, 2018.

23.     All documents evidencing any monies or other property he has received from Mudguard Technologies, LLC, from their inception to the present.

24.     All documents evidencing any monies or other property he has paid to Mudguard Technologies, LLC, from their inception to the present.

Dated: May 30, 2025

Respectfully submitted,

**SPENCER FANE, LLP**

*/s/ Gabriella C. Rush*
Stephen J. Zralek, BPR No. 18971
Gabriella C. Rush, BPR No. 40372
511 Union Street, Suite 1000
Nashville, Tennessee 37219-1778
(615) 238-6300 (Telephone)
(615) 238-6301 (Facsimile)
szralek@spencerfane.com
grush@spencerfane.com

*Attorneys for Plaintiff*

4

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and exact copy of the foregoing has been served via email to the following persons:

Tarun Surti
Mudguard Technologies, LLC
5928 Westheimer Dr.
Brentwood, TN 37027
vflaps@gmail.com
*Pro Se*

this 30th day of May, 2025.

/s/ *Gabriella C. Rush*

5

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

FLEET ENGINEERS, INC.,        )
                              )
        Plaintiff,            )
                              )
v.                            )        No. 3:25-mc-00005
                              )
MUDGUARD TECHNOLOGIES, LLC and )
TARUN SURTI,                  )
                              )
        Defendants.           )

---

## NOTICE OF DEPOSITION OF MUDGUARD TECHNOLOGIES, LLC

---

PLEASE TAKE NOTICE that, pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, Plaintiff Fleet Engineers, Inc., by and through counsel, will take the deposition of **Mudguard Technologies, LLC** on **June 12, 2025,** at **9:30 a.m** CST at 511 Union Street, Suite 1000, Nashville, Tennessee 37219. The deposition will be recorded by stenographer and/or videographer. Mudguard Technologies, LLC is required to designate one or more officers, directors, managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person so designated, the matters on which the person will testify. The matters on which examination is requested are described in Exhibit A.

Pursuant to Fed. R. Civ. P. 34, Mudguard Technologies, LLC is directed to produce and allow for copying the following documents on June 12, 2025, at 9:30 a.m. CST at 511 Union Street, Suite 1000, Nashville, TN 37219:

1.      All documents, including monthly statements, which relate in any way to any escrow or trust account into which it has placed property from January 1, 2018 to the present.

2.      All documents which relate to the above topics of examination.

3.      Its federal tax returns for tax years 2021 through the present.

4.      Its state tax returns, if any, for tax years 2021 through the present.

5.      All monthly bank statements for all accounts, including operating, payroll, checking, investment and savings accounts, with any banks, brokerage firms or other financial institutions, maintained by or for its benefit from January 1, 2018 to the present.

6.      All documents that reflect all money, funds or personal property received by it since January 1, 2018.

7.      All documents which evidence or reflect any ownership interest it has in any corporation, limited liability company, partnership, or any other business entity.

8.      All financial statements and net worth statements it has submitted to any bank, lending institution or any other entity, from January 1, 2018 to the present.

9.      All loan or credit applications prepared by it or on its behalf from January 1, 2018 to the present.

10.     All life insurance policies, certificate on the life of any person, and statements or other documents reflecting cash and surrender values of the same, where it is named as a beneficiary or loss payee.

11.     All documents related to any trust that it has been a trustee or beneficiary of since January 1, 2018.

2

12.     All documents related to any gifts with a value of more than $500 which it has made since January 1, 2018.

13.     All documents related to any loans with a value of more than $500 which it has made since January 1, 2018.

14.     All documents which evidence, support or reflect all money (income, loans, revenue, etc.) received by it during 2018.

15.     All appraisals on the residence/property in which it currently has any ownership interest.

16.     Documentation of all payments made to its members, officers, and directors since January 1, 2018.

17.     Its quarterly and monthly financial statements, balance sheets, and P&L statements for January 1, 2018 through the present.

18.     All documents evidencing any debtors of Mudguard Technologies, LLC

## EXHIBIT A

**Areas of Inquiry:**

1.     A description of every person or entity that currently owes it any money or other property, including (a) their name and address; and (b) a description of the money or property owed to it.

2.     A description of every business entity, including but not limited to, every partnership, corporation, limited liability company, professional corporation or limited partnership, in which it has any interest, in any form whatsoever, and for each entity identified: (a) the name of the entity, the date it was formed and the identity and address of all owners (including their percentage ownership interest); and (b) a description of all personal and real property owned

by the entity, with a value of more than $500, including the location of the property, and all encumbrances on the property.

3.     A description of all real property which it has owned at any time from January 1, 2018 through the present, including (a) the location of the property, (b) the approximate value of the property, and (c) a description of all encumbrances on the property.

4.     A description of all personal property in which it currently has any ownership interest with a value of $500 or more, including (a) the location of the property, (b) the approximate value of the property, and (c) a description of all encumbrances on the property.

5.     A description of all automobiles which it has owned at any time from January 1, 2018 through the present.

6.     A description of all furniture with a value of $250 or more which it has owned at any time from January 1, 2018 through the present.

7.     A description of all artwork, stamp collections, wine collections, and coin collections which it has owned at any time from January 1, 2018 through the present.

8.     A description of all televisions, stereos, and other audio-visual equipment which it has owned at any time from January 1, 2018 through the present.

9.     A description of all computers, cameras, laptops, and other electronic devices with a value of $250 or more which it has owned at any time from January 1, 2018 through the present.

10.     A description of all trusts which it has established from January 1, 2018 through the present.

11.     A description of all trusts of which it is or was a trustee or beneficiary from January 1, 2018 through the present.

4

12. A description of all trusts into which it has placed any money or other property from January 1, 2018 through the present.

13. A description of any transfer of real property that it has made to any person or entity from January 1, 2018 through the present.

14. A description of all accounts, including operating, payroll, checking, investment, brokerage or savings accounts, with any banks, brokerage firms or other financial institutions, currently maintained by or for its benefit, including: (a) the name of the banking institution, (b) the account number and routing number, and (c) the current account balance.

15. A description of any transfer of personal property that it has made to any of its members, officers, or directors from January 1, 2018 through the present, including the date, reason, and amount.

16. A description of any source of income which it has had from January 1, 2018 through the present.

17. A description of the specific use of all funds loaned by Fleet Engineers, Inc. to Mudguard Technologies, LLC.

18. A description of all debts Mudguard Technologies, LLC has paid, with a value of over $500 from January 1, 2018 through the present.

19. The identity of all members, officers, and directors of Mudguard Technologies, LLC.

Respectfully submitted,

**SPENCER FANE, LLP**

*/s/ Gabriella C. Rush*

Stephen J. Zralek, BPR No. 18971
Gabriella C. Rush, BPR No. 40372
511 Union Street, Suite 1000
Nashville, Tennessee 37219-1778
(615) 238-6300 (Telephone)
(615) 238-6301 (Facsimile)
szralek@spencerfane.com
grush@spencerfane.com

*Attorneys for Plaintiff*

6

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and exact copy of the foregoing has been served via email to the following persons:

Tarun Surti
Mudguard Technologies, LLC
5928 Westheimer Dr.
Brentwood, TN 37027
vflaps@gmail.com
*Pro Se*

this 30 day of May, 2025.

/s/ *Gabriella C. Rush*

 Outlook

## FW: Mudguard Technologies, LLC - Notice of Deposition

**From** Bagnasco, Christine <cbagnasco@spencerfane.com>

**Date** Fri 6/13/2025 9:56 AM

**To** vflaps@gmail.com <vflaps@gmail.com>

**Cc** Malloy, Casey <cmalloy@spencerfane.com>; Rush, Gabby <grush@spencerfane.com>; gtw@mcgarrybair.com <gtw@mcgarrybair.com>

📎 3 attachments (137 KB)

First Amended Notice of Deposition - Mudguard Technologies LLC.pdf; Ex. A to First Amended Notice of Deposition of Mudguard Technologies, LLC (30(b)(6) topics).pdf; Malloy ltr to Mudguard re First Amended Notice of Deposition 06.13.2025.pdf;

Good morning,

On behalf of Casey Malloy, attached please find communication regarding the First Amended Notice of Deposition, the Amended Notice of Deposition, and Exhibit A to the Amended Notice. You will receive a copy in the mail as well.

Thank you,

Christine Bagnasco  Legal Administrative Assistant
Spencer Fane Bone McAllester

511 Union Street, Suite 1000 | Nashville, TN 37219
O 615.248.4169
cbagnasco@spencerfane.com | spencerfane.com

# SURTI EXHIBIT

# B

 Outlook

## Re: Service Pursuant to Fed. R. Civ. P. 5: Fleet Engineers, Inc. v. Mudguard Technologies, LLC and Tarun Surti, Case No. 3:25-mc-00005

**From** Tarun N Surti <vflaps@gmail.com>

**Date** Wed 6/11/2025 4:07 PM

**To** Gabby Rush <grush@spencerfane.com>; szralek@spencerfane.com <szralek@spencerfane.com>

**Cc** G. Thomas Williams <gtw@mcgarrybair.com>; Andrea R. Jacobson <arj@mcgarrybair.com>

**Bcc** 78surti@gmail.com <78surti@gmail.com>; vflaps@gmail.com <vflaps@gmail.com>

📎 8 attachments (222 KB)

Defendnat Response to Deposition.pdf; ATT00001.htm; Notice of Deposition - Mudguard Technologies, LLC.pdf; ATT00002.htm; Cover Letter - Surti & Mudguard Depositions.pdf; ATT00003.htm; Notice of Deposition - Tarun Surti.pdf; ATT00004.htm;

Dear Gaby,

Please see the attached response to your deposition request.

TARUN N. SURTI, Pro Se
5928 Westheimer Drive, Brentwood, TN 37027
vflaps@gmail.com   (615) 812-6164

Date: June 11, 2025

Spencer Fane Bone McAllester
Attn: Stephen J. Zralek and Gabriella Rush
511 Union Street, Suite 1000
Nashville, TN 37219

Subject: Request for Clarification and Challenge to Standing – Legal Identity of "Fleet Engineers, Inc."

Re: Fleet Engineers, Inc., v. Mudguard Technologies, LLC and Tarun N. Surti Case No. 3:25-mc-00005

Dear Gabby Rush,

I hope this correspondence finds you well. I am writing to respectfully request a continuance of the deposition currently scheduled for June 12, 2025, pending resolution of the matters set forth below concerning the legal identity and standing of the named Plaintiff, "Fleet Engineers, Inc."

It is my understanding, based on your recent disclosure in Surti v. Fleet Engineers, Inc., Case No. 3:25-cv-00122, that Fleet Engineers, Inc. sold substantially all of its assets to Tramec Sloan, LLC on or about May 31, 2018, and subsequently changed its corporate name to Eklund Holdings, Inc. You further indicated—and as reflected in your filing—that Fleet Engineers, Inc. is a non-existent corporate entity, having ceased operations as a manufacturer and/or distributor of Aero-Flap brand mud flaps at or around that time. Additionally, your appearance "specially on behalf of the non-existent corporate entity "Fleet Engineers, Inc., Division (Subsidiary) of Tramec Sloan, LLC" (PageID # 248) raises serious legal questions regarding the Plaintiff's identity and capacity to sue or enforce a judgment.

Accordingly, I formally challenge the Plaintiff's standing to enforce the judgment in this matter. The record reflects an apparent conflation or confusion between:

> *Fleet Engineers, Inc., the original corporate entity that allegedly ceased to exist after its name change to Eklund Holdings, Inc., and*

*"Fleet Engineers, Inc., Division (subsidiary) of Tramec Sloan, LLC"*, an entity that does not appear to exist as a distinct legal person under Michigan or Delaware law, and whose authority to enforce the judgment has not been substantiated.

This discrepancy raises the following questions which must be addressed before this matter can proceed further:

1. **Identity of the Plaintiff:** Please clarify the current legal identity of the entity appearing as "Fleet Engineers, Inc." in this action. Is this the same entity that changed its name to Eklund Holdings, Inc., or is this a different or newly formed entity?

2. **Standing to Enforce Judgment:** If the original Fleet Engineers, Inc. no longer exists, please explain the legal basis upon which it asserts standing to enforce the $196,000 judgment entered in its name.

3. **Assignment or Transfer of Rights:** If the rights to the judgment were assigned or transferred (e.g., to Tramec Sloan, LLC), please provide full documentation evidencing such assignment, including any formal agreements or filings.

4. **Subsidiary or Division Status:** In prior proceedings (Michigan case no. 1:112-cv-01143), Plaintiff's representatives claimed that Fleet Engineers, Inc. became a subsidiary of Tramec Sloan, LLC (PageID # 218 and 235). Your recently submitted affidavit (PageID # 202) appears to contradict this. If a subsidiary or divisional relationship exists or existed, please provide supporting documents, such as a merger agreement, corporate resolutions, stock transfer records, or organizational charts.

5. **Potential Misstatements to the Court:** If no legal relationship between the original Fleet Engineers, Inc. and Tramec Sloan, LLC exists or existed, then prior representations to the Court may constitute material misstatements, potentially warranting Rule 11 sanctions or other relief.

In light of these unresolved issues, I respectfully request a written response along with all supporting documentation within twenty one (21) days of this letter. Should these matters remain unaddressed or inadequately clarified, I intend to file a motion with the Court seeking dismissal for lack of standing under Rule 12(b)(1) and/or Rule 17(a) of the Federal Rules of Civil Procedure, as well as potential sanctions under Rule 11 for misrepresentation of party identity.

Thank you for your prompt attention.

Sincerely,

*TARUN N. SURTI*

Tarun N. Surti
Pro Se Defendant

# SURTI EXHIBIT

# C



## SpencerFane

Bone McAllester

Casey R. Malloy
cmalloy@spencerfane.com

June 13, 2025

**VIA EMAIL AND UNITED STATES MAIL**

Mudguard Technologies, LLC
c/o Mr. Tarun Surti, Registered Agent
5928 Westheimer Drive
Brentwood, TN 37027
vflaps@gmail.com

Re: **First Amended Notice of Deposition of Mudguard Technologies, LLC in** *Fleet Engineers, Inc. v. Mudguard Technologies, LLC et al.,* **Case No. 3:25-mc-0005 in the United States District Court for the Middle District of Tennessee**

Mr. Surti:

We represent Fleet Engineers, Inc. ("Fleet Engineers") in the above-referenced matter and write regarding the $195,523.58 judgment entered in favor of Fleet Engineers and against Mudguard Technologies, LLC ("Mudguard") in Case No. 1:12-cv-1143 in the United States District Court for the Western District of Michigan. I write to you because I understand that Mudguard is not represented by an attorney and because you are listed as Mudguard's registered agent with the Tennessee Department of State. If Mudguard is represented by counsel, please do not respond to this letter. Instead, forward this letter to Mudguard's attorney so that they can respond on Mudguard's behalf.

