# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

FLEET ENGINEERS,      )
   Plaintiff,        )
            )
v.           )    **Case No. 3:25-mc-00005**
            )    **Judge Richardson/Frensley**
MUDGUARD TECHNOLOGIES, et al.,  )
   Defendants.      )

## ORDER

## I.  INTRODUCTION

Pending before the Court Plaintiff's Motion to Substitute Parties and an accompanying Memorandum in Support. Docket Nos. 14, 15. Mr. Surti filed a response in opposition to the Motion to Substitute Parties, and Plaintiff filed a reply. Docket Nos. 19, 21. For the reasons set forth below, Plaintiff's Motion to Substitute Parties (Docket No. 14) is **GRANTED**.

## II.  LAW AND ANALYSIS

Plaintiff argues that its Motion to Substitute Parties should be granted because Plaintiff sold its assets to Tramec Sloan, LLC  ("Tramec") after the initial Michigan litigation commenced but before Plaintiff registered the judgment in this Court. Docket No. 15, p. 3-5. Plaintiff contends that because the litigation in this Court was brought pursuant to 28 U.S.C. § 1963, it is not considered new litigation between the parties and that substitution is governed by Rule 25(c). *Id.* Plaintiff further argues that even if the registration of the previously obtained judgment in this Court constitutes the initiation of new litigation between these parties, Rule 17(a) would permit substitution. *Id.* at 3-6. Mr. Surti counters by again challenging Plaintiff's legal standing, asserting that Plaintiff improperly employs Rule 25(c), and arguing that substitution would unfairly prejudice Defendants and would be unreasonable. Docket No. 19, p. 1-6.

According to Rule 25(c) of the Federal Rules of Civil Procedure, if an interest is transferred, "the action may be continued by or against the original party unless the court, on motion, orders the transferee to be substituted in the action or joined with the original party." Fed. R. Civ. P. 25. The language of Rule 25 is permissive in nature, granting discretion to the court over whether or not to allow the substitution of parties. Fed. R. Civ. P. 25. This Court has previously held that "the decision whether to substitute parties lies within the discretion of the trial judge and he may refuse to substitute parties in an action even if one of the parties so moves." *Beaudry v. TeleCheck Servs., Inc.*, No. 3:07-0842, 2016 WL 11398115, at *11, 2016 U.S. Dist. LEXIS 196189 (M.D. Tenn. Sept. 29, 2016).

Here, Plaintiff claims that it has transferred its interests to Tramec, and Mr. Surti does not dispute that a transfer between the companies took place. Docket Nos. 15, 19. Accordingly, it appears Tramec is the real party at interest with respect to the enforcement of the previously obtained judgment. Thus, the Court finds that Tramec should be substituted for Fleet Engineers because the "transferee's presence would facilitate the conduct of the litigation." *Yearta v. Amusements of Am., Inc.*, No. 17-2117, 2019 WL 1474012, at *3, 2019 U.S. Dist. LEXIS 57330 (W.D. Tenn. April 3, 2019).

### III.  CONCLUSION

For the reasons set forth above, Plaintiff's Motion to Substitute Parties (Docket No. 14) is **GRANTED**.

**IT IS SO ORDERED.**

**JEFFERY S. FRENSLEY**
**United States Magistrate Judge**