# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

FLEET ENGINEERS,              )
      Plaintiff,           )
                          )

v.                          )        **Case No. 3:25-mc-00005**
                          )        **Judge Richardson/Frensley**

MUDGUARD TECHNOLOGIES, et al.,  )
      Defendants.         )

## ORDER

## I.  INTRODUCTION

Plaintiff Fleet Engineers brought this action under 28 U.S.C. § 1963 against Defendant Mudguard Technologies ("Mudguard") and Defendant Tarun Surti ("Mr. Surti") (collectively, "Defendants") to enforce a judgment previously obtained in the United States District Court for the Western District of Michigan. Docket No. 1. Pursuant to 28 U.S.C. § 1963,

> A judgment in an action for the recovery of money or property entered in any court of appeals, district court, bankruptcy court, or in the Court of International Trade may be registered by filing a certified copy of the judgment in any other district. . .A judgment so registered shall have the same effect as a judgment of the district court of the district where registered and may be enforced in like manner.

28 U.S.C. § 1963.

This matter is now before the Court upon two motions filed by both Mr. Surti and Plaintiff. Mr. Surti has filed a Motion to Stay Proceedings and for Determination of Plaintiff's Standing and the Validity of the Judgment ("Motion to Stay") "on behalf of Mudguard." Docket No. 9. Plaintiff filed a response in opposition to Defendants' Motion to Stay, and Mr. Surti filed a reply. Docket Nos. 16, 17. Plaintiff additionally has filed a Motion to Prohibit Further Filings and a Memorandum in Support of its Motion to Prohibit Further Filings. Docket Nos. 10, 11. Mr. Surti has filed a response in opposition to Plaintiff's Motion to Prohibit Further Filings. Docket No. 20.

For the reasons set forth below, Mr. Surti's Motion to Stay (Docket No. 9) is **GRANTED** until August 31, 2026. Plaintiff's Motion to Prohibit Further Filings (Docket No. 10) is **GRANTED**. Proceedings are **STAYED** until August 31, 2026, at which point if counsel for Mudguard has not entered an appearance, the Court may impose appropriate sanctions, including granting the Plaintiff's Motion to Compel. The Court has previously granted Mudguard ample time and multiple opportunities to secure legal representation. No further extensions of time will be granted for this purpose, regardless of whether the company has secured legal representation by the deadline.

## II.  LAW AND ANALYSIS

### A.      Motion to Stay

Arguing that the Motion to Stay should be granted, Mr. Surti submitted the motion "on behalf of Mudguard" seeking "a temporary delay in securing legal counsel" and claiming that Plaintiff lacks standing to bring this action and has improperly registered the judgment in this district. Docket No. 9, p. 1-18. Plaintiff asserts that "Mudguard has known for more than a decade that Mr. Surti cannot represent it in federal court" and that Defendants have no basis to stay the proceedings but instead are using the motion in an effort to delay collection. Docket No. 16, p. 1-11. In reply, Mr. Surti asserts that it would be unjust for the Court to enforce the judgment against Mudguard and that without a stay, Mudguard would "face significant prejudice" since it remains "unrepresented and legally unable to defend itself."  Docket No. 17, p. 5-6. Further, Mr. Surti questions Plaintiff's legal standing and cites principles of judicial economy as justification for a stay. *Id.* at 6.

 As an initial matter, Local Rule 83.01(b)(4) states that "all business entities must be represented by an attorney duly admitted or authorized to practice before this Court." Additionally,

2

Sixth Circuit precedent clearly indicates that a "corporation must be represented in federal court by an attorney." *Hawkins v. Richter*, No. 17-1968, 2018 WL 4042465, at *2, 2018 U.S. App. LEXIS 18541 (6th Cir. July 6, 2018). Mr. Surti does not claim to be a lawyer, yet he has repeatedly filed both motions and responses on behalf of Mudguard. Docket Nos. 9, 5, 17, 18. The requirement to obtain counsel is one Mr. Surti should be especially familiar with since the Western District of Michigan previously entered a default judgment against Mudguard after Mr. Surti failed to hire an attorney for the company. *See Fleet Eng'rs, Inc. v. Mudguard Techs., LLC,* No. 1:12-cv-1143, 2014 WL 12465464, at *1-3, U.S. Dist. LEXIS 188673 (W.D. Mich. July 11, 2014).

