**UNITED STATES DISTRICT COURT FOR THE**
**MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | |
|---|---|
| **FLEET ENGINEERS, INC.,** | |
| **Plaintiff,** | **Case No. 3:25-mc-00005** |
| **v.** | **HON. JUDGE RICHARDSON** |
| **MUDGUARD TECHNOLOGIES, LLC and TARUN N. SURTI,** | **Magistrate Judge Frensley** |
| **Defendants,** | |

**DEFENDANT TARUN N. SURTI'S MOTION FOR OBJECTIONS TO THE**

**MAGISTRATE JUDGE'S ORDER (DOC. 43) UNDER FED. R. CIV. P. 72(a) AND**

**CROSS-MOTION TO DISMISS FOR LACK OF A REAL PARTY IN INTEREST**


Under 28 U.S.C. § 1654, individuals have the statutory right to plead and conduct their own cases personally (pro se) in all U.S. courts, including the federal district courts in Tennessee. The Counsel representing non-existent Fleet Engineers, Inc. registered the judgment against Mudguard Tech. LLC and Tarun N. Surti as defendants[1] and demanded his deposition (Doc. 5-1).

Accordingly, Defendant Tarun Surti ("Mr. Surti"), appearing pro se, respectfully moves this Court for an order Pursuant to Federal Rule of Civil Procedure 72(a) and Federal Rule of Civil Procedure 17(a):

---

[1] Under 28 U.S.C. § 1654, individuals have the statutory right to plead and conduct their own cases personally (pro se) in all U.S. courts, including the federal district courts in Tennessee (the Eastern District of Tennessee, Middle District of Tennessee, and Western District of Tennessee).

1. Setting aside, in whole or in part, the Magistrate Judge's Order (Doc. 43) granting substitution of Tramec Sloan, LLC for Fleet Engineers, Inc. as the real party in interest, on the ground that the Order is clearly erroneous and contrary to law;

2. Granting Mr. Surti's Motion to Compel production of the transfer-related documentation identified at Doc. 19, to the extent it remains unresolved;

3. Denying Plaintiff's Motion to Substitute Parties (Doc. 14);

4. Granting Mr. Surti's cross-motion to dismiss this action, brought under Rule 17(a), for lack of a real party in interest; and

5. Entering a final, appealable judgment terminating this action pursuant to 28 U.S.C. § 1291, or, in the alternative, certifying the substitution question for interlocutory appeal under 28 U.S.C. § 1292(b).

The grounds for this motion, and the authority supporting it, are set forth in the accompanying Memorandum of Law, filed contemporaneously herewith pursuant to M.D. Tenn. LR 7.01(a).

***This motion is timely filed within the period allowed for objections to a magistrate judge's non-dispositive order under Fed. R. Civ. P. 72(a).***

Date: August 7, 2026

Respectfully Submitted

By: *TARUN N. SURTI*

Tarun N Surti, *Pro Se, Defendant*
5928 Westheimer Drive
Brentwood, Tennessee 37027
Phone: 615-812-6164
email: vflaps@gmail.com