UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| **FLEET ENGINEERS, INC.,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**MUDGUARD TECHNOLOGIES, LLC and TARUN N. SURTI,**<br><br>**Defendants,** | **Case No. 3:25-mc-00005**<br><br>**Judge Waverly D. Crenshaw, Jr.**<br>**Magistrate Judge Luke A. Evans** |

**TARUN N. SURTI'S RESPONSE TO ORDER (DOC. 52) REGARDING POSSIBLE TRANSFER TO THE WESTERN DISTRICT OF MICHIGAN, AND REQUEST TO HOLD TRANSFER IN ABEYANCE**

Tarun N. Surti, appearing here in his individual capacity, *pro se*, under 28 U.S.C. § 1654, respectfully submits this Response to the Court's Order dated August 28, 2026 (Doc. 52), and respectfully requests that the Court hold the question of transfer to the Western District of Michigan in abeyance pending resolution of threshold matters already pending before this Court. Notably, neither party has requested transfer of this matter; Doc. 52 raises the possibility sua sponte. This Response is filed by Mr. Surti in his individual capacity only and does not purport to appear on behalf of, or bind, Mudguard Technologies, LLC.

The Court must correct and resolve its **two foundational legal errors** before transferring the case under § 1404(a), because exporting the matter to a Michigan district court that likewise lacks jurisdiction over a defunct entity would compound the defects and prejudice Mr. Surti's ability to obtain proper review.

**First,** Tramec's[1] counsel admitted on March 31, 2025, that Fleet Engineers, Inc. was a non-existent entity (Doc.15 and 16, Case No. 3:25-cv-00122), yet twenty-four days later counsel Gabriella Rush filed a judgment stating she was entered "in favor of my client, Fleet Engineers, Inc." (Doc. 1-1, PageID.2). On June 17, 2025, another attorney, Casey R. Malloy, appeared and represented that he was joining Ms. Rush "as counsel to Plaintiff Fleet Engineers, Inc." in a post-judgment collection matter (Doc. 3, PageID.7). On March 13, 2026, a third attorney, Justin Adams, entered an appearance "as counsel of record for Fleet Engineers, Inc." (Doc., PageID.382) All three attorneys appeared, signed filings, and invoked judicial authority on behalf of a defunct, non-existent entity in violation of Fed. R. Civ. P. 11(a), which requires that counsel sign pleadings only for an actual party, and Fed. R. Civ. P. 17(a), which requires that an action be prosecuted or defended in the name of the real party in interest.

**Second,** instead of requiring Tramec to produce proof of any transfer of interest as mandated by Fed. R. Civ. P. 25(c), the Court accepted Tramec's assertion that Surti "was aware of the transfer," despite Surti's repeated motions and requests for proof of documentation that Tramec legally acquired the judgment that Tramec never provided. This Court substituting Tramec Sloan, LLC for Fleet Engineers, Inc. without the required evidentiary showing under Rule 25(c) was premature and legally erroneous, and it underscores why the real-party-in-interest determination must be resolved before any § 1404(a) transfer.

Transferring this case under § 1404(a) before correcting these two foundational errors, the

[1] If Tramec Sloan, LLC had truly acquired the Michigan judgment in June 2018, it was required under Rule 25(c) to disclose the transfer and under 28 U.S.C. § 1963 to register the judgment in its own name; its decision instead to register the judgment in the name of Fleet Engineers, Inc.—a defunct entity represented by multiple attorneys in violation of Rules 11(a) and 17(a)—demonstrates either that no valid transfer ever occurred or that Tramec knowingly concealed the true judgment holder from the Court. By financing and directing counsel to file and prosecute a judgment in the name of a non-existent entity and by seeking substitution without producing the documentary proof of transfer required by Rule 25(c), Tramec violated multiple federal rules and created foundational defects that must be corrected before any further proceedings or § 1404(a) transfer occur.

appearance of multiple attorneys on behalf of a defunct entity in violation of Rules 11(a) and 17(a), and the substitution of Tramec Sloan, LLC without the evidentiary showing required by Rule 25(c), would severely prejudice Mr. Surti by exporting unresolved jurisdictional defects to another district will impair his ability to obtain timely appellate review in the Federal Circuit.

Rule 25(c) requires competent proof of a transfer of interest, such as the actual assignment documents, asset-purchase agreements, or other formal instruments demonstrating that Tramec Sloan, LLC succeeded to Fleet Engineers, Inc.'s rights under the Michigan judgment; no such proof has ever been produced despite repeated requests. Substituting a party without the required documentary showing leaves the identity of the real party in interest unresolved, and transferring the case in that posture would compound the error and foreclose immediate review of these threshold defects.

