IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE,
NASHVILLE DIVISION

| | |
|---|---|
| **TRAMEC SLOAN, LLC, as successor in interest to FLEET ENGINEERS, INC.,**<br><br>**Plaintiff,**<br><br>***vs.***<br><br>**MUDGUARD TECHNOLOGIES, LLC,**<br><br>**Defendant.** | **No. 3:25-mc-00005**<br><br>**Judge Crenshaw**<br><br>**Magistrate Judge Evans** |

**PLAINTIFF TRAMEC SLOAN, LLC'S RESPONSE TO ORDER REGARDING POSSIBLE TRANSFER**

Plaintiff Tramec Sloan, LLC ("Tramec"), successor in interest to Fleet Engineers, Inc. ("Fleet Engineers"), hereby responds to the Court's order inviting the parties to be heard on whether this miscellaneous matter should be transferred to the Western District of Michigan under 28 U.S.C. § 1404(a) (Doc. 52). Tramec respectfully submits that this proceeding cannot be transferred under Section 1404(a) because this case is a judgment-registration proceeding under 28 U.S.C. § 1963 that could not have been brought in the Western District of Michigan, and no party has consented to transfer. Furthermore, even if Section 1404(a) authorized transfer without consent of the parties, the governing factors weigh decisively against transfer. Tramec therefore requests that the Court retain this proceeding.

## FACTS

This is a proceeding to enforce a final money judgment that arose from a patent dispute in the Western District of Michigan. *See Fleet Eng'rs, Inc. v. Mudguard Techs., LLC,* 2018 WL 10667532, *1 (W.D. Mich. Mar. 30, 2018), *aff'd in part, vacated in part, remanded*, 761 F. App'x

989 (Fed. Cir. 2019)[1]. Fleet Engineers contracted with Mudguard to market a mudflap patented by Surti. *Id.* After that agreement ended, a dispute arose when Fleet Engineers began marketing its own mudflap. *Id.* This led to Fleet Engineers filing a suit seeking for declaration that its mudflap did not infringe Surti's patent, a declaration that Surti's patent was invalid, and an award of money damages against Surti and Mudguard for tortious interference. *Id.* Surti and Mudguard filed counterclaims. *Id.*

The Western District of Michigan ultimately entered an order on March 30, 2018, dismissing Surti's and Mudguard's counterclaims, declaring that Fleet Engineers' mudflap did not infringe Surti's patent, dismissing Fleet Engineers' claim that Surti's patent was invalid, dismissing Fleet Engineers' tortious interference claim against Surti, and awarding damages of $195,523.58 against Mudguard—and only Mudguard—for tortious interference. *Id.* at *2–3. The money judgment was entered on March 30, 2018.

Mudguard is a Tennessee limited liability company whose principal office is in the Middle District of Tennessee. Accordingly, on March 24, 2025, Fleet Engineers registered the Judgment in this Court pursuant to 28 U.S.C. § 1963, Doc. 1, and then served post-judgment discovery pursuant to Fed. R. Civ. P. 69(a)(2).

## ARGUMENT

### I. This is a judgment-registration and enforcement proceeding that exists in this District only because Mudguard and its assets are here.

The purpose of this proceeding is to enforce a final money judgment, not to relitigate the patent disputes that led to that judgment. This proceeding began when that judgment was registered pursuant to 28 U.S.C. § 1963. Section 1963 allows a money judgment to "be registered by filing a

---

[1] The money judgement against Mudguard was not disturbed on appeal. *See Fleet Eng'rs, Inc. v. Mudguard Techs., LLC,* 761 F. App'x 989 (Fed. Cir. 2019).

certified copy of the judgment in any other district," and it directs that "[a] judgment so registered shall have the same effect as a judgment of the district court of the district where registered and may be enforced in like manner." 28 U.S.C. § 1963. Registration under Section 1963 "is the equivalent of a new judgment," and the statute "must imply similar inherent powers to the registering court to enforce those judgments." *Condaire, Inc. v. Allied Piping, Inc.*, 286 F.3d 353, 357 (6th Cir. 2002). Enforcement then proceeds under the law of the registering State through Fed. R. Civ. P. 69(a), and a creditor who registers "can take advantage of all of the remedies available under the registering court's state law." 286 F.3d at 358.

Congress designed Section 1963 to permit a judgment creditor to "pursue the property of a debtor in satisfaction of a judgment by the ordinary process of levying execution on a judgment in any district where the judgment is registered," relieving "both creditors and debtors" of "the additional cost and harassment of further litigation which would otherwise be required by way of an action on the judgment in a district other than that where the judgment was originally obtained." *In re Joint E. & S. Dists. Asbestos Litig.*, 22 F.3d 755, 763 (7th Cir. 1994) (quoting S. Rep. No. 1917 (1954)); *accord Home Port Rentals, Inc. v. Int'l Yachting Grp., Inc.*, 252 F.3d 399, 404 (5th Cir. 2001). Consistent with Section 1963's purpose, the judgment against Mudguard was registered in this District because Mudguard is located in this District, and Mudguard's assets, financial records, and the witnesses relevant to collection are here, and Tramec seeks to pursue post-judgment discovery from Mudguard under Fed. R. Civ. P. 69(a)(2).

## II. Section 1404(a) does not authorize transfer of this proceeding, because it could not have been brought in the Western District of Michigan and no party has consented.

