**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| TRAMEC SLOAN, LLC,<br>Plaintiff, | )<br>) | Case No. 3:25-mc-00005 |
| v. | )<br>)<br>) | Judge Waverly D. Crenshaw, Jr. |
| MUDGUARD TECHNOLOGIES, LLC et al.,<br>Defendants. | )<br>)<br>)<br>) | Magistrate Judge Luke A. Evans |

**DEFENDANT MUDGUARD TECHNOLOGIES, LLC'S RESPONSE IN OPPOSITION TO TRANSFER OF THIS PROCEEDING**

Pursuant to the Court's August 28, 2026 Order (Doc. No. 52), Defendant Mudguard Technologies, LLC ("Mudguard") submits this response in opposition to transfer of this proceeding to the Western District of Michigan.

## I. INTRODUCTION

Section 1404(a) permits transfer only to a district where a proceeding "might have been brought." This proceeding could not have been brought in the Western District of Michigan. Tramec Sloan, LLC ("Tramec") is in this District because 28 U.S.C. § 1963 authorizes registration of a federal judgment "in any other district"—never in the district that rendered it. The original judgment was rendered in the Western District of Michigan. Transfer is therefore impermissible as a matter of law.

The August 25 Order resolved a different question, in a different case, between different parties. Mudguard is not a party to *Surti v. Tramec Sloan, LLC*, No. 3:25-cv-00122. That order weighed the convenience of litigating the scope of the '755 patent. No patent question is presented here. The judgment registered in this District is a Michigan common-law judgment for tortious interference with a business relationship, entered by default, and its enforcement turns on facts and records located in Tennessee—the assets, books, and officers of a Tennessee company.

Mudguard has now appeared through counsel for the first time in this proceeding. Until that appearance, everything submitted on the company's behalf was, as this Court has held, "'of no consequence and need not even be considered.'" (Doc. No. 44 at 3 (quoting *Gibson Guitar Corp. v. Tokai Gakki Co.*, No. 3:04-cv-00449, 2019 WL 6332170, at *1 (M.D. Tenn. Feb. 27, 2019)).) The company's challenges to Tramec's standing and to the enforceability of the registered judgment have never been adjudicated, because they were never properly presented. Transferring this proceeding now would move it out of its home District before the company has been heard in it at all. The Court should decline to transfer.

## II. PROCEDURAL BACKGROUND

Mudguard Technologies, LLC is a Tennessee limited liability company with its place of business in Brentwood, Tennessee. On March 30, 2018, the United States District Court for the Western District of Michigan entered a money judgment in favor of Fleet Engineers, Inc. ("Fleet Engineers") and against Mudguard for $195,523.58. *Fleet Eng'rs, Inc. v. Mudguard Techs., LLC*, No. 1:12-cv-1143 (W.D. Mich. Mar. 30, 2018) (Doc. Nos. 255, 256). That judgment rests on a single Michigan common-law claim for tortious interference with a business relationship. It is not a patent judgment.

The judgment was entered by default. Mudguard's counsel had withdrawn, no substitute appeared, and the court entered default in December 2013. When the judgment was entered more than four years later, the damages figure came from a single expert report submitted by Fleet Engineers. As the Michigan court recorded, "[n]o counterevidence has been presented," because "Surti cannot litigate on Mudguard's behalf." (Doc. No. 255 at 5.) The Federal Circuit later declined to review that judgment for the same reason: "Mudguard is not an appellant. Mr. Surti cannot appeal on behalf of Mudguard. Thus, the judgment against Mudguard must stand." *Fleet*

*Eng'rs, Inc. v. Mudguard Techs., LLC*, 761 F. App'x 989, 995 (Fed. Cir. 2019) (W.D. Mich. Doc. No. 278). No court has ever heard the company on the merits of that judgment.

The Michigan litigation did not end there. The Federal Circuit vacated the grant of summary judgment of noninfringement on Mr. Surti's patent and remanded for further proceedings, affirming in all other respects. *Fleet Eng'rs*, 761 F. App'x at 995. On remand, a jury returned a verdict for Mr. Surti on his infringement counterclaim, and on October 19, 2021 the Michigan court entered judgment awarding him $228,000.00 in damages against Fleet Engineers and terminated the action. *Fleet Eng'rs, Inc. v. Mudguard Techs., LLC*, No. 1:12-cv-1143 (W.D. Mich. Oct. 19, 2021) (W.D. Mich. Doc. Nos. 378, 379). That judgment was affirmed, and the mandate issued on September 28, 2023. The Michigan case has been closed since October 19, 2021.

On April 24, 2025, attorneys purportedly acting on behalf of Fleet Engineers registered Fleet Engineers' judgment against Mudguard in this District under 28 U.S.C. § 1963. (Doc. No. 1.) Fleet Engineers had by then sold its assets and changed its name. On July 31, 2026, the Court substituted Tramec Sloan, LLC as plaintiff, on a record in which "Plaintiff claims that it has transferred its interests to Tramec, and Mr. Surti does not dispute that a transfer between the companies took place." (Doc. No. 43 at 2.) No asset purchase agreement has been produced, and a motion to compel its production remains pending. (Doc. No. 40.)

