**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| TRAMEC SLOAN, LLC,<br>Plaintiff,<br><br>v.<br><br>MUDGUARD TECHNOLOGIES, LLC<br>et al.,<br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 3:25-mc-00005<br><br>Judge Waverly D. Crenshaw, Jr.<br><br>Magistrate Judge Luke A. Evans |

**DEFENDANT MUDGUARD TECHNOLOGIES, LLC'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL**

Pursuant to Local Rule 7.01(a)(3), Defendant Mudguard Technologies, LLC ("Mudguard") responds to the Motion to Compel Mudguard Technologies, LLC to Comply with Post-Judgment Discovery Obligations (Doc. No. 12).

## I. INTRODUCTION

Rule 69(a)(2) permits discovery in aid of execution by "the judgment creditor or a successor in interest whose interest appears of record." Fed. R. Civ. P. 69(a)(2). Tramec Sloan, LLC ("Tramec") is not the judgment creditor. The Michigan judgment runs to Fleet Engineers, Inc. ("Fleet Engineers"). Tramec appears here as a substituted party on an order that rests on Fleet Engineers' statement that it "sold its assets" to Tramec and on Mr. Surti's inability to dispute that statement on behalf of Mudguard. (Doc. No. 43 at 1–2.) No purchase agreement, assignment, or bill of sale is in the record.

Tramec has the agreement, and Mudguard will be moving separately to require its production. The Court should deny Doc. No. 12 without prejudice or defer ruling until Tramec's

interest appears of record. Mudguard reserves its objections to the specific discovery requested, which it has had no opportunity to assert.

## II. BACKGROUND

Mudguard is a Tennessee limited liability company with its place of business in Brentwood, Tennessee. On March 30, 2018, the United States District Court for the Western District of Michigan entered a money judgment for $195,523.58 in favor of Fleet Engineers and against Mudguard on a Michigan common-law claim for tortious interference with a business relationship. *Fleet Eng'rs, Inc. v. Mudguard Techs., LLC*, No. 1:12-cv-1143 (W.D. Mich. Mar. 30, 2018) (W.D. Mich. Doc. Nos. 255, 256). The judgment was entered by default after Mudguard's counsel withdrew.

Fleet Engineers registered the judgment in this District under 28 U.S.C. § 1963 on April 24, 2025 (Doc. No. 1) and moved to compel post-judgment discovery on July 21, 2025 (Doc. Nos. 12, 13). Mudguard had no counsel and filed no response.

On July 31, 2026, the Court substituted Tramec for Fleet Engineers as Plaintiff (Doc. No. 43) and stayed this proceeding until August 31, 2026 so that Mudguard could obtain counsel (Doc. No. 44). Counsel appeared on August 31, 2026. (Doc. Nos. 53–55.)

## III. ARGUMENT

### A. Rule 69(a)(2) Requires a Successor's Interest to Appear of Record

"In aid of the judgment or execution, the judgment creditor or a successor in interest whose interest appears of record may obtain discovery from any person—including the judgment debtor—as provided in these rules or by the procedure of the state where the court is located." Fed. R. Civ. P. 69(a)(2). The rule treats a successor differently from the original creditor. The creditor's interest appears on the face of the judgment. A successor's interest must appear somewhere else in the record.

Tennessee procedure governs enforcement of the registered judgment. "[J]udgments registered pursuant to 28 U.S.C. § 1963 must be enforced in accordance with the laws of the registering state." *Condaire, Inc. v. Allied Piping, Inc.*, 286 F.3d 353, 357 (6th Cir. 2002); see Fed. R. Civ. P. 69(a)(1).

**B. Tramec's Interest Does Not Appear of Record**

The substitution order records a claim, not a conveyance: "Plaintiff claims that it has transferred its interests to Tramec, and Mr. Surti does not dispute that a transfer between the companies took place. . . . Accordingly, it appears Tramec is the real party at interest with respect to the enforcement of the previously obtained judgment." (Doc. No. 43 at 2.) The order rests on the transferor's assertion and on an individual's non-objection. No instrument was filed.

Mr. Surti's non-objection does not bind Mudguard. He is not counsel for the company, and this Court has held that what he submitted for it "is of no consequence and need not even be considered." (Doc. No. 44 at 3 (quoting *Gibson Guitar Corp. v. Tokai Gakki Co.*, No. 3:04-cv-00449, 2019 WL 6332170, at *1 (M.D. Tenn. Feb. 27, 2019)).) Mudguard has taken no position on the asset sale.

An asset sale does not automatically transfer a judgment by operation of law. Whether this judgment was among the assets Fleet Engineers sold depends on the terms of the agreement, which has not been produced.

**C. Substitution Under Rule 25(c) Did Not Decide Ownership of the Judgment**

Rule 25(c) is permissive. Where an interest is transferred, "the action may be continued by or against the original party unless the court, on motion, orders the transferee to be substituted in the action or joined with the original party." Fed. R. Civ. P. 25(c); see Doc. No. 43 at 2 ("[t]he language of Rule 25 is permissive in nature, granting discretion to the court") (quoting *Beaudry v. TeleCheck Servs., Inc.*, No. 3:07-0842, 2016 WL 11398115, at *11 (M.D. Tenn. Sept. 29,

2016)). The Court substituted Tramec because the "transferee's presence would facilitate the conduct of the litigation," (Doc. No. 43 at 2 (quoting *Yearta v. Amusements of Am., Inc.,* No. 17-2117, 2019 WL 1474012, at *3 (W.D. Tenn. Apr. 3, 2019))), and found only that "it appears" Tramec is the real party in interest. That is a ruling on who may appear. It is not a finding that Fleet Engineers conveyed this judgment to Tramec, and no conveyance was before the Court.

An order entered on an uncontested representation does not make an interest "appear of record" under Rule 69(a)(2). The clause requires a showing of the interest itself. Otherwise the assertion of a transfer would satisfy the requirement that exists to test it.

### D. The Court Should Defer Ruling Until the Agreement Is Produced

Tramec possesses the agreement, and Mudguard has moved to require its production. Deferring Doc. No. 12 until then prejudices no one. The motion has been pending since July 2025.

If the Court grants Doc. No. 12 in any part, Mudguard requests that the order (1) allow Mudguard a reasonable period to serve written responses and objections to the specific requests, which it has never had an opportunity to make; (2) make production subject to a protective order, because the materials sought are the financial records of an operating Tennessee company; and (3) provide that compliance does not waive Mudguard's objections to the enforceability of the registered judgment or to Tramec's entitlement to enforce it.

## IV. CONCLUSION

Mudguard respectfully requests that the Court deny Doc. No. 12 without prejudice or hold it in abeyance pending production of the asset purchase agreement, and in the alternative enter the conditions set out above.

Respectfully submitted,

/s/ Ira C. Waddey
Ira Clinton Waddey, Jr. (TN BPR #2665)
G. Edward Powell III (TN BPR #43915)
Waddey Acheson LLC
1030 16th Ave S, Suite 300
Nashville, TN 37212
615-839-1100
jack@waddeyacheson.com
Counsel for Defendant Mudguard Technologies, LLC

**CERTIFICATE OF SERVICE**

I hereby certify that on September 21st, 2026, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt, including:

Walter Justin Adams
Spencer Fane LLP
511 Union Street, Suite 1000
Nashville, TN 37219
wjadams@spencerfane.com
Counsel for Plaintiff Tramec Sloan, LLC

Tarun N. Surti
5928 Westheimer Drive
Brentwood, TN 37027
vflaps@gmail.com
Pro Se

/s/ Ira C. Waddey____________
Ira C. Waddey