The motion is GRANTED. The Clerk's Office is DIRECTED to docket the attachment (Doc. No. 67-1) as a separate docket entry.

Luke A. Evans
U.S. Magistrate Judge

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| TRAMEC SLOAN, LLC,<br>Plaintiff, | ) | Case No. 3:25-mc-00005 |
| v. | ) | Judge Waverly D. Crenshaw, Jr. |
| MUDGUARD TECHNOLOGIES, LLC et al.,<br>Defendants. | ) | Magistrate Judge Luke A. Evans |

**DEFENDANT MUDGUARD TECHNOLOGIES, LLC'S UNOPPOSED MOTION FOR LEAVE TO FILE A SUR-REPLY IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL**

Pursuant to Local Rule 7.01, Defendant Mudguard Technologies, LLC ("Mudguard") moves for leave to file the sur-reply attached as Attachment A in further opposition to the Motion to Compel Mudguard Technologies, LLC to Comply with Post-Judgment Discovery Obligations (Doc. No. 12). Plaintiff Tramec Sloan, LLC ("Tramec") does not oppose this motion.

A nonmovant should have the chance to answer new evidence filed with a reply. The Sixth Circuit has recognized that a problem arises "[w]hen new submissions and/or arguments are included in a reply brief, and a nonmovant's ability to respond to the new evidence has been vitiated." *Seay v. Tenn. Valley Auth.*, 339 F.3d 454, 481 (6th Cir. 2003).

Tramec's reply rests on three documents that were not in the record when Mudguard responded. Mudguard's response was docketed on September 25, 2026. (Doc. No. 63.) On September 30, 2026, Tramec filed the declaration of its Chief Financial Officer, Greg Lambert (Doc. No. 64-1); a redacted Contribution and Asset Purchase Agreement with its disclosure schedules (Doc. No. 64-2); and a Bill of Sale and Assignment and Assumption Agreement (Doc. No. 64-3). Its reply, filed the same day, relies on them. (Doc. No. 65 at 1–3.)

The proposed sur-reply responds to those documents. It shows that the redacted entries identify the assets Fleet Engineers, Inc. transferred and the assets it kept. It informs the Court that Tramec has since agreed to produce those entries under a protective order, and it asks the Court to wait to rely on the Agreement until Mudguard has reviewed them. It also states Mudguard's position on the question the Court raised in its October 13, 2026 Order (Doc. No. 66): Mudguard does not challenge the Michigan judgment itself. Finally, it asks that any order granting the motion to compel include the conditions Tramec now accepts.

Mudguard files this motion before the October 26, 2026 status conference so that the Court has Mudguard's position before it.

Counsel for Mudguard conferred with counsel for Tramec. On October 5, 2026, counsel for Tramec stated in writing that Tramec does not oppose this motion.

Mudguard respectfully requests that the Court grant leave to file the sur-reply attached as Attachment A and direct the Clerk to file it as a separate docket entry. A proposed order is attached.

Dated: October 21, 2026
Respectfully submitted,

/s/ G. Edward Powell III___________
G. Edward Powell III (TN BPR #43915)
Ira Clinton Waddey, Jr. (TN BPR #2665)
Waddey Acheson LLC
1030 16th Ave S, Suite 300
Nashville, TN 37212
615-839-1100
ed@waddeyacheson.com
*Counsel for Defendant Mudguard Technologies, LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 21, 2026, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt, including:

Walter Justin Adams
Spencer Fane LLP
511 Union Street, Suite 1000
Nashville, TN 37219
wjadams@spencerfane.com
Counsel for Plaintiff Tramec Sloan, LLC

Tarun N. Surti
5928 Westheimer Drive
Brentwood, TN 37027
vflaps@gmail.com
Pro Se

/s/ G. Edward Powell III___________
G. Edward Powell III