**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| TRAMEC SLOAN, LLC,<br>Plaintiff, | ) | Case No. 3:25-mc-00005 |
| v. | ) | Judge Waverly D. Crenshaw, Jr. |
| MUDGUARD TECHNOLOGIES, LLC<br>et al.,<br>Defendants. | ) | Magistrate Judge Luke A. Evans |

**STIPULATED PROTECTIVE ORDER**

Plaintiff Tramec Sloan, LLC ("Tramec") and Defendant Mudguard Technologies, LLC ("Mudguard") have agreed to the entry of this Order under Federal Rule of Civil Procedure 26(c). For good cause shown, the Court ORDERS as follows:

**1. Scope.** This Order governs documents, testimony, and information produced by the parties or any third-party in this proceeding, including without limitation: (a) Mudguard's financial records and other information produced in response to post-judgment discovery, including testimony at any deposition; (b) the unredacted schedules to the Contribution and Asset Purchase Agreement filed in redacted form at Doc. No. 64-2, including any executed version of those schedules; and (c) material which may be produced to facilitate resolution of the dispute between the parties. Material designated under this Order is "Protected Material."

**2. Designations.** A producing party may designate material as "CONFIDENTIAL" if it in good faith believes the material contains non-public financial, commercial, or personal information. A producing party may designate material as "CONFIDENTIAL – ATTORNEYS' EYES ONLY" if it in good faith believes that disclosure to the receiving party itself, as opposed to its outside counsel, would create a substantial risk of harm to the producing party or a third

party. Documents are designated by marking each page. Deposition testimony is designated on the record or by written notice within 21 days after the transcript is received; until then, the entire transcript is treated as Attorneys' Eyes Only. An inadvertent failure to designate may be corrected by written notice, and the receiving party will then treat the material as designated.

**3. Use.** Protected Material may be used only for enforcement of the registered judgment and for settlement negotiations between the parties. It may not be used for any other purpose. Nothing in this order expands or limits the extent to which information produced for settlement purposes is subject to Federal Rule of Evidence 408.

**4. Access to CONFIDENTIAL material.** CONFIDENTIAL material may be disclosed only to: (a) counsel of record and their staff; (b) officers, members, and employees of a party who need the material to assist in this proceeding; (c) independent experts and consultants retained for this proceeding; (d) the Court, its personnel, court reporters, and any mediator; and (e) any author or prior recipient of the material.

**5. Access to ATTORNEYS' EYES ONLY material.** CONFIDENTIAL – ATTORNEYS' EYES ONLY material may be disclosed only to the persons listed in paragraph 4(a), (c), (d), and (e). It may not be disclosed to any party or to any officer, member, owner, or employee of a party, unless the producing party consents in writing.

**6. Acknowledgment.** Before receiving Protected Material, each person described in paragraph 4(b) or 4(c) must sign the Acknowledgment attached as Exhibit A. Counsel disclosing the material will keep the signed Acknowledgments.

**7. Filing.** This Order does not authorize filing any document under seal. A party that wishes to file Protected Material must comply with Local Rule 5.03. If the filing party is not the

designating party, the designating party bears the burden of showing that the material should be sealed.

**8. Challenges.** A party may challenge a designation at any time by written notice. The parties will confer in good faith within seven days. If they cannot resolve the dispute, the challenging party may seek relief from the Court under the Local Rules and the Court's discovery-dispute procedures. The designating party bears the burden of showing that the designation is proper. The material remains protected as designated until the Court rules.

**9. Privileged material.** Under Federal Rule of Evidence 502(d), producing privileged or work-product material in this proceeding does not waive the privilege or protection in this or any other proceeding. On written notice, the receiving party will promptly return or destroy the material and any copies.

**10. No waiver of objections.** Producing material under this Order does not waive any party's objections to discovery, to the admissibility of any material, or to any other matter. Mudguard's production does not waive its objections to the enforceability of the registered judgment or to Tramec's entitlement to enforce it.

**11. Duration.** This Order survives the end of this proceeding. Within 60 days after the proceeding ends, each receiving party will return or destroy all Protected Material, except that counsel may keep one archival copy of filings, transcripts, correspondence, and work product.

**12. Modification.** Any party may move to modify this Order for good cause. The parties may also modify it by written agreement approved by the Court.

It is so ORDERED.

LUKE A. EVANS
United States Magistrate Judge

**EXHIBIT A**
**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I have read the Stipulated Protective Order entered in Tramec Sloan, LLC v. Mudguard Technologies, LLC, No. 3:25-mc-00005 (M.D. Tenn.). I agree to be bound by it. I will use Protected Material only as the Order permits and will not disclose it to anyone not authorized to receive it. I submit to the jurisdiction of the United States District Court for the Middle District of Tennessee to enforce the Order.

Signature: _______________________________

Printed name: ____________________________

Employer and title: ________________________

Date: ___________________________________