On May 30, 2025, Fleet Engineers noticed a post-judgment deposition of a corporate representative of Mudguard to take place at my office on June 12, 2025. You received that notice via email but failed to respond on Mudguard's behalf until approximately 4:00 p.m. on June 11, less than 24 hours before the deposition was set to begin. You requested that Fleet Engineers postpone the deposition of Mudguard. Fleet Engineers agreed to do so as a courtesy. Fleet Engineers will go forward with the deposition on June 26, 2025. I enclose the first amended notice of that deposition for your records, which includes the rescheduled date and time. Fleet Engineers will not agree to a second postponement.

Finally, as a limited liability company, Mudguard must be represented by counsel if it wishes to appear in this proceeding or undertake any activities that constitute the practice of law. *See S.E.C. v Merklinger*, 489 F. App'x 937, 939-40 (6th Cir. 2012); *see also Rowland v California Men's Colony, Unit II men's Advisory Council*, 506 U.S. 194, 201-02 (1993) ("It has been the law for the better of two centuries ... that a corporation may appear in the federal courts only through licensed counsel.") The rule applies to limited liability companies in cases pending before the



## SpencerFane
### Bone McAllester

United States District Court for the Middle District of Tennessee. *See, e.g., Shree Yogi One, LLC v. Eric Ins. Co.*, 2025 WL 27665, at *1 (M.D. Tenn. Jan. 2, 2025) (citations omitted).

Because you are not authorized to represent Mudguard in this proceeding, Fleet Engineers will not respond to the remainder of the points raised in your June 11 correspondence other than to note that they contain numerous self-serving factual inaccuracies and incorrect legal positions. In any event, none of the concerns raised in your correspondence provide any basis for the continued delay of the above-captioned proceeding or postponement of the upcoming deposition of Mudguard. *See Mid-Am. Apartment Communities, Inc. v. Philipson*, 2025 WL 1173412, at *3 (W.D. Tenn. Apr. 22, 2025) ("The Federal Rules provide that, '[i]n aid of the judgment or execution, the judgment creditor or a successor in interest whose interest appears of record may obtain discovery from any person – including the judgment debtor – as provided in these rules or by the procedure of the state where the court is located.'" (quoting Fed. R. Civ. P. 69(a)(2)).

The deposition will go forward as scheduled on June 26. If Mudguard fails to provide the required witness and documents, Fleetwood will seek all available relief from the Court. You or an attorney representing Mudguard may contact me at cmalloy@spencerfane.com or 615-238-6300 if you wish to discuss this matter further.

Sincerely,

Casey R. Malloy

Enclosure

cc: Gabriella Rush (via email)
grush@spencerfane.com

G. Thomas Williams (via email)
gtw@mcgarrybair.com

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | | |
|---|---|---|
| **FLEET ENGINEERS, INC.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No. 3:25-mc-00005** |
| | ) | |
| **MUDGUARD TECHNOLOGIES, LLC and** | ) | |
| **TARUN SURTI,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## FIRST AMENDED NOTICE OF DEPOSITION OF MUDGUARD TECHNOLOGIES, LLC

Pursuant to Rules 69(a)(2) and 30(b)(6) of the Federal Rules of Civil Procedure, Plaintiff Fleet Engineers, Inc., will take the deposition of **Mudguard Technologies, LLC** ("Mudguard") on **June 26, 2025,** at **9:30 a.m** CST at 511 Union Street, Suite 1000, Nashville, Tennessee 37219. The deposition will be recorded by stenographer and/or videographer. Mudguard Technologies, LLC is required to designate one or more officers, directors, managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person so designated, the matters on which the person will testify. The matters on which examination is requested are described in **Exhibit A** to this notice.

Furthermore, purusant to Fẹd. R. Civ. P. 34, Mudguard is directed to produce and allow for copying the following documents on June 26, 2025, at 9:30 a.m. CST at 511 Union Street, Suite 1000, Nashville, TN 37219:

1. All documents that relate to the topics of examination listed in **Exhibit A** to this notice.

2. All documents, including monthly statements, which relate in any way to any escrow or trust account into which it has placed property from January 1, 2012 to the present.

3. Its federal tax returns for tax years 2012 through the present.

4. Its state tax returns, if any, for tax years 2012 through the present.

5. All monthly bank statements for all accounts, including operating, payroll, checking, investment and savings accounts, with any banks, brokerage firms or other financial institutions, maintained by or for its benefit from January 1, 2012 to the present.

6. All documents that reflect all money, funds or personal property received by it since January 1, 2012.

7. All documents which evidence or reflect any ownership interest it has in any corporation, limited liability company, partnership, or any other business entity.

8. All financial statements and net worth statements it has submitted to any bank, lending institution or any other entity, from January 1, 2012 to the present.

9. All loan or credit applications prepared by it or on its behalf from January 1, 2012 to the present.

10. All life insurance policies, certificate on the life of any person, and statements or other documents reflecting cash and surrender values of the same, where it is named as a beneficiary or loss payee.

11. All documents related to any trust that it has been a trustee or beneficiary of since January 1, 2012.

12. All documents related to any gifts with a value of more than $500 which it has made since January 1, 2012.

2

13.     All documents related to any loans with a value of more than $500 which it has made since January 1, 2012.

14.     All documents which evidence, support or reflect all money (income, loans, revenue, etc.) received by it from January 1, 2012 to present.

15.     All appraisals on the residence/property in which it currently has any ownership interest.

16.     Documentation of all payments made to its members, officers, and directors since January 1, 2012.

17.     Its quarterly and monthly financial statements, balance sheets, and P&L statements for January 1, 2012 through the present.

18.     All documents evidencing any debtors of Mudguard Technologies, LLC.


Respectfully submitted,

**SPENCER FANE, LLP**

*/s/ Casey R. Malloy*
Stephen J. Zralek, BPR No. 18971
Casey R. Malloy, BPR No. 38440
Gabriella C. Rush, BPR No. 40372
511 Union Street, Suite 1000
Nashville, Tennessee 37219-1778
(615) 238-6300 (Telephone)
(615) 238-6301 (Facsimile)
szralek@spencerfane.com
cmalloy@spencerfane.com
grush@spencerfane.com

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that a true and exact copy of the foregoing has been served via email and U.S. mail upon:

Mudguard Technologies, LLC
c/or Mr. Tarun Surti, Registered Agent
5928 Westheimer Dr.
Brentwood, TN 37027
vflaps@gmail.com

on this 13th day of June, 2025.

/s/ *Casey R. Malloy*

4

# EXHIBIT A

**Areas of Inquiry:**

1. A description of every person or entity that currently owes it any money or other property, including (a) their name and address; and (b) a description of the money or property owed to it.

2. A description of every business entity, including but not limited to, every partnership, corporation, limited liability company, professional corporation or limited partnership, in which it has any interest, in any form whatsoever, and for each entity identified: (a) the name of the entity, the date it was formed and the identity and address of all owners (including their percentage ownership interest); and (b) a description of all personal and real property owned by the entity, with a value of more than $500, including the location of the property, and all encumbrances on the property.

3. A description of all real property which it has owned at any time from January 1, 2012 through the present, including (a) the location of the property, (b) the approximate value of the property, and (c) a description of all encumbrances on the property.

4. A description of all personal property in which it currently has any ownership interest with a value of $500 or more, including (a) the location of the property, (b) the approximate value of the property, and (c) a description of all encumbrances on the property.

5. A description of all automobiles which it has owned at any time from January 1, 2012 through the present.

6. A description of all furniture with a value of $250 or more which it has owned at any time from January 1, 2012 through the present.

7.     A description of all artwork, stamp collections, wine collections, and coin collections which it has owned at any time from January 1, 2012 through the present.

8.     A description of all televisions, stereos, and other audio-visual equipment which it has owned at any time from January 1, 2012 through the present.

9.     A description of all computers, cameras, laptops, and other electronic devices with a value of $250 or more which it has owned at any time from January 1, 2012 through the present.

10.     A description of all trusts which it has established from January 1, 2012 through the present.

11.     A description of all trusts of which it is or was a trustee or beneficiary from January 1, 2012 through the present.

12.     A description of all trusts into which it has placed any money or other property from January 1, 2012 through the present.

13.     A description of any transfer of real property that it has made to any person or entity from January 1, 2012 through the present.

14.     A description of all accounts, including operating, payroll, checking, investment, brokerage or savings accounts, with any banks, brokerage firms or other financial institutions, currently maintained by or for its benefit, including: (a) the name of the banking institution, (b) the account number and routing number, and (c) the current account balance.

15.     A description of any transfer of personal property that it has made to any of its members, officers, or directors from January 1, 2012 through the present, including the date, reason, and amount.

2

Case 2:25-cr-00005 Document 42-1 Filed 06/20/25 Page 29 of 192 PageID #:5600

16.     A description of any source of income which it has had from January 1, 2012 through the present.

17.     A description of all debts Mudguard Technologies, LLC has paid, with a value of over $500 from January 1, 2012 through the present.

18.     The identity of all members, officers, and directors of Mudguard Technologies, LLC.

# SURTI EXHIBIT

# D

# LARA Corporations Online Filing System
## Department of Licensing and Regulatory Affairs

**ID Number: 800000163**

Request certificate    Return to Results    New search

**Summary for: EKLUND HOLDINGS, INC.**

**The name of the DOMESTIC PROFIT CORPORATION:** EKLUND HOLDINGS, INC.

**The name was changed from:** FLEET ENGINEERS, INC. on 06-06-2018

**Entity type:** DOMESTIC PROFIT CORPORATION

**Identification Number:** 800000163 **Old ID Number:** 004336

**Date of Incorporation in Michigan:** 09/27/1963

**Purpose:** All Purpose Clause

**Term:** Perpetual

**Most Recent Annual Report:** 2024      **Most Recent Annual Report with Officers & Directors:** 2024

**The name and address of the Resident Agent:**

| | |
|---|---|
| Resident Agent Name: | WESLEY K EKLUND |
| Street Address: | 481 SEMINOLE ROAD |
| Apt/Suite/Other: | |
| City: | NORTON SHORES   State: MI   Zip Code: 49444 |

**Registered Office Mailing address:**

P.O. Box or Street Address:

Apt/Suite/Other:

City:    State:    Zip Code:

**The Officers and Directors of the Corporation:**

| Title | Name | Address |
|---|---|---|
| PRESIDENT | WESLEY K EKLUND | 481 SEMINOLE MUSKEGON, MI 49442 USA |
| TREASURER | WESLEY K EKLUND | 481 SEMINOLE MUSKEGON, MI 49442 USA |
| SECRETARY | WESLEY K EKLUND | 481 SEMINOLE MUSKEGON, MI 49442 USA |
| DIRECTOR | WESLEY K EKLUND | 481 SEMINOLE MUSKEGON, MI 49442 USA |

**Act Formed Under:** 327-1931 Michigan General Corporation Act

**Acts Subject To:** 284-1972 Business Corporation Act

**Total Authorized Shares:** 50,100

**Written Consent**



EXHIBIT A

View Assumed Names for this Business Entity

**View filings for this business entity:**

ALL FILINGS
ANNUAL REPORT/ANNUAL STATEMENTS
ARTICLES OF INCORPORATION
RESTATED ARTICLES OF INCORPORATION
RESTATED ARTICLES OF INCORPORATION
RESTATED ARTICLES OF INCORPORATION

View filings

**Comments or notes associated with this business entity:**

LARA FOIA Process     Transparency     State Web Sites

Michigan.gov Home     ADA     Michigan News     Policies

Copyright 2025 State of Michigan

# SURTI EXHIBIT

# E

WDMI Corporate Disclosure Statement pursuant to Fed. R. Civ. P. 7.1 or Fed. R. Crim. P. 12.4  (4/06)

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

Tramec Sloan, L.L.C.

                Plaintiff(s),

v.

Tarun Surti

                Defendant(s).

_____/

Case No.   1:25-cv-00374

Hon. Robert J. Jonker

## DISCLOSURE OF CORPORATE AFFILIATIONS AND FINANCIAL INTEREST

Pursuant to Federal Rule of Civil Procedure 7.1,

                        Tramec Sloan, L.L.C.
                               (Party Name)

makes the following disclosure:

1. Is party a publicly held corporation or other publicly held entity? ☐ Yes ☑ No

2. Does party have any parent corporations? ☑ Yes ☐ No
   If yes, identify all parent corporations, including grandparent and great-grandparent corporations:

   > Tramec Sloan, L.L.C. is a division of Tramec LLC

3. Is 10% or more of the stock of party owned by a publicly held corporation or other publicly held entity? ☑ Yes ☐ No
   If yes, identify all such owners:

   Wells Fargo

4. Is there any other publicly held corporation or other publicly held entity that has a direct financial interest in the outcome of the litigation? ☐ Yes ☑ No
   If yes, identify entity and nature of interest:

Date: _____04/07/2025_____

_/s/ G. Thomas Williams_
(Signature)
G. Thomas Williams (P53734)
McGarry Bair PC
5355 Northland Dr. NE, Suite C - #226
Grand Rapids, MI 49525
Tel: (616) 742-3500 - Email: gtw@mcgarrybair.com

No. 23-1142

IN THE
## Supreme Court of the United States

TARUN N. SURTI,

*Petitioner,*

*v.*

FLEET ENGINEERS, INC.,

*Respondent.*

ON PETITION FOR A WRIT OF CERTIORARI TO THE
UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT

## BRIEF IN OPPOSITION

G. THOMAS WILLIAMS
  *Counsel of Record*
MCGARRY BAIR PC
5355 Northland Drive NE, Suite C, #226
Grand Rapids, MI 49525
(616) 742-3500
gtw@mcgarrybair.com

*Counsel for Respondent*

329384



COUNSEL PRESS
(800) 274-3321 • (800) 359-6859

*ii*

## PARTIES TO THE PROCEEDING AND
## RULE 29.6 STATEMENT

Fleet Engineers, Inc. ("Respondent") was plaintiff in the District Court proceedings. Mudguard Technologies, LLC ("Mudguard") and Mr. Tarun Surti ("Respondent") were the Defendants in the District Court proceedings, however default was entered against Mudguard in 2014.

Pursuant to Rule 29.6, Respondent Fleet Engineers, Inc. states that it is subsidiary of Tramec Sloan LLC, a division of Tramec LLC. No publicly held corporation or other publicly held entity owns 10% or more of Fleet's stock.