In the context of unrepresented companies, this Court has ruled that documentation submitted on behalf of a corporation by a nonlawyer "is of no consequence and need not even be considered." *Gibson Guitar Corp. v. Tokai Gakki Company, Ltd.*, No. 3:04-cv-0449, 2019 WL 6332170, at *1, 2019 U.S. Dist. LEXIS 208324 (M.D. Tenn. February 27, 2019). Therefore, Mr. Surti must obtain a lawyer to represent Mudguard in the current proceedings. Because Mr. Surti has previously had a default judgement entered against him, he should be well aware of the legal requirement that corporations be represented by an attorney, and this Court will not grant any further extensions in regard to Mr. Surti's obtaining counsel for Mudguard. *Fleet Eng'rs*, 2014 WL 12465464, at *1-3; M.D. Tenn. R. 83.01(b)(4). This Court further expects that Mudguard's newly retained counsel will not submit briefs littered with citations to nonexistent case law that appear to be the result of AI hallucinations, as "an attempt to persuade a court or oppose an adversary by relying on fake opinions is an abuse of the adversary system." *Whiting v. City of Athens Tennessee*, 170 F. 4th 455, 461 (6th Cir. 2026).

**B.      Motion to Prohibit Further Filings**

Plaintiff contends that the Motion to Prohibit Further Filings should be granted because

Mr. Surti is not a licensed attorney and cannot represent Mudguard in this Court. Docket No. 11, p. 1. Plaintiff asserts that "he has known this since at least 2013 when a default judgment was entered against Mudguard after it refused to obtain counsel in the United States District Court for the Western District of Michigan." *Id.* (citation modified). Plaintiff stresses that Mr. Surti's awareness of his obligation to retain counsel for Mudguard and his failure to do so demonstrates that he will not comply with this requirement unless this Court "forces him to do so." *Id.* at 4. Plaintiff argues that Mr. Surti's "voluminous filings and the vexatious nature of the arguments he has raised to date" require this Court to exercise its discretion and "issue an injunctive order to prevent prolific litigants from filing harassing and vexatious pleadings." *Id.* at 2, 4 (citing *Brown v. Foley*, No. 20-3272, 2020 WL 8921407, at *2, 2020 U.S. App. LEXIS 23753 (6th Cir. July 27, 2020)). Mr. Surti responds that Plaintiff lacks standing, is seeking impermissible relief, and that Plaintiff's tactics have "prejudiced Mr. Surti's personal rights and interests." Docket No. 20, p. 1-5.

Plaintiff seeks relief by asking the Court to "prevent Mr. Tarun Surti from filing anything else in this case." Docket No. 11, p. 1. The Court will grant this relief on the grounds that Mr. Surti must obtain proper counsel for Mudguard so that the company can represent itself in court. Although Mr. Surti contends that some of his filings are only of his own behalf, in reality many appear to address issues related to Mudguard. Docket Nos. 5, 7, 9, 18, 19, 20. This Court believes that if Mr. Surti obtains the proper counsel for Mudguard, the prospect of future abuse and harassment would be mitigated, as would the burden on the judicial process. Thus, for the reasons discussed in Section A, the Court will exercise its discretion to stay further proceedings until Mudguard retains counsel. M.D. Tenn. R. 83.01(b)(4).

4

### III.  CONCLUSION

For the reasons set forth above, Mr. Surti's Motion to Stay (Docket No. 9) is **GRANTED** until August 31, 2026. Plaintiff's Motion to Prohibit Further Filings (Docket No. 10) is **GRANTED**. Proceedings are **STAYED** until August 31, 2026, at which point if counsel for Mudguard has not entered an appearance, the Court may impose appropriate sanctions, including granting the Plaintiff's Motion to Compel. The Court has previously granted Mudguard ample time and multiple opportunities to secure legal representation. No further extensions of time will be granted for this purpose, regardless of whether the company has secured legal representation by the deadline.

**IT IS SO ORDERED.**

**JEFFERY S. FRENSLEY**
**United States Magistrate Judge**