## I. INTRODUCTION

Doc. 52 proposes transfer of this miscellaneous matter to the Western District of Michigan *"for the reasons stated in"* this Court's August 25, 2026 order in *Surti v. Tramec Sloan, LLC*, No. 3:25-cv-00122 (M.D. Tenn.) (Doc. 58). The proposed transfer of this case is therefore not an independent determination, it is expressly derivative of, and stands or falls with, the reasoning in Doc. 58.

That reasoning is currently before Judge Crenshaw on Plaintiff's contemporaneously filed Rule 72(a) Objections in 3:25-cv-00122 (M.D.Tenn.) (Doc. 59), which argue that Doc. 58 in 3:25-cv-00122 is clearly erroneous and contrary to law because it (1) conflates two legally distinct controversies, (2) misapplies 28 U.S.C. § 1404(a) by treating the Tennessee infringement action as a continuation of the Michigan litigation, (3) adopts a factually unsupported definition of the accused product as "new," and (4) rests on an inaccurate corporate-identity narrative while

disregarding the first-filed rule and the res judicata effect of the prior Michigan adjudication of validity. Those objections remain pending and undecided.

In addition, and independent of the merits of Doc. 58 in 3:25-cv-00122, this miscellaneous proceeding carries its own unresolved threshold questions, the real-party-in-interest dispute and Mudguard Technologies, LLC's filing capacity, which this Court has not yet decided and which bear directly on whether transfer of this particular case is properly before the Court at all.

For these reasons, transfer should be held in abeyance rather than decided now.

## II. ARGUMENT

### A. Fleet's History of Misrepresenting - Fleet's Prior Misrepresentation of the Tortious Interference Claim to the Tribunals and the Judgment

This is not the first instance in which Fleet has given the Court incomplete or misleading statements. In the AeroFlap I litigation, Fleet secured judgment against Mudguard Technologies, LLC on account of the tortious interference claim by falsifying its statement to the court. Fleet represented to the Court that at least one customer independently approached Fleet to enter into a contract, a framing that omits the material fact that the customer Fleet identified, Great Dane, was already Mudguard's customer for the Smart "V-Flap" product at the time. Mudguard's own marketing materials reflect that the Smart "V-Flap" was distributed "at all participating Great Dane locations in the US and Canada," and correspondence between Mudguard and Great Dane's purchasing personnel confirms an ongoing commercial relationship. (Case No. 3:25-cv-00122, Doc. 29-1, PageID #: 453–456.) Notwithstanding this existing relationship, Fleet separately entered into an indemnification agreement with Great Dane, executed by Fleet on January 2, 2013 and by Great Dane on November 19, 2012, covering Fleet's competing AEROFLAP mudflap, an agreement executed to protect Great Dane from the very infringement exposure created by

displacing Mudguard's product. (Id., PageID #: 458–462.) Presenting this sequence of events to the Court as an unprompted customer approach to Fleet, without disclosing the customer's pre-existing relationship with Mudguard, mischaracterized the underlying facts material to the tortious interference claim.

The consequences of this mischaracterization were not merely academic: relying at least in part on the incomplete record before it, the Western District of Michigan entered a money judgment of $195,523.58 against Mudguard Technologies, LLC on March 30, 2018, while Mudguard was in default and unable to secure legal representation. (Case No. 1:12-cv-01143, W.D. Mich., ECF No. 256, filed 03/30/2018.) Given Fleet's demonstrated pattern of presenting an incomplete record to the courts in this litigation, this Court should exercise particular caution before transferring this matter on the present record, and should not treat **Fleet's characterization of the underlying facts as reliable without independent scrutiny.**

### B. Transfer Is Unrequested by Either Party, or the Threshold Question of Plaintiff's Standing as the Real Party in Interest Remains Undecided

As a threshold matter, neither party has requested transfer of this miscellaneous matter to the Western District of Michigan. Doc. 52 raises the possibility of transfer sua sponte, on the Court's own initiative, not in response to any motion by Fleet Engineers, Inc., Tramec Sloan, LLC or by any Defendants. There is accordingly no pending request that requires prompt disposition, and no party will be prejudiced by allowing the existing threshold questions in this proceeding to be resolved first.