Section 1404(a) permits a district court to "transfer any civil action to any other district or division **where it might have been brought** or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a) (emphasis added). Thus, Section 1404(a) makes transfer available

in only two scenarios: when the action "might have been brought" in the transferee district or when the parties have consented to transfer. This case presents neither scenario.

In *Hoffman v. Blaski*, the Supreme Court held that the phrase "any other district or division where it might have been brought" means a district in which the plaintiff had "a right to sue … independently of the wishes of defendant" at the time the proceeding "commenced." 363 U.S. 335, 344 (1960). This registration proceeding could not have been filed in the Western District of Michigan. Section 1963 authorizes registration of a judgment only "in any **other** district," meaning a district other than the one that rendered the judgment. 28 U.S.C. § 1963 (emphasis added). The judgment Tramec seeks to enforce was entered by the Western District of Michigan, so it could not have been registered there. The point of registering the judgment was to transform it from a Michigan judgment into a Tennessee judgment so that Mudguard's Tennessee property could be reached. See *Condaire*, 286 F.3d at 357. A proceeding that Section 1963 permits only outside the rendering district is, by definition, a proceeding that could not "have been brought" in the rendering district. Thus, transfer is not possible under Section 1404(a)'s first scenario.

Nor is transfer possible under Section 1404(a)'s consent scenario, because the parties have not consented to transfer to the Western District of Michigan. Thus, Section 1404(a) does not authorize the transfer of this proceeding.

## III. Even if Section 1404(a) applied, the governing factors weigh decisively against transfer.

Even if Section 1404(a) authorized transfer, transfer would not be warranted. Transfer is appropriate only for the convenience of the parties and witnesses and in the interest of justice, and the party seeking a different forum bears a substantial burden: a plaintiff's choice of forum should rarely be disturbed unless the balance of convenience weighs strongly in favor of the alternative forum. *Sacklow v. Saks Inc.*, 377 F. Supp. 3d 870, 876-77 (M.D. Tenn. 2019); *Reese v. CNH Am.*

*LLC*, 574 F.3d 315, 320 (6th Cir. 2009). In weighing a transfer, the Court balances a series of private- and public-interest factors. The private-interest factors are the location of willing and unwilling witnesses; the residence of the parties; the location of the sources of proof; the location of the events that gave rise to the dispute; systemic integrity and fairness; and the plaintiff's choice of forum. *Sacklow*, 377 F. Supp. 3d at 877. The public-interest factors include the enforceability of the judgment, practical considerations affecting trial management, docket congestion, the local interest in deciding local controversies at home, the public policies of the fora, and the trial court's familiarity with the applicable law. *Id.* Transfer is inappropriate where it serves only to shift inconvenience from one side to the other. *Id.*

None of the private-interest factors favors transferring this proceeding to Michigan. For example:

- *Location of witnesses.* Surti, the witness with knowledge of Mudguard's assets, finances, and operations, is located in this District.
- *Residence of the parties.* Mudguard is located in this District.
- *Location of proof.* Mudguard's financial records, bank accounts, and asset documentation are located in Tennessee.
- *Events giving rise to dispute.* While this judgment arose from one of the parties' past patent disputes, this proceeding does not require adjudication of any of the patent issues currently being litigated by the parties. This proceeding exists solely to enforce a final, unappealable money judgment against a Tennessee-based debtor, and for purposes of transfer it stands as its own action.
- *Plaintiff's choice of forum.* Plaintiff filed in this Court because Mudguard is here.

Nor do the public-interest factors favor transfer:

- *Court's familiarity with applicable law*. This Court is familiar with the Tennessee law that governs enforcement of the judgment against Mudguard's Tennessee assets.
- *Enforceability.* Transferring this proceeding to Michigan will hinder Tramec's ability to reach Mudguard's Tennessee assets. Only a judgment of record in this District can reach Mudguard's Tennessee assets because execution and post-judgment discovery under Rule 69(a) proceed in, and require a judgment of, the district where enforcement is sought. Thus, transferring the proceeding to Michigan would defeat the purpose of Section 1963 registration.

**CONCLUSION**

For these reasons, Tramec respectfully requests that the Court retain this judgment-enforcement proceeding in the Middle District of Tennessee and grant any other necessary or proper relief.

Dated September 8, 2026.

Respectfully submitted,

**SPENCER FANE LLP**

/s/ W. Justin Adams
W. Justin Adams, TNBPR 022433
511 Union Street, Suite 1000
Nashville, Tennessee 37219-1778
615-238-6300 (Telephone)
615-238-6301 (Facsimile)
wjadams@spencerfane.com

*Counsel for Tramec Sloan, LLC, as successor in interest to Fleet Engineers, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that a true and exact copy of the foregoing has been served via the Court's CM/ECF system on:

Mr. Tarun Surti
5928 Westheimer Dr.
Brentwood, TN 37027
vflaps@gmail.com

Ira C. Waddey, Esq.
G. Edward Powell III, Esq.
WADDEY ACHESON LLC
1030 16th Avenue South, Suite 300
Nashville, TN 37212
jack@waddeyacheson.com
ed@waddeyacheson.com

Counsel for Mudguard Technologies, LLC

today, September 8, 2026.

/s/ W. Justin Adams