The same day, the Court stayed this proceeding until August 31, 2026 and directed that counsel appear for Mudguard. (Doc. No. 44.) Counsel appeared for Mudguard on August 31, 2026. (Doc. Nos. 53, 54, 55.) This is the company's first appearance by counsel in this proceeding.

On August 25, 2026, in a separate action to which Mudguard is not a party, the Court granted Tramec's alternative request to transfer that case to the Western District of Michigan under

§ 1404(a). *Surti v. Tramec Sloan, LLC*, No. 3:25-cv-00122 (M.D. Tenn. Aug. 25, 2026) (Doc. No. 58). On August 28, 2026, the Court entered an order stating that it "is considering transferring this miscellaneous matter to the Western District of Michigan for the reasons stated in its August 25, 2026 order," and inviting the parties to be heard on or before September 9, 2026. (Doc. No. 52.) No party has moved to transfer this proceeding.

## III. ARGUMENT

### A. Section 1404(a) Does Not Authorize Transfer of This Registration to the District That Entered the Judgment

#### 1. Section 1963 permits registration only in a district other than the rendering district.

A federal money judgment "may be registered by filing a certified copy of the judgment *in any other district*." 28 U.S.C. § 1963 (emphasis added). The rendering district is the one district the statute excludes. Tramec could not have registered a Western District of Michigan judgment in the Western District of Michigan. Registration there would have accomplished nothing in any event, because a court's own judgment already carries full effect in that court.

#### 2. A proceeding that could not have been filed in the transferee district is not one that "might have been brought" there.

Section 1404(a) permits transfer only "to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). That is a condition on the Court's power, not a factor to be weighed against others. The Supreme Court has held that "the power of a District Court under § 1404(a) to transfer an action to another district is made to depend not upon the wish or waiver of the defendant but, rather, upon whether the transferee district was one in which the action 'might have been brought' by the plaintiff." *Hoffman v. Blaski*, 363 U.S. 335, 343–44 (1960). The inquiry looks backward to filing:

the statute "directs the attention of the judge who is considering a transfer to the situation which existed when suit was instituted." *Id.* at 343 (citation omitted).

When this proceeding was instituted on April 24, 2025, it could have been instituted in any district in the country except one. That one is the Western District of Michigan. Mudguard does not consent, so the alternative clause of § 1404(a) is unavailable as well.

**B. Tennessee Law Governs Enforcement of This Registered Judgment**

A judgment registered under § 1963 is enforced under the law of the registering district. "[J]udgments registered pursuant to 28 U.S.C. § 1963 must be enforced in accordance with the laws of the registering state." *Condaire, Inc. v. Allied Piping, Inc.*, 286 F.3d 353, 357–58 (6th Cir. 2002). That conclusion follows from Rule 69(a), under which execution and "proceedings supplementary to and in aid of judgment or execution" must "accord with the procedure of the state where the court is located." Fed. R. Civ. P. 69(a)(1).

Two consequences follow. First, the post-judgment discovery, the motion to compel, and any execution in this proceeding are governed by *Tennessee* law. Second, *Condaire* holds that registration "is the equivalent of a new judgment," and that § 1963 "must imply similar inherent powers to the registering court to enforce those judgments." *Id.* at 357 (citing *Peacock v. Thomas*, 516 U.S. 349, 356 (1996)). This Court already possesses every power needed to resolve the issues presented by the registration.

Transfer would leave a Michigan court applying Tennessee execution law to reach Tennessee assets held by a Tennessee company.

**C. Section 1963 Was Enacted to Spare Debtors, Not Only Creditors, the Cost of a Distant Forum**

The registration statute protects both sides of the judgment. Its purpose is that "both creditors and debtors are relieved of the additional cost and harassment of further litigation which

would otherwise be required by way of an action on the judgment in a district other than that where the judgment was originally obtained." *Condaire*, 286 F.3d at 356 (quoting S. Rep. No. 1917 (1954)). The Sixth Circuit said the same thirty years earlier: § 1963 was "adopted to protect both judgment creditors and judgment debtors from the additional cost and harassment of further litigation which otherwise would be incident to an action on the judgment in a foreign district." *Ohio Hoist Mfg. Co. v. LiRocchi*, 490 F.2d 105, 107 (6th Cir. 1974); *accord Stanford v. Utley*, 341 F.2d 265, 270 (8th Cir. 1965).

Tramec invoked that statute to reach a Tennessee company in Tennessee. The proposed transfer would now require that Tennessee company to defend its Tennessee assets 500 miles away, in the one forum forbidden by the registration statute. Mudguard is the only party this proceeding was ever directed at, and it is the party the transfer would burden.