# SURTI EXHIBIT

# F



Form Revision Date 07/2016

# CERTIFICATE OF AMENDMENT TO THE ARTICLES OF INCORPORATION
### For use by DOMESTIC PROFIT CORPORATION

*Pursuant to the provisions of Act 284, Public Acts of 1972,the undersigned corporation executes the following Certificate:*

The identification number assigned by the Bureau is:          800000163

The name of the corporation is:

FLEET ENGINEERS, INC.

The Articles of Incorporation is hereby amended to read as follows:

**Article I**

The name of the corporation as amended, is:

EKLUND HOLDINGS, INC.

2. The foregoing amendment to the Articles of Incorporation proposed by the board was duly adopted on: 06/01/2018          by the

shareholders at a meeting in accordance with Section 611(3) of the Act.

This document must be signed by an authorized officer or agent:

Signed this 6th Day of June, 2018 by:

| Signature | Title | Title if "Other" was selected |
|---|---|---|
| Loic M. Dimithe | Authorized Agent | |

By selecting ACCEPT, I hereby acknowledge that this electronic document is being signed in accordance with the Act. I further certify that to the best of my knowledge the information provided is true, accurate, and in compliance with the Act.

◌ Decline          ◌ Accept

EXHIBIT
C

# MICHIGAN DEPARTMENT OF LICENSING AND REGULATORY AFFAIRS

## FILING ENDORSEMENT

**This is to Certify that the**   CERTIFICATE OF AMENDMENT TO THE ARTICLES OF INCORPORATION

**for**

EKLUND HOLDINGS, INC.

**ID Number:**      800000163

**received by electronic transmission on**   June 06, 2018        **, is hereby endorsed.**

**Filed on**      June 06, 2018        **, by the Administrator.**

**The document is effective on the date filed, unless a subsequent effective date within 90 days after received date is stated in the document.**



*In testimony whereof, I have hereunto set my hand and affixed the Seal of the Department, in the City of Lansing, this 6th day of June, 2018.*

*Julia Dale, Director*
*Corporations, Securities & Commercial Licensing Bureau*

CSCL/CD-2500 (01/24)

# DEPARTMENT OF LICENSING AND REGULATORY AFFAIRS
## PROFIT CORPORATION ANNUAL REPORT
# 2024

**Due May 15, 2024**     File Online at www.michigan.gov/corpfileonline

| Identification Number | Corporation Name |
|---|---|
| **800000163** | **EKLUND HOLDINGS, INC.** |

Resident agent name and mailing address of the registered office

**FILED**

APR 0 2 2024

CORPORATIONS DIVISION

**WESLEY K EKLUND**
**481 SEMINOLE ROAD**
**NORTON SHORES, MI 49444**

TranInfo:2 25640748-1 02/09/24
Chk#: 1147  Amt: $25.00
ID: 800000163

The address of the registered office

**481 SEMINOLE ROAD**
**NORTON SHORES, MI 49444**

## IF NO CHANGE in the address of the registered office and/or resident agent proceed to Item 4.

| 1 Change the mailing address of registered office in MICHIGAN (can be a P O Box) | 2 Change the resident agent |
|---|---|
| | |

3 Change the address of the registered office in MICHIGAN (cannot be a P O Box)

4 Describe the general nature and kind of business in which the corporation engaged in during the year covered by this report (REQUIRED)

*Investments in Real Estate & Manufacturing Business*

5 NAME and BUSINESS OR RESIDENCE ADDRESS of officers and directors. (REQUIRED - Print legible and compete names and addresses)

| REQUIRED | President/ *Wesley K. Eklund  481 Seminole, Muskegon, MI 49444* |
|---|---|
| | Secretary (If different than president) |
| | Treasurer (If different than president) |

| If different than Officers | Director |
|---|---|
| | Director |
| | Director |
| | Director |

| 6 Signature of Authorized officer or agent X *Wesley Eklund* | Title *President* | Date *1-25-24* | Phone (Optional) |
|---|---|---|---|

**Filing Fee: $25.00**
**Report due May 15, 2024.**
**If received by agency after May 15, penalty fees will be assessed.**

**Submit**
Online: www.michigan gov/corpfileonline
Save time by filing online You will get an immediate response and you can elect to receive future notices by email to the resident agent The agent will also be sent an email when a document is filed, or a CID/PIN is requested You will need your Customer ID number (CID) and PIN, which can be obtained using the CID/PIN recovery page at www.michigan.gov/corppin
**Mail:** Return completed report with a check or money order payable to the State of Michigan to
Corporations Division, P O Box 30702, Lansing, MI 48909 (517) 241-6470

If more space is needed, additional pages may be included. Do not staple any items. Items 4 and 5 are required by Section 911, 1972 PA 284, as amended
Failure to file this report may result in the dissolution of the corporation Late filing will result in penalty fees

**EXHIBIT D**

# SURTI EXHIBIT

# G

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION**

TARUN N. SURTI
pro se,

Plaintiff

v.

FLEET ENGINEERS, INC,
DIVISION OF TRAMEC SLOAN

Defendant.

Case No. 3:25-CV-0122

Judge Waverly D. Crenshaw, Jr.

**MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO QUASH SERVICE
AND TO DISMISS UNDER RULE 12(B)(2) AND RULES 12(B)(4) AND 12(B)(5)**

## I.   INTRODUCTION

Defendant "Fleet Engineers, Inc, Division of Tramec Sloan".[1] moves this Court to quash

service for insufficient process under Federal Rule of Civil Procedure 12(b)(4) and to dismiss for

insufficient service of process under Rule 12(b)(5). Because process and service are both

insufficient, Defendant also moves to dismiss under Rule 12(b)(2) for lack of personal jurisdiction.

Plaintiff has filed suit against, and had a summons issued to, the non-existent business entity "Fleet

Engineers, Inc, Division of Tramec Sloan," resulting in insufficient process. Attempted service of

the summons and complaint by certified mail to "Fleet Engineers, Inc, Division of Tramec Sloan"

is insufficient service of process because the entity does not exist, and service was not to an agent

or officer of <u>any</u> entity. In addition, the proof of service filed with the Court is incomplete.

.

---

[1] The undersigned counsel is appearing specially on behalf of the non-existent corporate entity "Fleet Engineers, Inc, Division of Tramec Sloan" to assist the Court in the efficient resolution of this matter.

# SURTI EXHIBIT

# H

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

FILED

2025 FEB -3 AM 11: 44

U.S. DISTRICT COURT
MIDDLE DISTRICT OF TN

| | |
|---|---|
| TARUN N. SURTI, Pro Se ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:25-cv-0122 |
| ) | |
| FLEET ENGINEERS, INC, ) | Hon. |
| DIVISION OF TRAMEC SLOAN ) | |
| Defendant. ) | |
| ) | |

## COMPLAINT FOR PATENT INFRINGEMENT AND TORTIOUS INTERFERENCE WITH BUSINESS RELATIONSHIP (JURY TRIAL DEMANDED)

## COMPLAINT

NOW COMES Plaintiff, Tarun N. Surti, proceeding pro se, and hereby files his complaint against Defendant Fleet Engineers, Inc., a Division of TRAMEC SLOAN. ("Fleet Engineers") (collectively referred to as "Defendants"). Plaintiff states as follows:

### I.  NATURE OF THE ACTION

1.  This action is instituted pursuant to 28 U.S.C. §§ 2201 and 2202, seeking a declaratory judgment that United States Patent No. RE 44,755 (formerly 8,146,949) (hereinafter, the "'755 Patent") is valid and enforceable, following a finding by the Court of Appeals for the Federal Circuit (CAFC) that Defendant Fleet Engineers has **again willfully infringed** the '755 Patent through the manufacture, sale, and distribution of their newly designed Aero-Flap brand mud flaps.

This action arises under the patent laws of the United States, Title 35 of the United States Code, and includes claims for tortious interference with business relationships under Tennessee common law. In the course of prior patent litigation, Defendant has submitted

false and misleading statements to the Court and to relevant authorities. These statements were made with the knowledge that they were materially false, and were intended to deceive the Court, opposing counsel, and the Patent Office. Specifically, the Defendant's actions constitute a fraudulent misrepresentation of facts that directly impacted the proceedings, and these false statements were made with the deliberate intent to mislead and obstruct justice.

The Defendant's conduct in submitting these fraudulent statements is tantamount to perjury, as they were made under oath or in a sworn declaration, knowing that the statements were false at the time of submission. The Defendant's actions not only undermine the integrity of the litigation process but also demonstrate a willful disregard for the truth, thereby prejudicing the Pro Se Plaintiff's ability to fairly litigate the patent infringement claims.

This conduct constitutes an egregious abuse of the judicial process and warrants appropriate legal remedies, including sanctions or additional claims for fraud. The Defendant's actions threaten the fairness of the judicial system and should be addressed with the utmost seriousness to deter such conduct in future cases.

Plaintiff seeks injunctive relief, damages, and any other appropriate remedies for Defendant's second time unauthorized manufacture, use, sale, and/or offer for sale of products that infringe upon Plaintiff's patented invention, U.S. Patent No. '755, as well as for Defendant's willful interference with Plaintiff's business relationships.

## II. JURIDICTION AND VENUE

2. This action arises under the patent laws of the United States, specifically 35 U.S.C. §§ 271 and 281, et seq. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a), as the action arises under the patent laws of the United States. Additionally, the Court has supplemental jurisdiction over the state law claim for tortious

2

interference under 28 U.S.C. § 1367.

3. This Court has personal jurisdiction over Defendants, and venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b)-(c) and 28 U.S.C. § 1400(b) because Defendant has committed acts of infringement within this district. Defendants have transacted business in, had substantial contacts with, and entered into contractual relationships with Plaintiff in this district.

4. Venue is also proper in this judicial district because Plaintiff resides in this district, in accordance with 28 U.S.C. § 1391(b)-(c).

### III. THE PARTIES

5. Plaintiff, Tarun N. Surti, proceeding pro se, is an individual residing in Davidson County, Tennessee. Plaintiff is the sole owner of all rights, title, and interest in and to United States Patent No. RE 44,755 (the "'755 Patent"), the V-Flap brand name, the V-Flap website, its associated email address, and the exclusive manufacturing and marketing rights to V-Flap brand mud flaps.

6. Defendant, Fleet Engineers, Inc., a division of Tramec Sloan, is a corporation organized and existing under the laws of the State of Michigan, with its principal place of business located in Muskegon, Michigan. Defendant is engaged in the business of manufacturing, selling, and distributing infringing Aero-Flap brand mud flaps, as well as other truck parts.

### GENERAL ALLEGATIONS

### IV. THE PATENT-IN-SUIT

7. On April 03, 2012, the United States Patent and Trademark Office duly issued United States Patent No. 8,146,949, titled "Mudflap," to Plaintiff. A true and correct copy of the '949 Patent is attached hereto as (See Surti Exhibit-1, Page Nos. 10002-10010).

8. On February 11, 2014, the United States Patent and Trademark Office duly reissued United

3

States Patent No. RE 44,755, titled "Mudflap," to Plaintiff. A true and correct copy of the '755 Patent is attached hereto as (See Surti Exhibit-2, Page Nos. 10012-10021).

9. The '755 Patent is valid, enforceable, and was issued in full compliance with 35 U.S.C. § 101 et seq.

10. Plaintiff is the sole and exclusive owner of all rights, title, and interest in and to the '755 Patent, including the right to sue for past, present, and future infringement of said patent.

## V. PLAINTIFF'S EXCLUSIVE RIGHTS

11. In addition to owning the '755 Patent, Plaintiff is the sole and exclusive owner of the V-Flap website, the V-Flap brand name, and the exclusive rights to the manufacturing and distribution of V-Flap brand mud flaps.

12. Plaintiff has invested substantial time, resources, and effort into the development, marketing, and distribution of the V-Flap brand mud flaps, which are protected by the '755 Patent.

13. Plaintiff's exclusive rights to the V-Flap brand and its associated intellectual property are vital to his business operations and have been unlawfully infringed upon and interfered with by Defendant.

## VI. DEFENDANT'S USE OF CONFIDENTIAL INFORMATION

14. Prior to the issuance of the '755 Patent, Plaintiff disclosed confidential information, including the patent application, to Defendant Fleet Engineers, Inc. through Mudguard Technology, pursuant to a Confidentiality and Non-Disclosure Agreement (the "NDA"). A true and correct copy of the NDA is attached hereto as (SEE Surti Exhibit-3, PageID 10024-10027).

15. The NDA was executed so Surti, the exclusive owner of the '755 Patent and associated trade secrets, could personally address Fleet Engineers' concerns regarding the potential infringement of Andersen Patent No. 6,851,717, and to explain why and how Surti's '755

4

patented design does not infringe upon the Andersen patent. (SEE Surti Exhibit-3, PageID 10023)

16. The NDA expressly prohibited Defendant from using or disclosing Plaintiff's confidential information for any purpose other than to evaluate a potential business relationship.

17. On May 19, 2010, Fleet Engineers confirmed that their patent attorney was evaluating Surti's '755 Patent in relation to Andersen's '717 Patent for potential infringement. (SEE Surti Exhibit-4, Page No. 10029)

18. On May 27, 2010, Fleet Engineers confirmed the informal opinion of their patent attorney, which was favorable to Surti's position. (SEE Surti Exhibit-4, Page No. 10030)

19. After Fleet's patent attorney confirmed that Surti's '755 design could provide protection against Andersen's claim of infringement of his '717 patent, Fleet, in violation of the Non-Disclosure Agreement (NDA), utilized Plaintiff's confidential information, including mud flap drawings and confidential knowledge derived from Plaintiff's explanation and unpublished patent application, to develop and manufacture Aero-Flap brand mud flaps that infringe upon Plaintiff's patent rights.

20. Defendant's unauthorized use of Plaintiff's confidential information demonstrates bad faith and intentional misconduct, further supporting Plaintiff's claims for willful infringement and entitlement to enhanced damages.

## VII. FACTUAL BACKGROUND

21. The '755 Patent pertains to Surti's proprietary two-stage separation system within a channel, specifically designed to permit the passage of air through openings while effectively preventing the passage of water and debris. This is accomplished through the channel design and the size of the openings, which are smaller than the channel itself. Consequently, water and debris strike the bottom walls of the channel between the sidewalls and around the slotted

5

openings, causing them to be stopped and redirected toward the ground.

22. Defendant Fleet Engineers has manufactured, used, sold, and/or offered for sale their newer Aero-Flap brand mud flaps that incorporate the '755 patented invention, without Plaintiff's authorization.