Chief among those threshold questions is one the Court has not yet decided: whether Tramec Sloan, LLC is the real party in interest entitled to prosecute this enforcement proceeding at all. Docs. 9 and 19 raised whether Fleet Engineers, Inc., the entity in whose name the underlying

judgment was registered, is a legal entity capable of registering that judgment, and whether substitution of Tramec Sloan, LLC as the real party in interest is proper. Mr. Surti's Comprehensive Reply in Support of his Rule 72(a) Objections (Doc. 50-1), filed August 26, 2026, develops this record further: Tramec's Counsel stated, in their Motion to Quash, that Fleet Engineers, Inc. sold its assets on June 1, 2018 and became a non-existent entity, in support they provided Michigan corporate filings (Doc.15 and 16, ECF No. 3:25-cv-00122). Doc. 50-1 accordingly argues that any continued prosecution of this matter on a Fleet Engineers, Inc.'s behalf, without a lawful chain of title and a valid post-judgment substitution established by order of this Court, proceeds on behalf of what Doc. 50-1 characterizes as an unverified, defunct entity, and that permitting such filings to continue while stripping a named individual defendant of his own voice under 28 U.S.C. § 1654 raises due process concerns of its own.

These questions go to the identity and standing of the *Plaintiff* in this proceeding, not merely to Defendants' capacity to respond, and they remain open notwithstanding the passage of this matter through Docs. 43, 44, 45, 46, 47, and 50-1.

Transferring venue for an enforcement proceeding before the Court has determined whether the party prosecuting it is properly before the Court in the first place would put the cart before the horse. If Tramec Sloan, LLC is ultimately found not to be the proper real party in interest, any transfer decided in the interim will have been an exercise addressed to the wrong plaintiff, and the transferee court will inherit the same unresolved standing question along with the case. Resolving standing first, in this Court, avoids that risk and wastes no party's or court's resources.

**B. Transfer Should Await Judge Crenshaw's Ruling on the Pending Objections to the Order on Which Doc. 52 is Expressly Based**

A magistrate judge's sua sponte transfer authority under 28 U.S.C. § 1404(a) is properly

exercised only "if they give the parties notice and an opportunity to respond." *Moore v. Rohm & Haas Co.*, 446 F.3d 643, 647 (6th Cir. 2006). Doc. 52 affords that opportunity, but the substance of the notice makes clear that this Court's proposed basis for transfer is not a fresh, independent § 1404(a) analysis of this miscellaneous matter, it is an adoption of the analysis in Doc. 58 in 3:25-cv-00122, incorporated by reference. Doc. 52 identifies no facts or considerations particular to 3:25-mc-00005 that were not already addressed, and disputed, in connection with Doc. 58 in 3:25-cv-00122.

Because Doc. 58 in 3:25-cv-00122 is the entire predicate for Doc. 52, the two cannot be meaningfully separated. If Judge Crenshaw sustains Plaintiff's Rule 72(a) Objections and sets aside Doc. 58 in 3:25-cv-00122, including its treatment of the first-to-file rule, the res judicata effect of the prior Michigan validity judgment, and the corporate-identity record, the stated basis for transferring this miscellaneous matter is removed with it. Proceeding to transfer this case now, before that ruling issues, risks precisely the outcome Rule 72(a) review exists to prevent: two inconsistent transfer determinations arising from the same disputed reasoning, decided at different times by different judicial officers.

Judicial economy and the orderly administration of these related proceedings favor holding the question in abeyance until Judge Crenshaw rules on the pending objections. Nothing is lost by waiting: no party is prejudiced by a short delay, and the Court retains full authority to revisit transfer once the predicate order's validity is settled.

### C. Unresolved Real-Party-in-Interest and Filing-Capacity Questions as to Defendants Are Independently a Threshold Bar to Deciding Transfer Now

Separate from the derivative-reasoning problem above, this miscellaneous proceeding has its own unresolved threshold questions that predate Doc. 52 and remain undecided. Docs. 9 and 19

raised whether Fleet Engineers, Inc. is a legal entity entitled to register the underlying judgment and whether substitution of Tramec Sloan, LLC as the real party in interest is proper. Mr. Surti's Rule 72(a) Objections to Doc. 43 (Docs. 45, 46) and to Doc. 44 (Doc. 47) raise the same question and remain pending.