### D. A Transfer on the Court's Own Motion Must Still Satisfy Section 1404(a)

#### 1. Moore supplies a procedure, not a relaxed standard.

A district court may transfer on its own motion after giving notice and an opportunity to respond. *Moore v. Rohm & Haas Co.*, 446 F.3d 643, 647 (6th Cir. 2006). *Moore* permits a court to act "under 28 U.S.C. § 1404(a)," not outside it. Whatever the procedure, a transferee district must be permissible under the statute.

#### 2. No party has shown that the balance of factors strongly favors transfer.

The movant's burden "is a heavy one and requires the moving party to show that the balance of factors weighs strongly in favor of transfer." *Steelcase, Inc. v. Smart Techs., Inc.*, 336 F. Supp. 2d 714, 719 (W.D. Mich. 2004). No such showing exists here. Tramec has never asked this Court to send this proceeding to Michigan. It chose this District, filed here, and has litigated here for sixteen months—serving post-judgment discovery, noticing Mudguard's deposition,

serving third-party subpoenas, moving to substitute itself as plaintiff, and moving to restrict Mr. Surti's filings.

Tramec, the party whose convenience § 1404(a) protects, has not asked to leave. Mudguard, the party § 1963 was used to reach, opposes transfer.

### E. The August 25 Order Addressed Different Parties, a Different Case, and a Different Dispute

#### 1. Mudguard is not a party to the transferred case.

The August 25 Order transferred *Surti v. Tramec Sloan, LLC*, No. 3:25-cv-00122. Mudguard is not a party to that case. It filed nothing there, was served with nothing there, and had no opportunity to be heard on the transfer. The convenience of parties to another lawsuit is not a reason to move this one.

#### 2. This proceeding presents no patent question.

The August 25 Order rested on fourteen years of Michigan patent litigation over the '755 patent and the Michigan court's familiarity with it. This proceeding involves no patent. The case that produced the registered judgment, No. 1:12-cv-1143, has been closed since October 19, 2021. The registered judgment is a money judgment for tortious interference with a business relationship under *Michigan* common law, entered by default. The questions this proceeding presents include whether Tramec owns that judgment, whether it may be enforced against Mudguard at all, and what Tennessee assets, if any, are available to satisfy it. Patent expertise has no bearing on any of them.

#### 3. The convenience factors invert for post-judgment enforcement.

Merits litigation follows the evidence of infringement, which sits with the manufacturer. Collection follows the debtor's assets. Mudguard is a Tennessee limited liability company. Its records, its bank accounts, its registered agent, and the third parties Tramec has already subpoenaed

are here. The deposition Tramec noticed is of a Tennessee company. Every factor that pointed to Michigan in the merits case points to Tennessee in this one.

### F. Mudguard Has Never Been Heard in This Proceeding

Mudguard appeared by counsel on August 31, 2026. This Court held that filings submitted for a corporation by a non-lawyer are "'of no consequence and need not even be considered,'" and identified several filings Mr. Surti had submitted on the company's behalf. (Doc. No. 44 at 3–4 (quoting *Gibson Guitar*, 2019 WL 6332170, at *1).) Those filings included the challenge to Tramec's standing and to the validity of the registered judgment.

Those questions were never waived. They were never presented by anyone able to present them. The Court granted the filing restriction precisely so that "Mr. Surti must obtain proper counsel for Mudguard so that the company can represent itself in court." (Doc. No. 44 at 4.) The company has done so.

Transferring this proceeding immediately after Mudguard first obtained counsel would postpone its first hearing again, and would send it to a court that has never seen this registration, has entered no order in it, and has no familiarity with the Tennessee law that governs its enforcement.

## IV. CONCLUSION

For the foregoing reasons, Mudguard Technologies, LLC respectfully requests that the Court decline to transfer this proceeding to the Western District of Michigan.

Dated: September 8, 2026

Respectfully submitted,

*/s/ Ira C. Waddey*____________
Ira Clinton Waddey, Jr. (TN BPR #2665)
G. Edward Powell III (TN BPR #43915)
Waddey Acheson LLC
1030 16th Ave S, Suite 300
Nashville, TN 37212
615-839-1100
jack@waddeyacheson.com
Counsel for Defendant Mudguard Technologies, LLC

**CERTIFICATE OF SERVICE**

I hereby certify that on September 8, 2026, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt, including:

Walter Justin Adams
Spencer Fane LLP
511 Union Street, Suite 1000
Nashville, TN 37219
wjadams@spencerfane.com
Counsel for Plaintiff Tramec Sloan, LLC

Tarun N. Surti
5928 Westheimer Drive
Brentwood, TN 37027
vflaps@gmail.com
Pro Se

Parties may access this filing through the Court's electronic filing system.

*/s/ Ira C. Waddey*____________
Ira C. Waddey