23. Defendant's infringing products include, but are not limited to, the newly developed Aero-Flap brand mud flaps, part numbers 033-0850, 033-08002, and 033-08004. These products specifically infringe upon Claim 19 of the '755 Patent, which recites: "A mudflap for a vehicle comprising a vertically extending flap mounted at an upper edge behind a vehicle wheel and extending downwardly therefrom, the flap comprising a plurality of laterally spaced channels on a front side thereof, the channels having rear walls at the rear sides of the channels and spaced sidewalls at the sides of the channels, the rear walls having slots formed therein that extend through the rear walls of the channels, the slots having side edges that are spaced away from the sidewalls of the channels such that water flowing rearwardly through the mudflap along the channel sidewalls strikes the rear walls of the channels at the side edges and is deflected by the side edges.".



| Figure 1<br>Fleet Aero-Flap<br>P/N 033-08050 | Figure 2<br>Fleet Aero-Flap<br>P/N 033-08002 | Figure 3<br>Fleet Aero-Flap<br>P/N 033-08004 |

6

24. Defendant has had actual and constructive knowledge of the '755 Patent since at least February 11, 2014 when plaintiff was provided with notice and 8,146,949 patent since April 2010 when Plaintiff was provided copy of the patent application.

25. Notwithstanding such knowledge, Defendant has continued to willfully, deliberately, and with reckless disregard, infringe upon the '755 Patent, thereby demonstrating a disregard for Plaintiff's patent rights.

## VIII. PRIOR LITIGATION AND DEFENDANT'S REFUSAL TO COMPLY

26. In a prior action, dated June 8, 2017, before the U.S. District Court for the Western District (Case No. 1:12-CV-1143), Plaintiff prevailed on the validity of the claims related to the '755 Patent, including claim 19, against Defendant. (See Surti Exhibit-5, Page Nos. 10032-10057).

27. In a prior action on February 25, 2019 the CAFC confirmed the validity of the '755 Patent and all of its claims, including Claim 19, rejecting Defendant's challenges to the patent's validity and enforceability. (See Surti Exhibit-6, Page Nos. 10059-10069)

28. In a prior action before the U.S. District Court for the Western District (Case No. 1:12-CV-1143), Plaintiff prevailed on October 19, 2021, on the infringement claims related to the '755 Patent against Defendant. The Court found Defendant liable for infringement and awarded Plaintiff damages in the amount of $228,000, plus interest, as detailed in (See Surti Exhibit-7, Page Nos. 10071-10072).

29. On August 15, 2023, the United States Court of Appeals for the Federal Circuit (CAFC) affirmed the judgment of the district court, thereby confirming Defendant's infringement of the '755 Patent and upholding the award of damages to Plaintiff. A copy of the CAFC's decision is attached hereto as (See Surti Exhibit-8, Page Nos. 10074-10095).

30. During the appeal, Plaintiff sought a "cease and desist" order to prevent further infringement

7

by Defendant. However, the CAFC denied this request, referencing Defendant's assertions that it would cease manufacturing the infringing products and continue to pay royalties for the sale of such products, both pre- and post-judgment. (See Surti Exhibit-9, Page Nos. 10097-10100)

    a. Notwithstanding these representations made to the CAFC, Defendant has failed to honor its commitments. Defendant has neither ceased manufacturing the infringing products nor paid the royalties as promised. This conduct reflects Defendant's bad faith and willful disregard of its obligations to both the Court and Plaintiff.

    b. Notwithstanding the CAFC's ruling and multiple written demands from Plaintiff, Defendant has failed to pay the damages awarded by the Court. Defendant's refusal to comply with the Court's judgment further exemplifies a flagrant disregard for the judicial process and Plaintiff's patent rights.

31. In an additional act of willful infringement, Defendant created new molds for the manufacture and sale of products (see figure 1-3) it knew were in violation of the '755 Patent. Despite being fully aware of the '755 Patent and its claims, Defendant deliberately chose to invest in new manufacturing tools to perpetuate its infringing activities. This conduct demonstrates Defendant's intentional and egregious disregard for Plaintiff's patent rights.

## IX.  TENNESSEE-BASED BUSINESS SELLING INFRINGING PRODUCTS

32. Plaintiff has identified FleetPride Heavy Duty Parts & Services, located at 835 Fesslers Parkway, Nashville, TN 37210 ("FleetPride"), as a seller of the infringing products manufactured by Defendant Fleet Engineers Inc. (See Surti Exhibit-10, Page Nos. 10102-10103)

    a. FleetPride has been offering for sale and selling the infringing products within the state of Tennessee and other locations, thereby contributing to the ongoing infringement of

8

the '755 Patent.

b. Defendant Fleet Engineers Inc. supplied and continue to supply the infringing products to FleetPride with full knowledge that such products infringe the '755 Patent.

c. The sale of infringing products by FleetPride further underscores the widespread and continuing nature of Defendant's infringement and the harm caused to Plaintiff's business and patent rights.

## X. TENNESSEE-BASED CUSTOMER USING INFRINGING PRODUCTS

33. Plaintiff has identified FirstFleet, Inc., a customer located at 202 Herritage Park Drive, Murfreesboro, TN 37129 "FirstFleet"), as a user of the infringing products manufactured by Defendant Fleet Engineers Inc. (See Surti Exhibit-11, Page Nos. 10105)

a. FirstFleet has been using the infringing products within the state of Tennessee, contributing to the ongoing infringement of the '755 Patent.

b. Defendant Fleet Engineers Inc. supplied the infringing products to FirstFleet with full knowledge that such products infringe the '755 Patent.

c. The use of infringing products by FirstFleet further demonstrates the widespread and ongoing nature of Defendant's infringement and the harm caused to Plaintiff's business and patent rights.

## XI. MICHAEL BUTLER OF UPS CORPORATION, USER OF FLEET'S AERO-FLAP BRAND MUD FLAPS, ENCOURAGING INFRINGEMENT

34. Plaintiff has learned that Michael Butler, an employee or representative of UPS Corporation, encouraged Defendant Fleet Engineers Inc. to "cause him (Surti) some grief." (See Surti Exhibit-12, Page Nos. 10107) Not only did he actively campaign against purchasing Surti's V-Flap brand mud flaps, but he also sought to convince UPS to permanently disregard Surti and his V-Flap brand products, despite Surti's multiple requests for consideration of his mud

9

flaps."

35. This statement demonstrates that Defendant's actions were not only willful but also motivated by malice. Michael Butler's encouragement further supports the claim that Defendant's infringement was deliberate and intended to harm Plaintiff, rather than arising from a good-faith dispute.

## XII. DEFENDANT'S PERJURY DURING PRIOR LITIGATION

36. In prior litigation (Case No. 1:12-CV-1143), Defendant Fleet Engineers Inc. perpetrated a fraud on the court by submitting false documents and making misrepresentations, specifically:

a. To support its claim of tortious interference with a business relationship under Michigan law, Defendant falsely identified Great Dane Company as a potential customer. (See Surti Exhibit-13, Page Nos. 10109-10113).

   Defendant knew, or should have known, that this representation was false. In fact, Plaintiff, Surti, was individually marketing that Great Dane Company was distributing Surti's V-Flap brand mud flaps, which are covered by the '755 Patent. Prior to 2012, Defendant Fleet Engineers had neither manufactured nor marketed an aerodynamic mud flap, and therefore, Great Dane could not have been an existing customer of Fleet Engineers. Furthermore, Fleet Engineers entered into an indemnity agreement with Great Dane, knowing and intending to interfere with Plaintiff's business relationship and potentially divert Great Dane's business away from Plaintiff's products.

b. In reality, Defendant knew or should have known that Great Dane was a customer of Plaintiff when it entered into the "indemnity agreement," constituting an act of tortious interference with Plaintiff's business relationship. (See Surti Exhibit-14, Page Nos. 10115-10117).

10

c. Defendant intentionally provided inconsistent definitions of the term "vane." Initially Fleet had proposed construction of "vane as a flat or shaped plate typically used to direct fluid flow", a definition supported by Oxford English Dictionary, Merriam-Webster Dictionary, Collins English Dictionary, and many more, however, later manipulated its definition to support its claim of non-infringement. (See Surti Exhibit-15, Page Nos. 10119-10120)

d. Defendant falsely asserted that its Aero-Flap brand mud flaps do not stop water when the water impacts the bottom walls of the recess (channel) located between its sidewalls and slotted openings. (See Surti Exhibit-16, Page Nos. 10122)

e. Defendant falsely asserted that its Aero-Flap brand mud flaps divert water to the side of the mud flap, and not to the ground, contrary to the teaching of Surti's U.S. Patent No. '755. (See Surti Exhibit-17, Page Nos. 10124)

37. Defendant's false representation constitutes **perjury** and reflects its bad faith and intentional misconduct in this matter.

38. This conduct that could fall under "unclean hands doctrine" further supports Plaintiff's claims for willful infringement, enhanced damages, and attorneys' fees.

## XIII. VENDORS PROVIDING INDUCED INFRINGEMENT SERVICES

39. Plaintiff has identified two vendors, Viking Tool & Engineering and HS Inc., who are providing services to Defendant Fleet Engineers Inc. that actively induce infringement of the '755 Patent. (See Surti Exhibit-18, Page Nos. 10126-10129)

a. Viking Tool & Engineering, located at 2780 E. Colby Street, Whitehall, MI 49461, manufactures high-quality molds for the automotive, appliance, office furniture, household, and medical industries for customers like Defendant Fleet Engineers Inc., knowing that such molds are used to manufacture, sell, or distribute infringing

11

products.

b.  HS Inc., located at 215 Lake Michigan Drive NW, Grand Rapids, MI, specializes in various types of molding and automation, building a reputation for strength, quality, and consistency. The company handles high-precision projects and delivers complete manufacturing solutions on time and within budget to customers like Defendant Fleet Engineers Inc., knowing that such services are used to promote, sell, or distribute infringing products.

40. Both Viking Tool & Engineering and HS Inc. were informed by Surti and thus had actual knowledge of the '755 Patent and its claims. They specifically intended to assist Defendant Fleet Engineers Inc. in infringing the '755 Patent. (See Surti Exhibit-19, Page Nos. 10131-10134)

41. By providing these services under the direction of Defendant Fleet Engineers Inc., Viking Tool & Engineering and HS Inc. have actively induced, and continue to induce, Defendant Fleet Engineers Inc. to infringe the '755 Patent, in violation of 35 U.S.C. § 271(b).

## XIV.   CLAIMS FOR RELIEF

### Count I: Direct Patent Infringement (35 U.S.C. § 271(a))

42. Plaintiff hereby repeats and incorporates by reference the allegations set forth in paragraphs 1 through 47 as though fully stated herein.

43. Defendant has directly infringed, and continues to infringe, one or more claims of the '755 Patent under 35 U.S.C. § 271(a) by making, using, selling, offering for sale, and/or importing infringing products without Plaintiff's authorization. These products embody the claims of the '755 reissue Patent and the originally issued U.S. Patent No. 8,146,949, in this judicial district and throughout the United States, and will continue to do so unless enjoined by this Court.

12

44. Defendant's products infringe the '755 Patent both literally and under the doctrine of equivalents, as they perform substantially the same function in substantially the same way to achieve substantially the same result as the patented invention.

45. Defendant's infringement has caused, and will continue to cause, Plaintiff irreparable harm, entitling Plaintiff to injunctive relief pursuant to 35 U.S.C. § 283.

46. Plaintiff has suffered, and will continue to suffer, substantial monetary damages as a result of Defendant's infringement, entitling Plaintiff to damages sufficient to compensate for the infringement, but in no event less than a reasonable royalty, in accordance with 35 U.S.C. § 284.

### Count II: Willful Patent Infringement

47. Plaintiff repeats and incorporates by reference the allegations set forth in paragraphs 1 through 52 as though fully stated herein.

48. Defendant's infringement of the '755 Patent has been willful, deliberate, and in reckless disregard of Plaintiff's patent rights. Despite having actual knowledge of the '755 Patent and its claims—particularly Claim 19, which was not allowed as a claim in dispute due to procedural error and bias by the Court—Defendant continued to infringe, with an objectively high likelihood that its actions constituted infringement.

49. As a result of Defendant's willful infringement, Plaintiff is entitled to enhanced damages under 35 U.S.C. § 284 and attorneys' fees under 35 U.S.C. § 285.

### Count III: Induced Patent Infringement (35 U.S.C. § 271(b))

50. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 55 as if fully set forth herein.

51. Defendant has actively induced and continues to induce others to infringe the '755 Patent under 35 U.S.C. § 271(b) by knowingly and intentionally encouraging, aiding, or causing

13

third parties to make, use, sell, offer for sale, or import infringing products.

52. Defendant had actual knowledge of the '755 Patent and its claims, and it specifically intended to cause infringement by third parties, including Viking Tool & Engineering, HS Inc, FleetPride, and FirstFleet, Tennessee Customers.

53. Defendant's inducement of infringement has caused and will continue to cause Plaintiff irreparable harm and substantial monetary damages.

### Count IV: Contributory Patent Infringement (35 U.S.C. § 271(c))

54. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 59 as if fully set forth herein.

55. Defendant has contributorily infringed and continues to contributorily infringe the '755 Patent under 35 U.S.C. § 271(c) by offering to sell, selling, or importing components or materials that are specially made or adapted for use in infringing the '755 Patent, and that are not staple articles or commodities of commerce suitable for substantial non-infringing use.

56. Defendant had actual knowledge of the '755 Patent and its claims, and it knew that the components or materials it supplied would be used to infringe the '755 Patent.

57. Defendant's contributory infringement has caused and will continue to cause Plaintiff irreparable harm and substantial monetary damages.

### Count V: Tortious Interference with Business Relationship

58. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 63 as if fully set forth herein.

59. Plaintiff individually had established and maintained valuable business relationships with Greta Dane Trailers.

60. Defendant, with knowledge of Plaintiff's business relationship with Great Dane Trailers,

14

intentionally and unjustifiably interfered with this relationship by entering into an indemnity agreement with Great Dane Trailers, knowing that Great Dane was a customer of Plaintiff, Surti. This interference was designed to entice Great Dane away from Plaintiff's products, undermining Plaintiff's business and causing harm to the established relationship between Plaintiff and Great Dane.

61. Defendant, knowing Plaintiff had valuable business relationships, intentionally and without justification interfered with those relationships. Defendant did this by submitting false documents to support its own claim of "Tortious Interference in Business Relations" under Michigan law. Instead of being truthful with the Michigan court, Defendant misrepresented facts, resulting in an unfair ruling in Defendant's favor. Furthermore, the Michigan court's bias, combined with Defendant's fraudulent conduct (including perjury), prevented Plaintiff from discovering and timely filing its own tortious interference claim.

62. Because Defendant's wrongful actions—submitting false documents and intentionally concealing key facts—prevented Plaintiff from learning about the need for this claim within Tennessee's statute of limitations period, Plaintiff respectfully requests the Court waive the applicable statute of limitations. Allowing Plaintiff to proceed with the tortious interference claim is necessary to ensure justice.