Doc. 47 specifically requested that the Court vacate or stay the compliance deadline and associated sanctions exposure imposed by Doc. 44 pending resolution of the real-party-in-interest question, and in the event Mudguard Technologies, LLC's engagement of counsel is not finalized by August 31, 2026, requested a brief additional extension not to exceed sixty days to complete the pending conflict-of-interest review process. As of this filing, Mudguard Technologies, LLC has yet to finalize its relationship with counsel; that process remains ongoing and unresolved. Doc. 47 remains undecided.

Transferring this matter while it remains unsettled which entity is properly before the Court, and while Mudguard Technologies, LLC's capacity to appear through counsel remains an open question, would decide a threshold jurisdictional and procedural matter through the back door of a venue transfer rather than through direct resolution of the pending objections. Mr. Surti respectfully submits that these questions should be resolved first.

**D. In the Alternative, Transfer Is Not Warranted on the Merits**

Should the Court elect to reach the merits of transfer notwithstanding the foregoing, Mr. Surti incorporates by reference the arguments set forth in his contemporaneously filed Rule 72(a) Objections to Doc. 58 in 3:25-cv-00122, including that: (1) this proceeding does not present a continuation of the Michigan litigation but arises from a separate, ongoing real-party-in-interest dispute rooted in Tramec's own corporate-identity representations; (2) the first-to-file rule and the anticipatory-filing doctrine counsel against treating Michigan as the presumptively correct forum;

and (3) the prior Michigan judgment's preclusive effect on validity is a reason for this Court, and this record, to retain the matter rather than a reason to transfer it. Because Doc. 52's reasoning tracks Doc. 58 in 3:25-cv-00122 without independent analysis, the same infirmities identified in the Rule 72(a) Objections apply with equal force here.

### E. If the Court Proceeds to Resolve These Threshold Questions, Any Such Order Should Be Final and Appealable So As to Preserve Mr. Surti's Right to Review by the Federal Circuit

This proceeding arises from, and is inseparable from, the enforcement of a prior judgment protecting Mr. Surti's RE44,755 patent. Because the enforceability of that judgment by Tramec Sloan, LLC turns on unresolved real-party-in-interest and standing questions, jurisdiction rests in part on 28 U.S.C. § 1338, which places appellate review of any final decision in this matter within the exclusive jurisdiction of the United States Court of Appeals for the Federal Circuit under 28 U.S.C. § 1295(a)(1). Interlocutory orders falling within 28 U.S.C. § 1292(a)–(b) likewise fall within the Federal Circuit's jurisdiction under § 1292(c)(1).

The Magistrate Judge's substitution order was premature, as it preceded any determination of whether Tramec Sloan, LLC is the real party in interest capable of enforcing the Michigan judgment; this unresolved threshold issue must be adjudicated by the District Judge, and a § 1404(a) transfer should not occur until the proper party is conclusively identified. A transfer under § 1404(a) before resolving the real-party-in-interest and standing issues would relocate unresolved threshold questions to another district and risk producing a disposition whose finality, appealability, and appellate forum become entangled with matters outside this proceeding.

If the Court declines to hold the real-party-in-interest and standing questions raised in Docs. 9, 19, 43, 44, 45, 46, 47, and 50-1 in abeyance and instead proceeds to resolve them, Mr. Surti

respectfully requests that the Court do so through a final, appealable order entered in this District, so that any appeal proceeds directly to the Federal Circuit.

## G. The Court's Sua Sponte Removal of Mr. Surti as a Defendant Was Procedurally Improper and Contradicted by Plaintiff's Own Conduct

Neither Fleet nor Tramec ever moved to remove Mr. Surti as an individual defendant, and the Court effected that change sua sponte, without notice or an opportunity to be heard. That defect is compounded by Plaintiff's own inconsistent treatment of Mr. Surti's status: Plaintiff served Mr. Surti with a deposition notice identifying him as a defendant, and Plaintiff subsequently registered the judgment with a caption reading "Fleet Engineers, Inc. v. Mudguard Technologies, LLC and Tarun N. Surti, Defendants", expressly naming Mr. Surti as a defendant of record. Having treated Mr. Surti as a party for purposes of discovery and for purposes of the judgment it sought to enforce, Plaintiff cannot now be heard to argue that he is a non-party. See New Hampshire v. Maine, 532 U.S. 742, 749 (2001) (a party may not assert a position inconsistent with one it previously took where the inconsistency would impose an unfair advantage or detriment).