63. Defendant's interference was motivated by malice or an improper purpose, including, but not limited to, harming Plaintiff's business and gaining an unfair competitive advantage.

64. As a direct and proximate result of Defendant's tortious interference, Plaintiff has suffered significant damages, including, but not limited to, lost profits, harm to reputation, and other economic losses.

## XV. PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests that this Court enter judgment in Plaintiff's

favor and against Defendant and grant the following relief:

a. A declaration that Defendant has directly infringed, contributorily infringed, and induced infringement of one or more claims of the '755 reissue Patent;

b. A permanent injunction enjoining Defendant, along with its officers, agents, servants, employees, and all persons in active concert or participation with them, from further infringing the '755 Patent;

c. An award of damages sufficient to compensate Plaintiff for Defendant's infringement, including enhanced damages for willful infringement;

d. An order requiring Defendant to pay the damages previously awarded, as affirmed by the CAFC, plus interest;

e. An award of damages for tortious interference with Plaintiff's business relationships;

f. An award of pre-judgment and post-judgment interest on the damages awarded;

g. An award of attorneys' fees and costs incurred in this action; and

h. Such other and further relief as the Court deems just and proper.

## XVI.   JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

_/s/ Tarun N. Surti_____
Tarun N Surti, *Pro Se for Plaintiff*
5928 Westheimer Drive
Brentwood, Tennessee 37027
615-8112-6164
vflaps@gmail.com

16

## CERTIFICATE OF SERVICE

I certify that on this 3rd day of February 2025, a copy of the following document was filed through the Court's electronic filing system and served through that system upon all parties who are registered for service within that system. Those parties set forth below were served via email and US Postal services:

G. Thomas Williams (P53734)
Andrea R. Jacobson, Sr. Litigation Paralegal
Attorneys for Plaintiff
MCGARRY BAIR PC
45 Ottawa Ave SW - Suite 700
Grand Rapids, Michigan 49503
Tel: (616) 742-3538
G. Thomas Williams gtw@mcgarrybair.com
Andrea R. Jacobson arj@mcgarrybair.com

Attn: Wesley K. Eklund
Fleet Engineers Inc.
Division of Tramec Sloan
1800 E Keating Ave
Muskegon MI 49442
Tel: (800) 333-7890
Wesley Eklund
weklund@fleetengineers.com

/s/ Tarun N. Surti
TARUN N. SURTI

17

 Outlook

---

## Service Pursuant to Fed. R. Civ. P. 5: Fleet Engineers, Inc. v. Mudguard Technologies, LLC and Tarun Surti, Case No. 3:25-mc-00005

---

**From** Rush, Gabby <grush@spencerfane.com>

**Date** Fri 5/30/2025 3:40 PM

**To** vflaps@gmail.com <vflaps@gmail.com>

**Cc** G. Thomas Williams <gtw@mcgarrybair.com>; Andrea R. Jacobson <arj@mcgarrybair.com>

📎 3 attachments (80 KB)

Notice of Deposition - Mudguard Technologies, LLC.pdf; Cover Letter - Surti & Mudguard Depositions.pdf; Notice of Deposition - Tarun Surti.pdf;

Mr. Surti – please see the attached cover letter and notices of deposition for *Fleet Engineers, Inc. v. Mudguard Technologies, LLC and Tarun Surti*, Case No. 3:25-mc-00005

Gabby

Gabby Rush  Associate Attorney
Spencer Fane Bone McAllester

---

511 Union Street, Suite 1000 | Nashville, TN 37219
O 615.248.4165
grush@spencerfane.com | **spencerfane.com**

# SURTI EXHIBIT

# I

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RECEIVED

JUN 1 1 2025

U.S. DISTRICT COURT
MIDDLE DISTRICT OF TN

FLEET ENGINEERS, INC.,                    )
                        Plaintiff,        )
                                          )    No. 1:12-cv1143
-v-                                       )
                                          )    Honorable Paul L. Maloney
MUDGUARD TECHNOLOGIES, LLC and            )
TARUN SURTI,                              )
                        Defendants.       )
_____ )

## JUDGMENT

The Court has resolved all pending claims in this lawsuit. Following a remand from the Federal Circuit Court of Appeals, the Court held a trial on Tarun Surti's counterclaim for patent infringement against Fleet Engineers. The jury returned a verdict in favor of Tarun Surti on his counterclaim for patent infringement against Fleet Engineers for the line of products identified in the verdict as Group A. (ECF No. 370.) Based on the jury's determination of a reasonable royalty rate and its decision to calculate damages based on the gross sales of Fleet Engineers' Group A products, Mr. Surti is entitled to $228,000.00 in damages from Fleet Engineers. As required by Rule 58 of the Federal Rules of Civil Procedure, **JUDGMENT ENTERS.**

**THIS ACTION IS TERMINATED**

**IT IS SO ORDERED.**

Date:     October 19, 2021

Certified as a True Copy

By_____
      Deputy Clerk
   U.S. District Court
   Western Dist. of Michigan
   Date  6-3-2025

/s/ Paul L. Maloney
Paul L. Maloney
United States District Judge

AO 451 (Rev. 12/12) Clerk's Certification of a Judgment to be Registered in Another District

# UNITED STATES DISTRICT COURT
## for the
Western District of Michigan

| | |
|---|---|
| Fleet Engineers, Inc. | ) |
| _Plaintiff_ | ) |
| v. | )     Civil Action No. 1:12-cv-01143-PLM |
| Mudguard Technologies, LLC et al | ) |
| _Defendant_ | ) |

## CLERK'S CERTIFICATION OF A JUDGMENT TO BE REGISTERED IN ANOTHER DISTRICT

I certify that the attached judgment is a copy of a judgment entered by this court on _(date)_ _____10/19/2021_____ .

I also certify that, as appears from this court's records, no motion listed in Fed. R. App. P. 4(a)(4)(A) is pending before this court, the time for appeal has expired, and no appeal has been filed or, if one was filed, it is no longer pending.

Date: _____06/03/2025_____

CLERK OF COURT

_____
_Signature of Clerk or Deputy Clerk_

Case 3:25-mc-00005 Document 1 Filed 06/20/25 Page 60 of 102 PageID #8635

JS 44 (Rev. 08/18)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
TARUN N. SURTI, Pro Se

## DEFENDANTS
FLEET ENGINEERS, INC.

**(b)** County of Residence of First Listed Plaintiff   DAVIDSON
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   MUSKEGON
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*

Spence Fane, LLP-511 Union Street, Suite 1000, Nashville, TN 37219 (615) 238-6300 -attn: Stephen J. Zralek and Gabriella C. Rush

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government Plaintiff
- ☐ 2  U.S. Government Defendant
- ☐ 3  Federal Question *(U.S. Government Not a Party)*
- ☒ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☒ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

### CONTRACT
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

### REAL PROPERTY
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

### TORTS
**PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury - Medical Malpractice

**PERSONAL INJURY**
- ☐ 365 Personal Injury - Product Liability
- ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

### CIVIL RIGHTS
- ☐ 440 Other Civil Rights
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 448 Education

### PRISONER PETITIONS
**Habeas Corpus:**
- ☐ 463 Alien Detainee
- ☐ 510 Motions to Vacate Sentence
- ☐ 530 General
- ☐ 535 Death Penalty

**Other:**
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee - Conditions of Confinement

### FORFEITURE/PENALTY
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

### LABOR
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Management Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Employee Retirement Income Security Act

### IMMIGRATION
- ☐ 462 Naturalization Application
- ☐ 465 Other Immigration Actions

### BANKRUPTCY
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

### PROPERTY RIGHTS
- ☐ 820 Copyrights
- ☒ 830 Patent
- ☐ 835 Patent - Abbreviated New Drug Application
- ☐ 840 Trademark

### SOCIAL SECURITY
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

### FEDERAL TAX SUITS
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

### OTHER STATUTES
- ☐ 375 False Claims Act
- ☐ 376 Qui Tam (31 USC 3729(a))
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 485 Telephone Consumer Protection Act
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☐ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☒ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S. CODE 1963

Brief description of cause:
DOCUMENTS REGISTRATION RELATED TO FOREIGN JUDGMENTS

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*   JUDGE   HON. WAVERLY D. CRENSHAW Jr.   DOCKET NUMBER   3:25-CV-00122

DATE
06/11/2025

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #         AMOUNT         APPLYING IFP         JUDGE         MAG. JUDGE

**TARUN N. SURTI, Pro Se**
5928 Westheimer Drive, Brentwood, TN 37027
(615) 812-6164 - Vflaps@gmail.com

June 11, 2025

Clerk of Court
United States District Court for the
Middle District of Tennessee
Fred D. Thompson U.S. Courthouse and Federal Building
719 Church Street
Nashville, TN 37203

RECEIVED
JUN 1 1 2025
U.S. DISTRICT COURT
MIDDLE DISTRICT OF TN

Re: Request for Registration of documents related to Foreign Judgment Pursuant to 28 U.S.C. § 1963 – (Related cases in this Court (1) Case no. 3:25-cv-00122 and (2) Case No.3:25-mc-00005)

To the Clerk of Court:

My name is Tarun N. Surti, proceeding pro se, and I am the holder of a judgment in the amount of $228,000.00, entered in my favor by the United States District Court for the Western District of Michigan against Fleet Engineers, Inc. (case no. 1:12-cv-01143)

I acknowledge that, pursuant to 28 U.S.C. § 1963, the judgment entered by the United States District Court for the Western District of Michigan may be registered in this District. The judgment against Fleet Engineers, Inc. is final and enforceable, and no motion by the Defendant is currently pending to alter or amend that portion of the judgment. Accordingly, registration of the final judgment against Fleet Engineers, Inc. may proceed, unless otherwise ordered by the Court, notwithstanding any ongoing litigation in U.S. District Court for the Middle Tennessee Case No. 3:25-cv-00122.

If the Court requires additional documentation or elects to hold this submission in abeyance pending resolution of the anticipated Rule 60(b) motion in the U.S. District Court for the Middle Tennessee case no. 3:25-cv-00122[1], I am prepared to comply.

---

[1] Note: Please be advised that Civil Action in the U.S. District Court for the Middle Tennessee case No. 3:25-cv-00122 has been initiated against Fleet Engineers, Inc., based on newly discovered violations of rights that were previously adjudicated.

Mr. Surti recently uncovered that Fleet Engineers, Inc. made false representations to the court and other tribunals regarding its corporate relationship with Tramec Sloan, LLC— specifically, by falsely claiming to have become a subsidiary (see Case 3:25-cv-00122, PageID #:

1

Thank you for your time and consideration.

Respectfully submitted,

Tarun N. Surti
Pro Se,

Encls: I am submitting the following documents in anticipation of further order by the Court:

1.  A certified copy of the judgment entered by the United States District Court for the Western District of Michigan;

2.  A certified copy of Form AO 451 from the United States District Court for the Western District of Michigan; and

3.  Form JS-44

4.  Exhibit pages – U.S. District Court for the Middle Tennessee Case 3:25-cv-00122, PageID 218, 235, 202, 204-206, and 248.

---

218 & 235). In fact, Fleet Engineers, Inc. has since acknowledged that it merely sold its assets on May 31, 2018 (see Id. at 202), changed its name to Eklund Holdings, Inc., (see Id. at 204-206) and ceased manufacturing the infringing Aero-Flap brand mud flaps. According to their attorney, Fleet Engineers, Inc. is now a non-existent company (see Id. at 248). It is also undisputed that Fleet Engineers, Inc. did not sell the entire company or become a subsidiary of Tramec Sloan, LLC, as was falsely claimed. This claim was specifically refuted by Greg Lambart, CFO of Tramec Sloan, LLC. (See Id. at 202, 218.))

This misrepresentation, along with related corporate structuring, is alleged to be part of a deliberate scheme to conceal ongoing infringement and evade judicial oversight. Such conduct is asserted to constitute "fraud on the court" under Federal Rule of Civil Procedure 60(b).

Accordingly, the undersigned intends to file a motion pursuant to Rule 60(b), seeking relief from, or modification of, the final judgments previously entered in favor of Tarun N. Surti and against Mudguard Technologies, LLC.

2

# SURTI EXHIBIT

# J

 Outlook

---

### RE: Failure to comply my3rd request and new motions filed today

---

**From** vflaps@gmail.com <vflaps@gmail.com>
**Date** Mon 2/10/2025 12:58 PM
**To** 'Andrea R. Jacobson' <arj@mcgarrybair.com>
**Cc** 'G. Thomas Williams' <gtw@mcgarrybair.com>; Wesley K. Eklund <weklund@fleetengineers.com>

📎 2 attachments (246 KB)
Plainitff's Motion for electronic filing.pdf; Plaintiff's Motion for Continuance.pdf;

## Dear Andrea and Mr. Williams,

## Your response was inadequate, failing to fully address my request in a professional and timely manner.

## Also, attached please find two motions that were filed today.

TARUN N. SURTI
615-812-6164
www.VFLAP.com
*Mudguard Technologies, LLC*
*5928 Westheimer Drive*
*Brentwood TN 37027*

### 100% Woman-Owned Minority Business Enterprise (WME and MBE)

NOTE: This e-mail message, and any attachments, is intended only for the named recipient(s) above and may contain information that is privileged, confidential and/or exempt from disclosure under applicable law. If you are not the intended recipient, please do not read this message or any attachments, and please do not distribute or act in reliance on this message. If you have received this message in error, or are not the named recipient(s), please immediately notify the sender and promptly delete this e-mail message and any attachments from your computer. You are hereby notified, if you are not the intended recipient of this email, that without our written approval disclosing, copying, distributing or taking any action in reliance on the contents of this information is strictly prohibited. Thank you.

**From:** Andrea R. Jacobson [mailto:arj@mcgarrybair.com]
**Sent:** Tuesday, February 4, 2025 11:37 AM
**To:** vflaps@gmail.com
**Cc:** G. Thomas Williams <gtw@mcgarrybair.com>
**Subject:** RE: 3rd request - Fleet Engineers v Mudguard - Correction to my earlier email

Good afternoon Mr. Surti,

Thank you for your patience regarding this matter. Attached please find an updated letter and the Affidavit of Mr. Lambert. Note that in the letter we have provided a 14-day period for responding to Fleet's settlement offer.

Please let us know if you have any questions.

Thank you,
Andrea

Andrea R. Jacobson (she/her ) | Senior Litigation Paralegal | McGarry Bair PC
Direct (616) 742-3538 | arj@mcgarrybair.com

**From:** Andrea R. Jacobson
**Sent:** Wednesday, January 22, 2025 12:27 PM
**To:** 'vflaps@gmail.com' <vflaps@gmail.com>
**Cc:** G. Thomas Williams <gtw@mcgarrybair.com>
**Subject:** RE: 3rd request - Fleet Engineers v Mudguard - Correction to my earlier email

Good afternoon Mr. Surti,

Fleet is preparing the information you have requested along with an Affidavit regarding the product sales. While they anticipating having that information finalized in the next day or two, Mr. Williams and I will be out of the office Thursday and Friday for a work retreat, and it may be Monday before we are able to provide it to you. Due to this, Fleet is agreeable to providing you with 10 days from the date when affidavit is provided to consider the settlement offer in our prior letter.