Even setting aside that inconsistency, the removal itself cannot stand procedurally. While Rule 21 permits a court to add or drop a party "on motion or on its own," Fed. R. Civ. P. 21, that authority does not dispense with the requirement that a party receive notice and a meaningful opportunity to be heard before a change is made to his status in the litigation — particularly where, as here, the party has already been treated by the opposing side as a defendant for purposes of discovery and judgment enforcement. Altering Mr. Surti's status without such notice contravenes the due-process protections of the Fifth Amendment and is properly treated as an error requiring correction. To the extent the removal rested on a real-party-in-interest rationale, Rule 17(a)(3) independently requires that "the court must allow a reasonable time" for the real party in interest

to ratify, join, or be substituted before any dismissal or removal on that basis, a step that did not occur here. The Court's action therefore should be vacated, or Mr. Surti restored as a party, with an opportunity for the parties to be heard on the question in the first instance.

.

## III. CONCLUSION

Surti filing these objections on August 31, 2026, well in advance of the September 9 deadline, reflects diligence, prevents procedural risk, and ensures the Court has ample time to review the serious Rule 11(a), Rule 17(a), Rule 25(c), and § 1963 defects raised herein.

*This request seeks only to preserve, not expand, Mr. Surti's existing appellate rights: it asks that if this Court resolves matters properly before it, it do so in a form that keeps the ordinary appellate path to the Federal Circuit.*

For the foregoing reasons, Mr. Surti respectfully requests that the Court:

**1.** Hold the question of transfer of this miscellaneous matter in abeyance pending Judge Crenshaw's ruling on Plaintiff's Rule 72(a) Objections to Doc. 58 in 3:25-cv-00122;

**2.** Hold the question of transfer in abeyance pending resolution of the real-party-in-interest and filing-capacity questions raised in Docs. 45, 46, and 47;

**3.** Hold the question of transfer in abeyance pending resolution of the real-party-in-interest question as to Plaintiff Tramec Sloan, LLC raised in Docs. 9, 19, and 50-1, given that no party has requested transfer of this matter;

**4.** In the alternative, deny transfer for the reasons set forth in Part II.D above and in the Rule 72(a) Objections incorporated by reference;

**5.** In the further alternative, if the Court resolves the real-party-in-interest and standing questions described above rather than holding them in abeyance, enter a final, appealable order thereon

in this Court, rather than transferring those unresolved questions to the Western District of Michigan, so as to preserve Mr. Surti's right to seek review by the United States Court of Appeals for the Federal Circuit; and

**6.** Finally, the repeated appearance of multiple attorneys purporting to represent a defunct, non-existent entity in violation of Rules 11(a) and 17(a) underscores the necessity for this Court to correct these foundational defects and to vacate the premature substitution order, resolve the real-party-in-interest issue, and decline any § 1404(a) transfer until those threshold matters are conclusively adjudicated.

**7.** Grant such other and further relief as the Court deems just and proper.

Date: August 31, 2026

Respectfully Submitted

By: TARUN N. SURTI

Tarun N Surti, *Pro Se, Defendant*
5928 Westheimer Drive
Brentwood, Tennessee 37027
615-812-6164 - email: vflaps@gmail.com



Case 3:25-mc-00005 Document 56 Filed 08/31/26 Page 12 of 13 PageID #: 849

## CERTIFICATE OF SERVICE

I hereby certify that on August 31, 2026, I filed the foregoing using the Court's CM/ECF system, which will serve all registered counsel of record, and a copy will be served upon the lead counsel via email.

1. **TARUN N. SURTI'S RESPONSE TO ORDER (DOC. 52) REGARDING POSSIBLE TRANSFER TO THE WESTERN DISTRICT OF MICHIGAN, AND REQUEST TO HOLD TRANSFER IN ABEYANCE**

W. Justin Adams, TNBPR 022433
SPENCER FANE, LLP (Counsel for Plaintiff Fleet Engineers, Inc.)
511 Union Street, Suite 1000
Nashville, Tennessee 37219-1778
615-238-6300 (Telephone)
615-238-6301 (Facsimile)
wjadams@spencerfane.com

CC: VIA EMAIL TO LEAD COUNSEL
G. Thomas Williams
McGarry Bair PC (Counsel for Plaintiff Fleet Engineers, Inc.)
5355 Northland Drive NE, Suite C, #226
Grand Rapids, MI 49525
gtw@mcgarrybair.com

TARUN N. SURTI

Tarun N Surti, *Pro Se, Defendant*
5928 Westheimer Drive
Brentwood, Tennessee 37027
615-812-6164 – email: vflaps@gmail.com