Please let us know if you have any questions.

Thank you,
Andrea

Andrea R. Jacobson (she/her ) | Senior Litigation Paralegal | McGarry Bair PC
Direct (616) 742-3538 | arj@mcgarrybair.com

**From:** Andrea R. Jacobson <arj@mcgarrybair.com>
**Sent:** Tuesday, January 21, 2025 8:26 AM
**To:** vflaps@gmail.com
**Cc:** G. Thomas Williams <gtw@mcgarrybair.com>
**Subject:** RE: 3rd request - Fleet Engineers v Mudguard - Correction to my earlier email

Good morning Mr. Surti,

We acknowledge receipt of this email. As noted in your second email of Saturday, January 11 that was received at 3:58 pm (your first email had been received at 2:21 pm), you requested the materials by a week prior to January 31, which date has not yet passed.

We will be in further communication.

Thank you,
Andrea

**From:** vflaps@gmail.com <vflaps@gmail.com>
**Sent:** Sunday, January 19, 2025 6:28 PM
**To:** Andrea R. Jacobson <arj@mcgarrybair.com>
**Cc:** G. Thomas Williams <gtw@mcgarrybair.com>
**Subject:** RE: 3rd request - Fleet Engineers v Mudguard - Correction to my earlier email

**Andrea and Mr. Williams,**

**This is my third request for the information I previously requested on January 11, 2025, which I ask you to provide at your earliest convenience. Your prompt attention to this matter would be greatly appreciated.**

**Additionally, I must emphasize that your failure to comply with the Court's order to pay the royalty, coupled with your continued manufacture and sale of infringing products, constitutes a "willful act" of neglect and disregard for your legal obligations.**

**Please be advised that your immediate action to remedy this situation is expected on or before 4:00pm EST, Thursday, January 23, 2025.**

TARUN N. SURTI
615-812-6164
www.VFLAP.com
*Mudguard Technologies, LLC*
*5928 Westheimer Drive*
*Brentwood TN 37027*

**100% Woman-Owned Minority Business Enterprise (WME and MBE)**
**NOTE:** This e-mail message, and any attachments, is intended only for the named recipient(s) above and may contain information that is privileged, confidential and/or exempt from disclosure under applicable law. If you are not the intended recipient, please do not read this message or any attachments, and please do not distribute or act in reliance on this message. If you have received this message in error, or are not the named recipient(s), please immediately notify the sender and promptly delete this e-mail message and any attachments from your computer. You are hereby notified, if you are not the intended recipient of this email, that without our written approval disclosing, copying, distributing or taking any action in reliance on the contents of this information is strictly prohibited. Thank you.

**From:** vflaps@gmail.com [mailto:vflaps@gmail.com]
**Sent:** Saturday, January 11, 2025 2:58 PM
**To:** 'Andrea R. Jacobson' <arj@mcgarrybair.com>
**Cc:** 'G. Thomas Williams' <gtw@mcgarrybair.com>
**Subject:** RE: Fleet Engineers v Mudguard - Correction to my earlier email

**Andrea,**

**I will need the information at least one week prior to 31st to properly addressed your request.**

**Therefore please send me the sworn & notarized affidavit by Fleet Engineers stating the followings:**

**Unit Sales of Aero-Flap: Provide a breakdown of the number of Aero-Flap units sold each year from 2012 to the present, with each year presented in a separate column and the final column reflecting the total sales figures.**

**Dollar Amount of Aero-Flap Sales**: Provide a breakdown of the dollar amount of Aero-Flap sales each year from 2012 to the present, with each year presented in a separate column and the final column reflecting the total sales amount.

**Explanation of Damages**: Provide a detailed explanation of why Mudguard is liable for the damages claimed in your action for "Tortious Interference with Business Relationship" under Michigan state law.

TARUN N. SURTI
615-812-6164
www.VFLAP.com
*Mudguard Technologies, LLC*
*5928 Westheimer Drive*
*Brentwood TN 37027*

**100% Woman-Owned Minority Business Enterprise (WME and MBE)**
**NOTE:** This e-mail message, and any attachments, is intended only for the named recipient(s) above and may contain information that is privileged, confidential and/or exempt from disclosure under applicable law. If you are not the intended recipient, please do not read this message or any attachments, and please do not distribute or act in reliance on this message. If you have received this message in error, or are not the named recipient(s), please immediately notify the sender and promptly delete this e-mail message and any attachments from your computer. You are hereby notified, if you are not the intended recipient of this email, that without our written approval disclosing, copying, distributing or taking any action in reliance on the contents of this information is strictly prohibited. Thank you.

**From:** vflaps@gmail.com [mailto:vflaps@gmail.com]
**Sent:** Saturday, January 11, 2025 1:20 PM
**To:** 'Andrea R. Jacobson' <arj@mcgarrybair.com>
**Cc:** 'G. Thomas Williams' <gtw@mcgarrybair.com>
**Subject:** RE: Fleet Engineers v Mudguard

Andrea,

Please send me a sworn & notarized affidavit by Fleet Engineers stating the followings:

1. Unit number of Aero-Flap sold each year from 2012 till todate – Please breakdown the number by each year in a separate column with last column showing the total numbers of sales
2. Dollar amount of Aero-Flap sold each year from 2012 till todate – Please breakdown the number by each year in a separate column with last column showing the total numbers of sales

3. **Explain in details why Mudguard owes you the damage amount for your claim of "Tortious Interference in Business Relationship (Michigan State Law).**

**I hope you can forward this sworn & notarized affidavit by January 31, 2025.**

TARUN N. SURTI
615-812-6164
www.VFLAP.com
*Mudguard Technologies, LLC*
*5928 Westheimer Drive*
*Brentwood TN 37027*

**100% Woman-Owned Minority Business Enterprise (WME and MBE)**
**NOTE:** This e-mail message, and any attachments, is intended only for the named recipient(s) above and may contain information that is privileged, confidential and/or exempt from disclosure under applicable law. If you are not the intended recipient, please do not read this message or any attachments, and please do not distribute or act in reliance on this message. If you have received this message in error, or are not the named recipient(s), please immediately notify the sender and promptly delete this e-mail message and any attachments from your computer. You are hereby notified, if you are not the intended recipient of this email, that without our written approval disclosing, copying, distributing or taking any action in reliance on the contents of this information is strictly prohibited. Thank you.

**From:** Andrea R. Jacobson [mailto:arj@mcgarrybair.com]
**Sent:** Friday, January 10, 2025 3:29 PM
**To:** vflaps@gmail.com
**Cc:** G. Thomas Williams <gtw@mcgarrybair.com>
**Subject:** Fleet Engineers v Mudguard

Mr. Surti,

Attached please find correspondence regarding the above-identified matter. Please confirm receipt of this email and the attachment, and let us know if you have any questions.

Thank you,
Andrea

Andrea R. Jacobson (she/her) | Senior Litigation Paralegal | **McGarry Bair PC**
Direct (616) 742-3538 | arj@mcgarrybair.com

# SURTI EXHIBIT



# K

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MICHIGAN

**FLEET ENGINEERS, INC.**
    a Michigan Corporation,

    Plaintiff

v.

**MUDGUARD TECHNOLOGIES, LLC**
    a Tennessee limited liability company,
**TARUN SURTI**
    an Individual,

    Defendant.

Case No. 1:12-CV-1143

Hon. Paul L. Maloney

## AFFIDAVIT OF GREG LAMBERT

NOW COMES Greg Lambert, being duly sworn upon his oath, deposes and says as follows:

1.    My name is Greg Lambert and I am the Chief Financial Officer of Tramec Sloan, L.L.C.

2.    Fleet Engineers, Inc. ("Fleet Engineers"), the Plaintiff in the above-captioned matter, is a subsidiary of Tramec Sloan, L.L.C.

3.    I have direct knowledge about the facts contained in this Affidavit.

4.    The unit sales and revenue identified in the exhibits to the Expert Report of Philip Kline provided to Mr. Surti on September 28, 2021, are correct and complete through June 30, 2021. *Exhibit A*.

5.    A jury trial was held in this matter and the jury entered a verdict on October 6, 2021, finding that only the "Group A" products infringed the '755 Patent. *Exhibit B.*

6.    Attached as *Exhibit C* is an updated report identifying all Group A product sales from 2012-2022 and the sales value of Group A product remaining on hand.

7. In the third and fourth quarter of 2021, Fleet Engineers sold 27,642 units of Group A products totaling $458,992 in sales, resulting in total 2021 sales of $859,798.

8. In 2022, Fleet Engineers sold 8,290 units of Group A products totaling $146,619 in sales. *Exhibit C.*

9. Fleet Engineers has sold 0 additional units of Group A products in 2023, 2024, and 2025.

10. Fleet Engineers has 10,293 units of Group A products remaining on hand. If these products were to be sold, such sales would total $105,010. *Exhibit C.*

11. Fleet Engineers will destroy any remaining units of Group A products remaining on hand.

12. I state under penalty of perjury that the foregoing is true and correct.

**FURTHER, AFFIANT SAYETH NOT.**

Dated: __2/4/25__          By: _____

STATE OF KANSAS          )
                                             ) ss.
COUNTY OF __Johnson__

On this __4__ day of __February__ 2025, personally appeared before me the above-named Greg Lambert, to me known and known to me to be the person described in and who executed the foregoing instrument, and the affiant has read the foregoing Affidavit and he knows the contents thereof, and acknowledged to me that the same is true to deponent's own knowledge except as to the matters therein stated to be alleged on information and belief, and that as to those matters, deponent believes it to be true.

NOTARY PUBLIC - State of Kansas
PAMELA BISWAS
My Appt. Expires __04/21/2027__

_____
Notary Public, __Johnson__ County, Kansas
My Commission Expires: __04/21/2027__

G1889915.DOCX

# SURTI EXHIBIT

# L

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE

TARUN N. SURTI
pro se,

Plaintiff

v.

FLEET ENGINEERS, INC,
DIVISION OF TRAMEC SLOAN

Defendant.

Case No. 3:25-CV-0122

Judge Waverly D. Crenshaw, Jr.

## AFFIDAVIT OF GREG LAMBERT

NOW COMES Greg Lambert, being duly sworn upon his oath, deposes and says as follows:

1. My name is Greg Lambert, and I am the Chief Financial Officer of Tramec Sloan, L.L.C.

2. I have direct knowledge about the facts contained in this Affidavit.

3. Tramec Sloan, L.L.C. ("Tramec Sloan") purchased the assets and business of Fleet Engineers, Inc. ("Fleet Engineers") effective June 1, 2018.

4. Since that time, Tramec Sloan has operated the prior Fleet Engineers business as c combined business with Tramec Sloan.

5. Fleet Engineers is not a division of Tramec Sloan.

6. Lori Johnson is employed by Tramec Sloan as a buyer in the purchasing department.

7. Lori Johnson is not an officer, managing or general agent, or any other agent authorized to receive process on behalf of Tramec Sloan.

EXHIBIT
B

**FURTHER, AFFIANT SAYETH NOT**.

Dated: 3/31/2025

By: _____
Greg Lambert

STATE OF KANSAS )
                           ) ss.
COUNTY OF Johnson )

On this 31st day of March 2025, personally appeared before me the above-named Greg Lambert, to me known and known to me to be the person described in and who executed the foregoing instrument, and the affiant has read the foregoing Affidavit and he knows the contents thereof, and acknowledged to me that the same is true to deponent's own knowledge except as to the matters therein stated to be alleged on information and belief, and that as to those matters, deponent believes it to be true.

Landon Harris

Notary Public, Johnson County, Kansas

My Commission Expires: 12/17/2028

NOTARY PUBLIC - State of Kansas
LANDON HARRIS
My Appt. Expires 12/17/2028

PRESS FIRMLY TO SEAL          PRESS FIRMLY TO SEAL




**UNITED STATES POSTAL SERVICE** ®

RECEIVED

JUN 2 0 2025

US DISTRICT COURT
MID DIST TENN

# PRIORITY® MAIL

FROM:

TARUN N. SURTI
5928 Westheimer Dr
Brentwood TN 37027

- Date of delivery specified*
- USPS TRACKING™ included to many major international destinations.
- Limited international insurance.
- Pick up available.*
- Order supplies online.*
- When used internationally, a customs declaration label may be required.

 * Domestic only


P S 0 0 0 0 1 0 0 0 0 1 4

EP14F Oct 2018
OD: 12 1/2 x 9 1/2

To schedule free
Package Pickup,
scan the QR code.

USPS.COM/PICKUP

TO:

Clerk of the Court

* Domestic only.   * For Domestic shipments, the maximum weight is 70 lbs. For International shipments, the maximum weight is 4 lbs.

# EXHIBIT-10

**2026-1117**

# United States Court of Appeals
# for the Federal Circuit

**TRAMEC SLOAN, LLC**
Plaintiff-Appellee

v.

**TARUN N. SURTI**
Defendant-Appellant

Appeal from the United States District Court for the
Western District of Michigan in No. 1:25-cv-00374-PLM
Honorable Paul L. Maloney

### APPELLANT'S MEMORANDUM IN LIEU OF ORAL ARGUMENT

**TARUN N. SURTI**
5928 Westheimer Drive
Brentwood  TN 37027
(615) 812-6164
vflaps@gmail.com

June 08, 2026

Pro Se for
Defendant-Appellant

**i**

## BACKGROUND

Appellant Tarun N. Surti respectfully submits this Memorandum pursuant to the Court's Notice of Submission Without Oral Argument (Doc. 27, filed May 21, 2026). Appellant is unavailable for oral argument due to international travel during the anticipated submission period but remains willing to participate if the Court deems argument necessary.

This memorandum is further necessitated by Tramec's belated admission, made not to this Court or the Supreme Court, but quietly buried in a Middle District of Tennessee filing dated April 23, 2026. Tramec chose not to correct the record before either appellate tribunal that received its sworn misrepresentations. Instead, it dismissed years of false corporate identity representations to two federal tribunals, made under Fed. Cir. R. 47.4(b) and Supreme Court Rule 29.6. Tramec now dismisses years of sworn misrepresentation as nothing more than an **"insignificant procedural error"** (APPX108). A party that misrepresents material facts to an appellate court cannot discharge that obligation by whispering a concession into a district court record.

That characterization is not credible. Tramec has now admitted, after eight years, what its own transaction documents established on June 1, 2018: that an "assets acquisition" is not a "stock acquisition," and that Fleet Engineers, Inc. was never acquired as a corporate subsidiary.

**Tramec** drafted, negotiated, and executed that Asset Purchase Agreement. It knew, from the moment of closing, that it had purchased assets, not stock, and that Fleet Engineers, Inc. became a defunct corporate entity. Notwithstanding that knowledge, Tramec repeatedly and affirmatively represented to this Court and to the Supreme Court that Fleet Engineers, Inc. was its subsidiary and never attempted to correct it as required by Fed. Cir. R. 47.4(b). Those representations were not inadvertent, not ambiguous, and not clerical. They were substantively sworn disclosures made under rules designed to ensure tribunals have accurate information about the parties before them.

1

Tramec's belated concession confirms that the truth was accessible from the outset that was knowingly withheld.

The corporate identity question is further compounded by the sworn trial testimony of Wes Eklund, the individual who personally negotiated, executed, and signed the June 1, 2018 Asset Purchase Agreement on behalf of Fleet Engineers, Inc. Mr. Eklund testified under oath that he sold the "majority share of business" to Tramec, language that unmistakably describes a stock transfer. (APPX.184). That testimony cannot be reconciled with the instrument he signed. Mr. Eklund was not a passive participant. He was the architect of this transaction. The asset-versus-stock distinction is not one that escapes a party who has just closed such a deal, it is reflected in the agreement's title, structure, tax treatment, and liability allocation. His sworn characterization of the sale as a transfer of a "majority share of business" constitutes a deliberate misrepresentation of a material fact upon which courts were asked to rely in adjudicating successor liability, judgment enforceability, and standing. That Mr. Eklund's testimony aligned with, and reinforced, Tramec's own misrepresentations to this Court and the Supreme Court regarding Fleet's subsidiary status only deepens the concern. Together, they formed a consistent but demonstrably false narrative.

## I.    District Court Made a Legal Error

### A. "Plaintiff Gained Nothing From the Mistake"

The district court's October 2025 conclusion that "Plaintiff gained nothing from the mistake" (APPX10) was rendered without the benefit of Tramec's own subsequent admission. Six months later, Tramec's counsel conceded in M.D. Tennessee proceedings that the misidentification of Fleet Engineers, Inc., was an "insignificant procedural error." (APPX108). That concession confirms an error occurred and undermines the district court's charitable speculation that it was mere "misunderstanding." The district court also applied the wrong legal standard. New Hampshire v.

Maine, 532 U.S. 742, 750–51 (2001), does not require proof of direct benefit, it requires only that acceptance of the inconsistent position would create an unfair advantage or impose an unfair detriment. The detriment here is concrete: Tramec's years of strategic corporate ambiguity materially impaired Appellant's ability to identify the proper party in interest, assert Claim 19 infringement against Group-A and Group-B products post-acquisition, and invoke the first-to-file rule against correctly identified parties. <u>This Court in Case No. 18-2351 specifically identified Claim 19 as a claim the district court failed to address, noting it "appears to lack each of the limitations that formed the basis for granting summary judgment." Op. at 8.</u> Had Tramec correctly disclosed its corporate identity upon acquiring Fleet's assets in 2018, Appellant would have been positioned to assert Claim 19 at that time, potentially stopping infringement entirely. Instead, Tramec's shifting representations obscured the real party in interest, foreclosed that opportunity, and allowed continued infringement of Aero-Flap products behind a legally defunct entity.

**B. The "Misunderstanding or Miscommunication Regarding the Asset Sale" Finding by The District Court Cannot Stand Against a Sophisticated Corporate Party.**

The district court found that Appellee's misidentification appeared to be based on a "misunderstanding or miscommunication regarding the asset sale." (APPX10). That characterization cannot survive scrutiny when applied to a corporation represented throughout by experienced counsel at McGarry Bair PC. The distinction between a stock sale and an asset sale is among the most fundamental in corporate law, it determines successor liability, continuing obligations, and the real party in interest. Yet for nearly seven years, across five federal forums, Appellee's counsel filed disclosure statements and briefs representing that Fleet Engineers "operates as a subsidiary or division of Tramec Sloan." (APPX155; APPX166; Appeal No. 22-2001, Doc. 17, PageID.5). If the asset/stock distinction was understood well enough to structure

**3**

the 2018 transaction, which it plainly was, it was understood well enough to correctly describe the resulting corporate relationship to courts.

## II.    RELEVANCE TO THE CERTIFIED QUESTIONS

### C.  The Contradictory Corporate Representations Bear Directly on the First-to-File Rule

The district court declined to apply the first-to-file rule because the Tennessee complaint named "Fleet Engineers, Inc., Division of Tramec Sloan, LLC." **But that designation was taken verbatim from Appellee's own prior filings**, including its 2019 Corporate Disclosure Statement (APPX155), its 2022 CAFC brief in Appeal No. 22-2001, its 2024 SCOTUS Rule 29.6 statement (APPX166), and its repeated representations that Fleet "operates as a subsidiary or division of Tramec." Only after Appellant relied on these representations did Appellee reverse course, claiming that Fleet "never became a division of Tramec Sloan" (APPX131). The district court's refusal to apply the first-to-file rule was therefore premised on a misnomer created by Appellee itself, directly affecting the certified question concerning the proper application of the first-to-file rule and § 1404(a).

### D.    Contradictory Representations Also Affect the Preclusion Analysis

The district court correctly held that Appellee is bound by the prior validity judgment as Fleet's successor-in-interest but failed to extend preclusion to the entire declaratory judgment action. Appellee's contradictory corporate disclosures confirm its control over the prior litigation, establish privity, and demonstrate that its attempt to relitigate validity is a continuation of inconsistent positions, not a good-faith dispute. These facts support dismissal of the Michigan action in its entirety.

### E.    Litigation Conduct Designed to Exhaust a Pro Se Patentee Is Relevant to Transfer

The district court's § 1404(a) analysis gave dispositive weight to Appellee's choice of forum

4

while discounting a patent owner whose first interaction with Appellee dates to 2010, and who has litigated, mostly pro se, throughout the sixteen years since. After this Court affirmed validity, after losing at trial, and after judgment became final, Tramec neither satisfied the judgment nor ceased infringement. Instead, it introduced the Group-C AeroFlap line with knowledge that it infringes Claim 19, refused to satisfy the judgment, and initiated serial litigations across multiple federal forums, a pattern calculated to exhaust a pro se inventor of limited means. Appellee's later-filed declaratory judgment action is not a neutral forum dispute. It is the most recent episode in a deliberate litigation strategy of attrition, and that strategy is directly relevant to the proper application of § 1404(a).

## III.    CONCLUSION

The Court has inherent authority to address conduct that undermines the integrity of judicial proceedings. This memorandum brings the relevant facts to the Court's attention. For the reasons stated, Appellant respectfully requests that the Court:

1. Reverse the district court's denial of dismissal based on preclusion;

2. Reverse the district court's denial of transfer under the first-to-file rule and § 1404(a); and

3. Consider, in its discretion, whether Appellee's conduct warrants the exercise of the Court's inherent authority, including sanctions under Fed. R. App. P. 38 and 28 U.S.C. § 1927 or other corrective measures.

Respectfully submitted,

Dated: June 08. 2026                                        By: /S/ TARUN N. SURTI

Tarun N Surti, *Pro Se,*
*Defendant-Appellant*
5928 Westheimer Drive
Brentwood, Tennessee 37027
615-812-6164 - email: vflaps@gmail.com

5

**CERTIFICATE OF SERVICE**

I certify that on June 08, 2026, this brief was filed using the Court's CM/ECF system, which will serve all registered counsel under Fed. R. App. P. 25 and Fed. Cir. R. 25.

1.  **APPELLANT'S MEMORANDUM IN LIEU OF ORAL ARGUMENT**

G. Thomas Williams (P53734)
Andrea R. Jacobson, Sr. Litigation Paralegal
Attorneys for Plaintiff
MCGARRY BAIR PC
5355 Northland Dr. NE – Suite C#226
Grand Rapids, Michigan 49525
Tel: (616) 742-3538
G. Thomas Williams gtw@mcgarrybair.com
Andrea R. Jacobson arj@mcgarrybair.com
Pleadings@ mcgarrybair.com

By: /S/ TARUN N. SURTI

Tarun N Surti, *Pro Se,*
*Defendant-Appellant*
5928 Westheimer Drive
Brentwood, Tennessee 37027
615-812-6164 - email: vflaps@gmail.com

6

# EXHIBIT-11

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RECEIVED
JUN 1 1 2025
U.S. DISTRICT COURT
MIDDLE DISTRICT OF TN

FLEET ENGINEERS, INC., )
     Plaintiff, )
         )
-v- )
         )
MUDGUARD TECHNOLOGIES, LLC and )
TARUN SURTI, )
     Defendants. )
         )

No. 1:12-cv1143

Honorable Paul L. Maloney

## JUDGMENT

The Court has resolved all pending claims in this lawsuit. Following a remand from the Federal Circuit Court of Appeals, the Court held a trial on Tarun Surti's counterclaim for patent infringement against Fleet Engineers. The jury returned a verdict in favor of Tarun Surti on his counterclaim for patent infringement against Fleet Engineers for the line of products identified in the verdict as Group A. (ECF No. 370.) Based on the jury's determination of a reasonable royalty rate and its decision to calculate damages based on the gross sales of Fleet Engineers' Group A products, Mr. Surti is entitled to $228,000.00 in damages from Fleet Engineers. As required by Rule 58 of the Federal Rules of Civil Procedure, **JUDGMENT ENTERS.**

**THIS ACTION IS TERMINATED**

**IT IS SO ORDERED.**

Date: October 19, 2021

Certified as a True Copy
By_____
Deputy Clerk
U.S. District Court
Western Dist. of Michigan
Date 6-3-2025

/s/ Paul L. Maloney
Paul L. Maloney
United States District Judge

# UNITED STATES DISTRICT COURT
## for the
### Western District of Michigan

| | | |
|---|---|---|
| Fleet Engineers, Inc. | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 1:12-cv-01143-PLM |
| Mudguard Technologies, LLC et al | ) | |
| *Defendant* | ) | |

## CLERK'S CERTIFICATION OF A JUDGMENT TO BE REGISTERED IN ANOTHER DISTRICT

I certify that the attached judgment is a copy of a judgment entered by this court on *(date)* ___10/19/2021___ .

I also certify that, as appears from this court's records, no motion listed in Fed. R. App. P. 4(a)(4)(A) is pending before this court, the time for appeal has expired, and no appeal has been filed or, if one was filed, it is no longer pending.

Date: ___06/03/2025___

CLERK OF COURT

_____
Signature of Clerk or Deputy Clerk

WDMI Corporate Disclosure Statement pursuant to Fed.R. Civ. P. 7.1 or Fed. R. Crim. P. 12.4 (4/06)

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MICHIGAN

Fleet Engineers, Inc.

        Plaintiff(s),

        Case No.  12-cv-1143

v.

        Hon. Paul L. Maloney

Mudguard Technologies, LLC

        Defendant(s).

_____/

### DISCLOSURE OF CORPORATE AFFILIATIONS AND FINANCIAL INTEREST

Pursuant to Federal Rule of Civil Procedure 7.1,

            **Fleet Engineers, Inc.**
               (Party Name)

makes the following disclosure:

1. Is party a publicly held corporation or other publicly held entity? ☐ Yes ☑ No

2. Does party have any parent corporations? ☑ Yes ☐ No
   If yes, identify all parent corporations, including grandparent and great-grandparent corporations:

   > Effective May 31, 2018, Fleet Engineers, Inc. is a subsidiary of Tramec Sloan LLC, a division of Tramec LLC.

3. Is 10% or more of the stock of party owned by a publicly held corporation or other publicly held entity? ☐ Yes ☑ No
   If yes, identify all such owners:

4. Is there any other publicly held corporation or other publicly held entity that has a direct financial interest in the outcome of the litigation? ☐ Yes ☑ No
   If yes, identify entity and nature of interest:

Date: _____ May 8, 2019 _____

/G. Thomas Williams/
            (Signature)
G. Thomas Williams, Esq. (P53734)
MCGARRY BAIR PC
Counsel for Plaintiff Fleet Engineers, Inc.
45 Ottawa Ave. SW, Suite 700
Grand Rapids, MI 49503

No. 23-1142

IN THE

# Supreme Court of the United States

TARUN N. SURTI,

*Petitioner,*

*v.*

FLEET ENGINEERS, INC.,

*Respondent.*

ON PETITION FOR A WRIT OF CERTIORARI TO THE
UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT

## BRIEF IN OPPOSITION

G. THOMAS WILLIAMS
*Counsel of Record*
MCGARRY BAIR PC
5355 Northland Drive NE, Suite C, #226
Grand Rapids, MI 49525
(616) 742-3500
gtw@mcgarrybair.com

*Counsel for Respondent*

329384



COUNSEL PRESS
(800) 274-3321 • (800) 359-6859

## PARTIES TO THE PROCEEDING AND
## RULE 29.6 STATEMENT

Fleet Engineers, Inc. ("Respondent") was plaintiff in the District Court proceedings. Mudguard Technologies, LLC ("Mudguard") and Mr. Tarun Surti ("Respondent") were the Defendants in the District Court proceedings, however default was entered against Mudguard in 2014.

Pursuant to Rule 29.6, Respondent Fleet Engineers, Inc. states that it is subsidiary of Tramec Sloan LLC, a division of Tramec LLC. No publicly held corporation or other publicly held entity owns 10% or more of Fleet's stock.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE

**TARUN N. SURTI**
  pro se,

  Plaintiff

v.

**FLEET ENGINEERS, INC,**
DIVISION OF TRAMEC SLOAN

  Defendant.

Case No. 3:25-CV-0122

Judge Waverly D. Crenshaw, Jr.

## AFFIDAVIT OF GREG LAMBERT

NOW COMES Greg Lambert, being duly sworn upon his oath, deposes and says as follows:

1. My name is Greg Lambert, and I am the Chief Financial Officer of Tramec Sloan, L.L.C.

2. I have direct knowledge about the facts contained in this Affidavit.

3. Tramec Sloan, L.L.C. ("Tramec Sloan") purchased the assets and business of Fleet Engineers, Inc. ("Fleet Engineers") effective June 1, 2018.

4. Since that time, Tramec Sloan has operated the prior Fleet Engineers business as c combined business with Tramec Sloan.

5. Fleet Engineers is not a division of Tramec Sloan.

6. Lori Johnson is employed by Tramec Sloan as a buyer in the purchasing department.

7. Lori Johnson is not an officer, managing or general agent, or any other agent authorized to receive process on behalf of Tramec Sloan.

**EXHIBIT B**

**FURTHER, AFFIANT SAYETH NOT**.

Dated: ___3/31/2025___

By: _____
Greg Lambert

STATE OF KANSAS )
                ) ss.
COUNTY OF Johnson )

On this 31st day of March 2025, personally appeared before me the above-named Greg Lambert, to me known and known to me to be the person described in and who executed the foregoing instrument, and the affiant has read the foregoing Affidavit and he knows the contents thereof, and acknowledged to me that the same is true to deponent's own knowledge except as to the matters therein stated to be alleged on information and belief, and that as to those matters, deponent believes it to be true.

_____
Notary Public, Johnson County, Kansas

My Commission Expires: 12/17/2028

NOTARY PUBLIC - State of Kansas
LANDON HARRIS
My Appt. Expires 12/17/2028

Filed by Corporations Division Administrator  Filing Number: 201866197420  Date: 06/06/2018



Form Revision Date 07/2016

# CERTIFICATE OF AMENDMENT TO THE ARTICLES OF INCORPORATION
## For use by DOMESTIC PROFIT CORPORATION

*Pursuant to the provisions of Act 284, Public Acts of 1972,the undersigned corporation executes the following Certificate:*

The identification number assigned by the Bureau is:

800000163

The name of the corporation is:

FLEET ENGINEERS, INC.

The Articles of Incorporation is hereby amended to read as follows:

**Article I**

The name of the corporation as amended, is:

EKLUND HOLDINGS, INC.

2. The foregoing amendment to the Articles of Incorporation proposed by the board was duly adopted on: 06/01/2018  by the

shareholders at a meeting in accordance with Section 611(3) of the Act.

This document must be signed by an authorized officer or agent:

Signed this 6th Day of June, 2018 by:

| Signature | Title | Title if "Other" was selected |
|---|---|---|
| Loic M. Dimithe | Authorized Agent | |

By selecting ACCEPT, I hereby acknowledge that this electronic document is being signed in accordance with the Act. I further certify that to the best of my knowledge the information provided is true, accurate, and in compliance with the Act.

○ Decline    ○ Accept

**EXHIBIT**

**C**

# *MICHIGAN DEPARTMENT OF LICENSING AND REGULATORY AFFAIRS*

## *FILING ENDORSEMENT*

**This is to Certify that the**    CERTIFICATE OF AMENDMENT TO THE ARTICLES OF INCORPORATION

**for**

EKLUND HOLDINGS, INC.

**ID Number:**    800000163

**received by electronic transmission on**    June 06, 2018    **, is hereby endorsed.**

**Filed on**    June 06, 2018    **, by the Administrator.**

**The document is effective on the date filed, unless a subsequent effective date within 90 days after received date is stated in the document.**



*In testimony whereof, I have hereunto set my hand and affixed the Seal of the Department, in the City of Lansing, this 6th day of June, 2018.*

*Julia Dale, Director*

*Corporations, Securities & Commercial Licensing Bureau*

CSCL/CD-2500 (01/24)

# DEPARTMENT OF LICENSING AND REGULATORY AFFAIRS
## PROFIT CORPORATION ANNUAL REPORT
# 2024

13-02

**Due May 15, 2024**     File Online at www.michigan.gov/corpfileonline

| Identification Number | Corporation Name |
|---|---|
| **800000163** | **EKLUND HOLDINGS, INC.** |

Resident agent name and mailing address of the registered office

**FILED**

**WESLEY K EKLUND**
**481 SEMINOLE ROAD**
**NORTON SHORES, MI 49444**

APR 0 2 2024

CORPORATIONS DIVISION

TranInfo:2  25640748-1  02/05/24
Chk#:  1147   Amt: $25.00
ID:  800000163

The address of the registered office

**481 SEMINOLE ROAD**
**NORTON SHORES, MI 49444**

## IF NO CHANGE in the address of the registered office and/or resident agent proceed to Item 4.

| 1 Change the mailing address of registered office in MICHIGAN (can be a P O Box) | 2 Change the resident agent |
|---|---|
| | |

3 Change the address of the registered office in MICHIGAN (<u>cannot</u> be a P O Box)

4 Describe the general nature and kind of business in which the corporation engaged in during the year covered by this report (REQUIRED)

*Investments in Real Estate & Manufacturing Business*

5 **NAME and BUSINESS OR RESIDENCE ADDRESS of officers and directors. (REQUIRED - Print legible and compete names and addresses)**

| **REQUIRED** | President *Wesley K. Eklund   481 Seminole, Muskegon MI 49444* |
|---|---|
| | Secretary (if different than president) |
| | Treasurer (if different than president) |
| **If different than Officers** | Director |
| | Director |
| | Director |
| | Director |

| 6 Signature of Authorized officer or agent  X *Wesley E* | Title *President* | Date *1-25-24* | Phone (Optional) |
|---|---|---|---|

**Filing Fee: $25.00**
**Report due May 15, 2024.**
**If received by agency after May 15, penalty fees will be assessed.**

<u>Submit</u>
**Online: www.michigan gov/corpfileonline**
Save time by filing online  You will get an immediate response and you can elect to receive future notices by email to the resident agent  The agent will also be sent an email when a document is filed, or a CID/PIN is requested  You will need your Customer ID number (CID) and PIN, which can be obtained using the CID/PIN recovery page at **www.michigan.gov/corppin**
**Mail:** Return completed report with a check or money order payable to the State of Michigan to
Corporations Division, P O  Box 30702, Lansing, MI 48909  (517) 241-6470

If more space is needed, additional pages may be included  Do not state any items not required by Section 911 of  1972 PA 284, as amended
Failure to file this report may result in the dissolution of the corporation  Late filing will result in penalty fees

Case 3:25-cv-90122   Document 16-4   Filed 06/31/25   Page 19 of 19  PageID #2006

Case 3:25-mc-00005010   Document 42-1   Filed 06/31/25   Page 185 of 192  PageID #:0670


**EXHIBIT D**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

TARUN N. SURTI
    pro se,

    Plaintiff

v.

FLEET ENGINEERS, INC,
DIVISION OF TRAMEC SLOAN

    Defendant.

Case No. 3:25-CV-0122

Judge Waverly D. Crenshaw, Jr.

---

## DEFENDANT'S RESPONSE IN OPPOSITION TO
## PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT

### I.     INTRODUCTION

Defendant "Fleet Engineers, Inc, Division of Tramec Sloan".[1] herein responds to Plaintiff's "Notice of Leave to File First Amended Complaint" (Doc. 21). Because the "Notice" is not a Motion to Amend in compliance with this Court's Local Rules, it should be denied.

### II.     ARGUMENT

Rule 15 provides that a party "may amend its pleading once as a matter of course" if such an amendment is made within 21 days of service of the pleading or within 21 days of service of a motion under Rule 12(b), (e), or (f), whichever is earlier. Fed. R. Civ. P. 15(a)(1). Amendments after the time periods of Rule 15(a)(1) are permitted "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Here, Plaintiff has not sought consent of Defendant for his proposed amendment and relies on leave of Court. (Doc. 21, PageID #239).

---

[1] Undersigned counsel is appearing specially on behalf of the non-existent corporate entity "Fleet Engineers, Inc, Division of Tramec Sloan," without waiving any defenses under Rule 12 or otherwise.

OFFICE OF THE CLERK
UNITED STATES DISTRICT COURT
110 MICHIGAN N.W.
399 FEDERAL BUILDING
GRAND RAPIDS, MICHIGAN 49503-2363

OFFICIAL BUSINESS

GRAND RAPIDS MI 493

4 JUN 2025



IMI
$000.
06/03/2025
043M31255

RECEIVED

JUN 11 2025

U.S. DISTRICT COURT
MIDDLE DISTRICT OF TN

Tarun N. Surti
5928 Westheimer Dr.
Brentwood, TN 37027

**TARUN N. SURTI, Pro Se**
5928 Westheimer Drive, Brentwood, TN 37027
(615) 812-6164 - Vflaps@gmail.com

June 11, 2025

**RECEIVED**

JUN 1 1 2025

U.S. DISTRICT COURT
MIDDLE DISTRICT OF TN

Clerk of Court
United States District Court for the
Middle District of Tennessee
Fred D. Thompson U.S. Courthouse and Federal Building
719 Church Street
Nashville, TN 37203

Re: Request for Registration of documents related to Foreign Judgment Pursuant to 28 U.S.C. § 1963 – (Related cases in this Court (1) Case no. 3:25-cv-00122 and (2) Case No.3:25-mc-00005)

To the Clerk of Court:

My name is Tarun N. Surti, proceeding pro se, and I am the holder of a judgment in the amount of $228,000.00, entered in my favor by the United States District Court for the Western District of Michigan against Fleet Engineers, Inc. (case no. 1:12-cv-01143)

I acknowledge that, pursuant to 28 U.S.C. § 1963, the judgment entered by the United States District Court for the Western District of Michigan may be registered in this District. The judgment against Fleet Engineers, Inc. is final and enforceable, and no motion by the Defendant is currently pending to alter or amend that portion of the judgment. Accordingly, registration of the final judgment against Fleet Engineers, Inc. may proceed, unless otherwise ordered by the Court, notwithstanding any ongoing litigation in U.S. District Court for the Middle Tennessee Case No. 3:25-cv-00122.

If the Court requires additional documentation or elects to hold this submission in abeyance pending resolution of the anticipated Rule 60(b) motion in the U.S. District Court for the Middle Tennessee case no. 3:25-cv-00122[1], I am prepared to comply.

---

[1] Note: Please be advised that Civil Action in the U.S. District Court for the Middle Tennessee case No. 3:25-cv-00122 has been initiated against Fleet Engineers, Inc., based on newly discovered violations of rights that were previously adjudicated.

Mr. Surti recently uncovered that Fleet Engineers, Inc. made false representations to the court and other tribunals regarding its corporate relationship with Tramec Sloan, LLC—specifically, by falsely claiming to have become a subsidiary (see Case 3:25-cv-00122, PageID #:

1

Thank you for your time and consideration.

Respectfully submitted,

Tarun N. Surti
Pro Se,

Encls: I am submitting the following documents in anticipation of further order by the Court:

1. A certified copy of the judgment entered by the United States District Court for the Western District of Michigan;

2. A certified copy of Form AO 451 from the United States District Court for the Western District of Michigan; and

3. Form JS-44

4. Exhibit pages – U.S. District Court for the Middle Tennessee Case 3:25-cv-00122, PageID 218, 235, 202, 204-206, and 248.

---

218 & 235). In fact, Fleet Engineers, Inc. has since acknowledged that it merely sold its assets on May 31, 2018 (see Id. at 202), changed its name to Eklund Holdings, Inc., (see Id. at 204-206) and ceased manufacturing the infringing Aero-Flap brand mud flaps. According to their attorney, Fleet Engineers, Inc. is now a non-existent company (see Id. at 248). It is also undisputed that Fleet Engineers, Inc. did not sell the entire company or become a subsidiary of Tramec Sloan, LLC, as was falsely claimed. This claim was specifically refuted by Greg Lambart, CFO of Tramec Sloan, LLC. (See Id. at 202, 218.))

This misrepresentation, along with related corporate structuring, is alleged to be part of a deliberate scheme to conceal ongoing infringement and evade judicial oversight. Such conduct is asserted to constitute "fraud on the court" under Federal Rule of Civil Procedure 60(b).

Accordingly, the undersigned intends to file a motion pursuant to Rule 60(b), seeking relief from, or modification of, the final judgments previously entered in favor of Tarun N. Surti and against Mudguard Technologies, LLC.

JS 44 (Rev. 08/18)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

**I. (a) PLAINTIFFS** TARUN N. SURTI, Pro Se

**DEFENDANTS** FLEET ENGINEERS, INC.

**(b)** County of Residence of First Listed Plaintiff DAVIDSON
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant MUSKEGON
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*
Spence Fane, LLP-511 Union Street, Suite 1000, Nashville, TN 37219 (615) 238-6300 -attn: Stephen J. Zralek and Gabriella C. Rush

**II. BASIS OF JURISDICTION** *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☒ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

**III. CITIZENSHIP OF PRINCIPAL PARTIES** *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)* and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☒ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 367 Health Care/ | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander / Pharmaceutical Personal Injury | | ☒ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' / Product Liability | | ☒ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | Liability / ☐ 368 Asbestos Personal Injury Product | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 340 Marine / Liability | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability / **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 485 Telephone Consumer Protection Act |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury / ☐ 380 Other Personal Property Damage | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | ☐ 362 Personal Injury - Medical Malpractice / ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | |
| | | ☐ 751 Family and Medical Leave Act | ☐ 865 RSI (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights / **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting / ☐ 463 Alien Detainee | | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment / ☐ 510 Motions to Vacate Sentence | ☐ 871 IRS—Third Party 26 USC 7609 | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations / ☐ 530 General | | ☐ 896 Arbitration |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / **Other:** | **IMMIGRATION** | |
| | / ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | ☐ 950 Constitutionality of State Statutes |
| | ☐ 448 Education / ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | |
| | / ☐ 555 Prison Condition | | |
| | / ☐ 560 Civil Detainee - Conditions of Confinement | | |

**V. ORIGIN** *(Place an "X" in One Box Only)*

- ☐ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☒ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S. CODE 1963
Brief description of cause:
DOCUMENTS REGISTRATION RELATED TO FOREIGN JUDGMENTS

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY**
*(See instructions):*
JUDGE HON. WAVERLY D. CRENSHAW Jr.
DOCKET NUMBER 3:25-CV-00122

DATE 06/11/2025

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #     AMOUNT     APPLYING IFP     JUDGE     MAG. JUDGE

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)** **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b)** **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c)** **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III.** **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.** **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V.** **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI.** **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553  Brief Description: Unauthorized reception of cable service

**VII.** **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.** **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.



# U.S. District Court

## Tennessee Middle - Nashville

Receipt Date: Jun 16, 2025 3:27PM

Tarun N. Surti
5928 Westheimer Dr.
Brentwood, TN 37027

Rcpt. No: 300005813       Trans. Date: Jun 16, 2025 3:27PM       Cashier ID: #MG (4569)

| CD | Purpose | Case/Party/Defendant | Qty | Price | Amt |
|----|---------|----------------------|-----|-------|-----|
| 121 | Registration of Foreign Judgment | | 1 | 52.00 | 52.00 |

| CD | Tender | Amt |
|----|--------|-----|
| CA | Cash | $52.00 |

Total Due Prior to Payment:   $52.00

Total Tendered:   $52.00

Total Cash Received:   $52.00

**Comments:** Case No. 3:25-mc-0010

Only when the bank clears the check, money order, or verifies credit of funds, is the fee or debt officially paid or discharged. A $53 fee will be charged for a returned check.